**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WINN-DIXIE STORES, INC., | : | |
| And BI-LO HOLDINGS, LLC, | : | Case No. 15-6480 |
| | : | |
| Plaintiffs, | : | |
| | : | **ANSWER AND AFFIRMATIVE** |
| v. | : | **DEFENSES OF M. CUTONE** |
| | : | **MUSHROOM CO., INC. (incorrectly** |
| EASTERN MUSHROOM MARKETING | : | **identified as Mario Cutone Mushroom** |
| COOPERATIVE, INC., et al. | : | **Co., Inc.) TO PLAINTIFFS' AMENDED** |
| | : | **COMPLAINT** |
| Defendants | : | |
| | : | |

## I.    NATURE OF THE ACTION

1.     M. Cutone Mushroom Company, Inc. (incorrectly identified as Mario Cutone Mushroom Co., Inc. (hereinafter "Answering Defendant") admits that Plaintiffs Winne Dixie Stores, Inc. and Bi-Lo Holdings LLC brought the instant action.  After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding whether Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holdings LLC are direct purchasers of mushrooms.  All remaining averments in this paragraph are denied.

2.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding the amount annually spent by consumers on mushrooms.  All remaining averments in this paragraph are denied.

3.     Denied.

4.     Denied.

5.     Denied.

6.     Denied.

7.      Denied.

8.      Denied.

a.      Denied.

b.      Denied.

c.      Denied.

d.      Denied.

e.      Denied.

f.      Denied.

9.      It is admitted only that the EMMC held a meeting on January 9, 2001.  All remaining averments in this paragraph are denied.

10.      Denied.

11.      It is admitted only that the EMMC acquired four mushroom farms in 2001.  In and around May 2001 the EMMC acquired two parcels of real property:  one located in Dublin, Georgia and one located in Hillsboro, Texas.  These parcels were purchased at a bankruptcy auction, which was open to public bidding and available for purchase by any non-member grower or purchaser.  It is also admitted that the EMMC later exchanged the parcel located in Dublin, Georgia for two other parcels of real property in Evansville, Pennsylvania formerly owned by the same bankrupt entity, and then owned by a company not in the mushroom farming business, neither of which had been in the employed in the production of mushrooms since January 2001.  All remaining averments of this paragraph are denied.

12.      It is admitted only that the EMMC entered into certain lease options in and around February and August 2002.  All remaining averments of this paragraph are denied.

13.      Denied.

14.     Denied.

## II.     JURISDICTION AND VENUE

15.     It is admitted only that this court has subject matter jurisdiction over plaintiffs' claims.  All remaining averments in this paragraph are denied.

16.     It is admitted only that the Answering Defendant's activities involve the production, processing, and/or sale of fresh market mushrooms in interstate commerce.  All remaining averments of this paragraph are denied.

17.     It is admitted only that venue is proper in this judicial district.  All remaining averments of this paragraph are denied.

## III.     THE PARTIES

18.     Answering Defendant is without sufficient information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

19.     Answering Defendant is without sufficient information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

20.     It is admitted only that defendant Eastern Mushroom Marketing Cooperative ("EMMC") began operations in January 2001, is incorporated in the Commonwealth of Pennsylvania and is headquartered in Kennett Square, Pennsylvania.  All remaining averments of this paragraph are denied.

21.     It is admitted only that in 2001, the EMMC had approximately 19 members.  All remaining averments of this paragraph are denied.

22.     Denied.  No response is required to the averments contained in this paragraph. Plaintiffs initiated the within action by filing a Complaint against, *inter alia*, Robert A. Feranto, Jr. t/a Bella Mushroom Farms.  Bella Mushroom Farms is a fictitious entity; it cannot be sued

directly.  Robert A. Feranto, Jr. died before Plaintiffs initiated this matter against him.  Thus, Defendant, Robert A. Feranto, Jr. t/a Bella Mushroom Farms, was never served with a summons.  Defendant, Robert A. Feranto, Jr. t/a Bella Mushroom Farms is an improper party to this action given that Robert A. Feranto, Jr. died before suit was initiated and since to date, upon information and belief, Plaintiffs have not raised an Estate in his name.  To the extent further response is required, all averments contained in this paragraph are denied.

 23. It is admitted only that Brownstone Mushroom Farms ("Brownstone") has a principal office located in Avondale, Pennsylvania, that it was an EMMC member, that it executed a Membership Agreement, and that its representative attended EMMC meetings.  All remaining averments of this paragraph are denied

 24. It is admitted only that Cardile Mushrooms, Inc. ("Cardile Mushroom") has a principal office located in Landenberg, Pennsylvania, that it was an EMMC member, that it executed a Membership Agreement, and that its representative attended EMMC meetings.  All remaining averments of this paragraph are denied

 25. It is admitted only that County Fresh Mushroom Co., a corporation organized and existing under the laws of the Commonwealth of Pennsylvania as an agricultural cooperative composed exclusively of mushroom growers, has a principal office in Avondale, Pennsylvania, that it was an EMMC member, that it executed a Membership Agreement, and that its representative attended EMMC meetings.  All remaining averments of this paragraph are denied.

 26. It is admitted only that Forest Mushrooms, Inc. is a mushroom grower located in Saint Joseph, Minnesota and that it was an EMMC member.  All remaining averments of this paragraph are denied.

27.     It is admitted only that Franklin Farms, Inc. ("Franklin Farms") was a mushroom grower with its principal office located in North Franklin, Connecticut, that it was an EMMC member, that it signed a Membership Agreement, and that its representative attended EMMC meetings.  Franklin Farms ceased operations in 2006 and is no longer in business.  All remaining averments of this paragraph are denied.

28.     It is admitted only that Gino Gaspari & Sons, Inc. has a principal office located in Temple, Pennsylvania, that it was an EMMC member, that it signed a Membership Agreement, and that its representative attended EMMC meetings.  All remaining averments of this paragraph are denied.

29.     It is admitted only that Gino Bros., Inc. has a principal office located in Temple, Pennsylvania.  All remaining averments of this paragraph are denied.

30.     It is admitted only that Giorgi Mushroom Company has a principal office located in Temple, Pennsylvania, that it was an EMMC member, that it signed a Membership Agreement, and that its representative attended EMMC meetings.  All remaining averments of this paragraph are denied.

31.     It is admitted only that Kaolin Mushroom Farms, Inc. ("Kaolin") joined the EMMC on or about January 9, 2001, that it signed a Membership Agreement, and that its representative attended EMMC meetings.  All remaining averments of this paragraph are denied.

32.     It is admitted only that Kaolin is organized and existing under the laws of the Commonwealth of Pennsylvania and has a principal office located in Kennett Square, Pennsylvania.  All remaining averments of this paragraph are denied.

33.     Denied. Answering Defendant is without sufficient information or knowledge to admit or deny the averments in this paragraph.

34.     It is admitted only that Leone Pizzini & Son, Inc. ("Pizzini") has a principal office in Landenberg, Pennsylvania, that it was an EMMC member, that it executed a Membership Agreement and that its representative attended EMMC meetings.  All remaining averments of this paragraph are denied.

35.     It is admitted that LRP-M Mushrooms, LLC ("LRP-M") has a principal office in Landenberg, Pennsylvania, that it was an EMMC member, that it executed a Membership Agreement and that its representative attended EMMC meetings.  It is further admitted that Manfredini Enterprises, Inc. purchases mushrooms from LRP-M and LRP-m Mushrooms, Inc. All remaining averments of this paragraph are denied.

36.      It is admitted only that Modern Mushroom Farms, Inc. ("Modern") has a principal office located in Toughkenamon, Pennsylvania, that it was a was an EMMC member, that it executed a Membership Agreement and that its representative attended EMMC meetings. All remaining averments are denied.

37.     Upon information and belief, this action may not currently be pursued against Oakshire Mushroom Farm, Inc. ("Oakshire"), since all claims brought against this defendant have been stayed pursuant to 11 U.S.C.A. § 362.  Oakshire filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code ("the Petition") on December 28, 2018. The Petition commenced a bankruptcy case that is currently pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania docketed as Chapter 11, Case No. 18-18446-jkf.  Accordingly, any and all claims Plaintiffs brought against Oakshire are stayed pursuant to 11 U.S.C.A. §362.  If and to the extent further response is deemed required, it is admitted only that Oakshire has a principal office in Kennett Square, Pennsylvania, that it was an

EMMC member, that it executed a Membership Agreement and that its representative attended EMMC meetings.  All remaining averments are denied.

38.     It is admitted only that Phillips Mushroom Farms, Inc. ("Phillips") has a principal office in Kennett Square, Pennsylvania, that it was an EMMC member, that it executed a Membership Agreement and that its representative attended EMMC meetings.  All remaining averments are denied.

39.     It is admitted only that Harvest Fresh Farms, Inc. ("Harvest Fresh") has a principal office located in Shoemakersville, Pennsylvania, that it was an EMMC member, that it executed a Membership Agreement and that its representative attended EMMC meetings.  All remaining averments are denied.

40.     It is admitted only that Louis M. Marson, Inc. ("Marson") has a principal office in Kennett Square, Pennsylvania, that it was an EMMC member, that it executed a Membership Agreement and that its representative attended EMMC meetings.  All remaining averments of this paragraph are denied.

41.     Answering Defendant admits only that M. Cutone Mushroom Co., Inc. (incorrectly identified as Mario Cutone Mushroom Co., Inc.) was, initially, a member of the EMMC.  It resigned from the EMMC first by letter dated March 4, 2002, and its resignation was accepted to be effective on September 1, 2002. All remaining averments of this paragraph are denied.

42.     Answering Defendant admits only that M.D. Basciani & Sons, Inc. ("M.D. Basciani") was a member of the EMMC.  All remaining averments of this paragraph are denied.

43.     It is admitted that Monterey Mushrooms, Inc. ("Monterey") has a principal office located in Watsonville, California.  It is also admitted that it is a grower, processor and shipper of

mushrooms with a full line of domestic and specialty mushrooms which it sells to supermarkets, foodservice, and ingredient manufacturing operations.  Monterey is the largest grower of mushrooms in the United States and has farms located in the states averred.  It is further admitted that Monterey was an EMMC member, that it executed a Membership Agreement and that its representative EMMC meetings.  All remaining averments are denied.

44.     Answering Defendant admits only that Masha & Toto, Inc. ("Masha & Toto), trading as M&T Mushrooms, has a principal office located in Avondale, Pennsylvania, that it was an EMMC member during the first few months of 2001, that it executed a Membership Agreement, and that its representative attended EMMC meetings.  Answering Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph except that Answering Defendant denies that Masha & Toto participated in any improper conduct.

45.     Answering Defendant admits that W&P Mushroom, Inc. ("W&P") has a principal office located in Oxford, Pennsylvania; that it was an EMMC member, that it executed a Membership Agreement and that its representative attended EMMC meetings.  Answering Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph except that Answering Defendant denies that W&P participated in any improper conduct.

46.     Answering Defendant admits only the Mushroom Alliance, Inc. is an agricultural cooperative; that it was an EMMC member; that it executed a Membership Agreement; and that a representative of the Mushroom Alliance, Inc. attended EMMC meetings.  All remaining averments of this paragraph are denied.

47.     It is admitted only that some members of the Mushroom Alliance, Inc. later joined the EMMC.  All remaining averments of this paragraph are denied.

48.     Answering Defendant admits only that Creekside Mushrooms, Ltd ("Creekside") was a member of the Mushroom Alliance.  All remaining averments of this paragraph are denied.

49.     It is admitted only that some members of the Mushroom Alliance, Inc. later joined the EMMC.  All remaining averments of this paragraph are denied.

50.     Answering Defendant admits, upon information and belief, that Creekside never "quit" the Mushroom Alliance.  Answering Defendant also admits that the Mushroom Alliance joined the EMMC on or about January 2001 and effectively resigned from the EMMC in September 2002.  All remaining averments of this paragraph are denied.

51.     Answering Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph, therefore, all averments are denied.

52.     Answering Defendant admits that J-M Farms, Inc. ("J-M") has a principal office located in Miami, Oklahoma; that it was an EMMC member, that it executed a Membership Agreement and that its representative attended EMMC meetings.  Answering Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph except that Answering Defendant denies that J-M participated in any improper conduct.

53.     It is admitted only that some members of the Mushroom Alliance, Inc. later joined the EMMC.  All remaining averments of this paragraph are denied.

54.     It is admitted only that United Mushroom Farms Cooperative, Inc. is a Pennsylvania agricultural cooperative having an office in Avondale, Pennsylvania; and that

United Mushroom Farms Cooperative, Inc. joined the EMMC.  All remaining averments of this paragraph are denied.

55.    It is admitted only that To-Jo Mushrooms, Inc. ("To-Jo") is commonly owned by the owners of Brownstone, that it packs and ships mushrooms and that it was not a member of the EMMC.  All remaining averments of this paragraph are denied.

56.    It is admitted that Cardile Brothers Mushroom Packaging, Inc. ("Cardile Bros.") does not grow mushrooms and was not an EMMC member.  It is further admitted that Cardile Bros. and Cardile Mushroom, Inc. are owned as alleged in this paragraph.  All remaining averments of this paragraph are denied.

57.    It is admitted only that Giorgio Foods, Inc. is located in Temple, Pennsylvania and does not grow mushrooms and was not a member of the EMMC during the alleged conspiracy period.  All remaining averments of this paragraph are denied.

58.    It is admitted only that LRP Mushrooms, Inc. is located in Landenberg, Pennsylvania and was a mushroom grower.  All remaining averments of this paragraph are denied.

59.    It is admitted only that South Mill Mushroom Sales, Inc. ("South Mill") is located in Kennett Square, Pennsylvania, is related through common ownership to Kaolin and is engaged in the marketing and distribution of mushrooms and was not a member of the EMMC during the alleged conspiracy period.  All remaining averments of this paragraph are denied.

60.     It is admitted that Kaolin Mushroom and South Mill are owned as alleged in this paragraph.  It is also admitted that mushrooms were not grown at the distribution centers located Dallas, Houston, New Orleans and Atlanta.  All remaining averments of this paragraph are denied.

61.     It is admitted only that Sher-Rockee Mushroom Farm is located in Lincoln University, Pennsylvania, is related to Modern by common ownership and was not a member of the EMMC during the alleged conspiracy period.  All remaining averments of this paragraph are denied.

62.     It is admitted only that C&C Carriage Mushroom Co. is located in Toughkenamon, Pennsylvania, was not a member of the EMMC during the alleged conspiracy period and is wholly owned by Modern.  All remaining averments of this paragraph are denied.

63.     Denied. Answering Defendant is without sufficient information or knowledge to from a belief as to the truth of the averments in this paragraph.

64.     It is admitted only that Kitchen Pride Mushrooms, Inc. was a member of the Mushroom Alliance.  All remaining averments of this paragraph are denied.

65.     It is admitted only that some members of the Mushroom Alliance, Inc. later joined the EMMC.  All remaining averments of this paragraph are denied.

66.     Denied.

## IV.     TRADE AND COMMERCE

67.     It is admitted only that the vast majority of mushrooms sold in the United States are agaricus mushrooms.  It is further admitted that agaricus mushrooms are sold to fresh market retailers such as grocery store chains and food distributors but denied that sales of agaricus mushrooms to canneries are at the same prices or pursuant to the same market conditions as fresh agaricus mushrooms.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

68.     The averments of this paragraph are conclusions of law to which no answer is required.  To the extent that said averments are factual in nature, Answering Defendant is

11

without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

## V.     DEFENDANTS' ALLEGED ANTICOMPETITIVE CONDUCT

69.     It is admitted only that several entities involved in the growing of mushrooms joined the EMMC in January 2001.  The remaining averments of this paragraph are denied.

70.     Denied.

a.     It is admitted only that several entities involved in the growing of mushrooms joined the EMMC in January 2001.  All remaining averments of this paragraph are denied.

b.     Denied.

c.     Denied.

d.     Denied.

e.     Denied.

71.     It is admitted only that Plaintiffs' named the entities identified in this paragraph as defendants in the instant lawsuit.  All remaining averments of this paragraph are denied.

a.     Denied.

b.     Denied.

c.     Denied.

72.     Admitted.

73.     It is admitted only that the EMMC began operations in and around January 2001. Answering Defendant is without knowledge or information sufficient to from a belief as to the truth of the remaining averments contained in this paragraph.

74.     Denied. After reasonable investigation, Answering Defendant is without sufficient information or knowledge to admit or deny the averments in this paragraph of the Amended Complaint.

75.     Admitted.

76.     Denied.

77.     Denied. After reasonable investigation, Answering Defendant is without sufficient information or knowledge to admit or deny the averments in this paragraph of the Amended Complaint.

78.     Admitted.

79.     Denied.

80.     Denied.

81.     Denied.  To the extent the allegations in Paragraph 81 purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

82.     Denied.  To the extent the allegations in Paragraph 82 purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

83.     Denied.  To the extent the allegations in Paragraph 83 purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

84.     Denied.

85.     It is admitted only that EMMC members had voting rights per the membership agreement.  All remaining averments of this paragraph are denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     The averments of this paragraph are conclusions of law to which no answer is required.  To the extent that said averments are factual in nature, they are denied.  Answering Defendant relied upon counsel for the EMMC to assist with the formation of the EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the Capper-Volstead Act.

91.     It is admitted only that the EMMC membership included certain growers that were vertically integrated.  All remaining averments of this paragraph are denied.

92.     It is admitted only that Michael Finio, Esquire authored a letter dated January 23, 2001 while he was acting as counsel to the EMMC which contains attorney-client communications.  The remaining averments of this paragraph are denied.  To the extent the allegations in Paragraph 92 purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

93.     Denied.

94.     Denied as stated.  M&V Enterprises and M. Cutone Mushroom Co., Inc. are both family owned businesses with the same owners and the same officers. The Cutones relied in good faith upon counsel for the EMMC to identify the proper Cutone entity to join the EMMC. Had they understood that only growing entities could join the EMMC, then M&V Enterprises, and not M. Cutone Mushroom Co., Inc. Avondale Division, would have joined. As a practical and legal matter, that the wrong entity was the titular member made no difference.

95.     Denied.

96.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments of this paragraph are denied.

97.     Denied.  The allegations contained in this paragraph purport to quote certain language contained in "meeting minutes."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

98.     Denied.  The allegations contained in this paragraph purport to quote certain language contained in "membership agreement."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

99.     It is admitted only that the EMMC issued a price list relating to various types, grades, sizes and packaging modes of mushrooms in January 2001.  The remaining averments of this paragraph are denied.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

100.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in "current policies."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

101.    Denied.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

102.    Denied.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

103.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in "current policies."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

104.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in "current policies."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

105.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in "current policies."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

106.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in "current policies."  The document lacks authenticity and otherwise

constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

107.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in "current policies."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

108.    Denied.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

109.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in an email.  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

110.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in an email.  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

111.    Denied.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

112.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

113.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

114.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

115.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

116.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

117.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

118.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

119.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

120.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

121.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

122.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

123.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

124.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

125.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

126.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

127.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

128.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

129.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

130.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

131.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

132.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

133.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

134.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

135.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

136.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

137.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

138.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

139.     It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.  The allegations contained in this paragraph purport to quote certain language contained in "meeting minutes."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

140.     Denied.  The allegations contained in this paragraph purport to quote certain language contained in "meeting minutes."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

141.    It is admitted only that the EMMC held a meeting on April 9, 2002.  All remaining averments are denied.  The allegations contained in this paragraph purport to quote certain language contained in "current policies."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

142.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in "current policies."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

143.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

144.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

145.    Denied.

146.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

147.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

148.    Denied.

149.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

150.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

151.    Denied.

152.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

153.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

154.    Denied.

155.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

156.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

157.    Denied.

158.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

159.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

160.    Denied.

161.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

162.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

163.    Denied.

164.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

165.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

166.    Denied.

167.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

168.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

169.    Denied.

170.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

171.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

172.    Denied.

173.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

174.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

175.    Denied.

176.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

177.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

178.    Denied.

179.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

180.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

181.    Denied.

182.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

183.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

184.    Denied.

185.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

186.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

187.    Denied.

188.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

189.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

190.    Denied.

191.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

192.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

193.    Denied.

194.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

195.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

196.    Denied.

197.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

198.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

199.    Denied.

200.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

201.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

202.    Denied.

203.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

204.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

205.    Denied.

206.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

207.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

208.    Denied.

209.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

210.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

211.    Denied.

212.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

213.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

214.    Denied.

215.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

216.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

217.    Denied.

218.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

219.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

220.   Denied.

221.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

222.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

223.   Denied.

224.   Denied.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

225.   Denied.

226.   It is admitted only that the EMMC held a meeting on March 12, 2002.  All remaining averments of this paragraph are denied.  Further, the allegations contained in this paragraph purport to quote from a document, certain "meeting minutes," that lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

227.   Denied.

228.   It is admitted only that the EMMC purchased certain parcels of real estate which were not engaged in the growing of mushrooms and/or never likely or able to become engaged or

re-engaged in the production of mushrooms.  The remaining averments of this paragraph are denied.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

229.    Denied.

a.      Denied.

b.      It is admitted only that in 2001 and/or 2002, the EMMC sold certain real estate which were not engaged in the growing of mushrooms and/or never likely or able to become engaged or re-engaged in the production of mushrooms with deed restrictions, each of which was subsequently removed by the EMMC.  All remaining averments of this paragraph are denied.

c.      It is admitted only that, in 2002, the EMMC purchased certain lease options on certain real estate which were not engaged in the growing of mushrooms and/or never likely or able to become engaged or re-engaged in the production of mushrooms.  All remaining averments of this paragraph are denied.

d.      It is admitted only that, in 2002, the EMMC filed deed restrictions on certain real estate which were not engaged in the growing of mushrooms and/or never likely or able to become engaged or re-engaged in the production of mushrooms.  The deed restrictions were subsequently removed.  All remaining averments of this paragraph are denied.

230.    Denied.  The allegations contained in this paragraph rely on and/or purport to quote from an email that lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

231.    Denied.  The allegations contained in this paragraph rely on and/or purport to quote from an email that lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

232.    It is admitted only that the EMMC held a meeting on June 5, 2001 and that, as of that date, Gary Schroeder was the EMMC's Treasurer.  All remaining averments of this paragraph are denied.

233.    Denied.

234.    It is admitted only that the EMMC held a meeting on April 13, 2001.  All remaining averments are of this paragraph are denied.

235.    It is admitted only that, as of May 23, 2001, John Pia was the EMMC's President.  All remaining averments of this paragraph are denied.  The allegations contained in this paragraph rely on and/or purport to quote from an email that lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

236.    It is admitted only that, as of May 23, 2001, John Pia was the EMMC's President.  All remaining averments of this paragraph are denied.  The allegations contained in this paragraph rely on and/or purport to quote from an email that lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

237.    It is admitted only that in or around May 2001 the EMMC acquired a parcel of real property in Dublin, Georgia at a bankruptcy auction, which was open to public bidding and available for purchase by any non-member farmer or other entity, which had not been employed in the production of mushrooms since June 1999.  All remaining averments of this paragraph are denied.

238.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

239.    Denied.  The allegations contained in this paragraph rely on and/or purport to quote from an email that lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

240.    It is admitted only that the EMMC subsequently exchanged the Dublin farm for two other parcels of real property in Evansville, Pennsylvania, neither of which had been employed in the production of mushrooms since at least January 2001.  These two properties were purchased at the same bankruptcy auction by a non-farmer.   All remaining averments of this paragraph are denied.

241.    It is admitted only that the two parcels of real property in Evansville, Pennsylvania acquired by the EMMC in 2001 were sold by the EMMC with deed restrictions, which were subsequently removed by the EMMC.  All remaining averments of this paragraph are denied.

242.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

243.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

244.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

245.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

246.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

247.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

248.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

249.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

250.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

251.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

252.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

253.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

254.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

255.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

256.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

257.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

258.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

259.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

260.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

261.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

262.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

263.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

264.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

265.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

266.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

267.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

268.    It is admitted only that the EMMC purchased a parcel of real property in Berks County, Pennsylvania on a portion of which mushrooms had been grown prior to June 2001.  It is further admitted that the EMMC sold this property with a deed restriction, which was subsequently removed by the EMMC.  All remaining averments of this paragraph are denied.

269.    It is admitted only that the EMMC entered into various agreements with one of its members regarding the Ohio Valley Mushrooms Farm and that said agreement included a non-compete provision, certain rights of first refusal and that the EMMC placed a deed restriction on the property, which was subsequently removed by the EMMC.  All remaining averments

contained in this paragraph are denied.  Further, the averments of this paragraph rely on and/or purport to quote from an email which lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

270.    It is admitted only that in or about March 2002 the EMMC acquired real property in Berks County, Pennsylvania, which property had been for sale since October 2001, and that this property was sold with a deed restriction which was subsequently removed by the EMMC. All remaining averments of this paragraph are denied.

271.    It is admitted only that in or about August of 2002 the EMMC purchased an option to lease a parcel of property in Berks County, Pennsylvania, which had not been employed in the production of mushrooms for the processed market since January 2001, that a deed restriction was filed of record regarding the property, which was subsequently removed by the EMMC, and that the EMMC never leased this property.  All remaining averments of this paragraph are denied.

272.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

273.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

274.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

275.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

276.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

277.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

278.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

279.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

280.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

281.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

282.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

283.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

284.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

285.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

286.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

287.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

288.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

289.    Denied.

290.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

291.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

292.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

293.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

294.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

295.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

296.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

297.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

298.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to admit or deny the averments in this paragraph of the Amended Complaint.

299.    Denied.

300.    It is admitted only that the EMMC acquired a parcel of real property in Hillsboro, Texas, which property was closed and not producing mushrooms since November 2000, and was subject to a deed restriction for only a few months.  All remaining averments of this paragraph are denied.  Further, the averments of this paragraph rely on and/or purport to quote from a document that lacks authenticity and otherwise constitute inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

301.    It is admitted only that Stuart Thomas and other plaintiffs filed a lawsuit against South Mill Mushroom Sales, Mike Pia and John Pia and other employees of Defendant Kaolin. All remaining averments of this paragraph are denied.

302.    Denied.  The averments of this paragraph purport to quote from an email that lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations

in this paragraph purport to quote/cite to and characterize certain documents, Answering

Defendant denies that Plaintiffs have accurately and completely characterized it.

303.    Denied.  The averments of this paragraph rely on and purport to quote from

certain "meeting notes" that lack authenticity and otherwise constitutes inadmissible hearsay.  To

the extent the allegations in this paragraph purport to quote/cite to and characterize certain

documents, Answering Defendant denies that Plaintiffs have accurately and completely

characterized it.

304.    The paragraph states conclusions of law to which no answer is required.  To the

extent any of the averments of this paragraph are factual in nature, they are denied.  Answering

Defendant retained counsel to assist with the formation of the EMMC to ensure that it would be

entitled to all of the antitrust protections afforded under the Capper-Volstead Act.

305.    Denied.

306.    It is admitted only that during 2001 and 2002 the EMMC acquired four parcels of

real property located in Pennsylvania (a small portion of which had been formerly used to grow

mushrooms and/or were never likely or able to become engaged or re-engaged in the production

of mushrooms) as well as two lease options on two additional parcels of real property also

located in Pennsylvania.  All remaining averments of this paragraph are denied.

307.    The averments contained in this paragraph constitute conclusions of law to which

no answer is required.  To the extent any of the averments of this paragraph are factual in nature,

they are denied.  Further, Answering Defendant retained counsel to assist with the formation of

the EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the

Capper-Volstead Act.

308.    Denied.

309.    It is admitted only that growers sometimes buy, sell or transfer mushrooms to each other.  All remaining averments of this paragraph are denied.

310.    The paragraph states conclusions of law to which no response is required.  To the extent any of the averments are factual in nature, they are denied.

311.    It is admitted only that the EMMC held a meeting in January 2002.  All remaining averments of this paragraph are denied.  Further, the averments contained of this paragraph rely on and/or purport to quote from document(s) that lack authenticity and otherwise constitute inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

312.    Denied. Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph of the Amended Complaint.

313.    Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph of the Amended Complaint.

314.    Denied. After reasonable investigation, Answering Defendant is without sufficient information or knowledge to form a belief as to the truth of the averment contained in this paragraph of the Amended Complaint.

315.    It is admitted only that the United States Department of Justice filed a complaint against the EMMC on or about December 16, 2004 styled *United States of America v. Eastern Mushroom Marketing Cooperative, Inc.*, Civil Case No. 2:04-CV-S 829.  All remaining averments of this paragraph are denied.

316.    It is admitted only that the United States and the EMMC filed a proposed Final Judgment that was subsequently entered on September 9, 2005.  It is specifically denied that the EMMC "shut down" any properties at any time pertinent hereto.  All remaining averments of this paragraph are denied.

317.    Denied.  The averments contained in this paragraph purport to quote from a document with lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

318.    Denied.  The averments contained in this paragraph purport to quote from a document which lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

a.    Denied.  The averments contained in this paragraph purport to quote from a document which lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

b.    Denied.  The averments contained in this paragraph purport to quote from a document which lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

c.    Denied.  The averments contained in this paragraph purport to quote from a document which lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent

the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

      d.     Denied.  The averments contained in this paragraph purport to quote from a document which lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

      e.     Denied.  The averments contained in this paragraph purport to quote from a document which lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

      f.     Denied.  The averments contained in this paragraph purport to quote from a document which lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

      g.     Denied.  The averments contained in this paragraph purport to quote from a document which lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

      a.     Denied.  The averments contained in this paragraph purport to quote from a document which lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

b.      It is admitted only that the EMMC sold four properties with deed restrictions, which were subsequently removed by the EMMC.  All remaining averments of this paragraph are denied.  The averments contained in this paragraph purport to quote from a document which lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendant denies that Plaintiffs have accurately and completely characterized it.

c.      It is admitted that the EMMC entered into various agreements including a noncompete provision, certain rights of first refusal, and that the EMMC placed a deed restriction on the property, which was subsequently removed by the EMMC.  It is also admitted that the EMMC purchased an option to lease a parcel of real property, which had not been employed in producing mushrooms for the processed market since January 2001, that a deed restriction was filed of record regarding this property, which was subsequently removed by the EMMC, and that the EMMC never leased this property.  All remaining averments of this paragraph are denied.

d.      It is admitted that the EMMC entered into various agreements including a noncompete provision, certain rights of first refusal, and that the EMMC placed a deed restriction on the property, which was subsequently removed by the EMMC.  It is also admitted that the EMMC purchased an option to lease a parcel of real property, which had not been employed in producing mushrooms for the processed market since January 2001, that a deed restriction was filed of record regarding this property, which was subsequently removed by the EMMC, and that the EMMC never leased this property.  All remaining averments of this paragraph are denied.

h.      Admitted.

44

319.    It is admitted only that none of the documents filed by the DOJ in support of the

Final Judgement identify any of the members of the EMMC.  This paragraph also states

conclusions of law to which no response is required.  To the extent any of the averments of this

paragraph are factual in nature, said averments are denied.

VI.     **ALLEGED FRAUDULENT CONCEALMENT AND TOLLING**

320.    Denied.

321.    Denied.

a.      Denied.

b.      Denied.

c.      Denied.

d.      Denied.

e.      Denied.

322.    This paragraph states conclusions of law to which no answer is required.  To the

extent that any of the averments of this paragraph are factual in nature, said averments are

denied.

323.    This paragraph states conclusions of law to which no answer is required.  To the

extent that any of the averments of this paragraph are factual in nature, said averments are

denied.

324.    This paragraph states conclusions of law to which no answer is required.  To the

extent that any of the averments of this paragraph are factual in nature, said averments are

denied.

325.   This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

326.   This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

327.   This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

328.   This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

## VII.   ALLEGED CAUSES OF ACTION

## COUNT I

## Alleged Violation of Sherman Act § I – Anticompetitive Conspiracy

329.   Answering Defendant incorporate by reference herein all of the foregoing responses as though fully set forth at length.

330.   Denied.

331.   This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

332.   Denied.

a.      Denied.

b.    Denied.

c.    Denied.

d.    Denied.

e.    Denied.

f.    Denied.

333.    This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

334.    This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.  Further, Answering Defendant retained counsel to assist with the formation of the EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the Capper-Volstead Act.

335.    This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.  Further, Answering Defendant retained counsel to assist with the formation of the EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the Capper-Volstead Act.

336.    This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.  Further, Answering Defendant retained counsel to assist with the formation of the EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the Capper-Volstead Act.

337.     Denied.

338.     Denied.

## COUNT II

### Alleged Violation of Sherman Act § 2 – Conspiracy to Monopolize, Monopolization, or Attempted Monopolization

339.     Answering Defendant incorporate by reference herein all of the foregoing responses as though fully set forth at length.

340.     Denied.

341.     This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

a.     This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

b.     This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

c.     This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

d.     This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

e.       This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

f.       This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

g.       This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

342.     This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

343.     Denied.

344.     This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.  Further, Answering Defendant retained counsel to assist with the formation of the EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the Capper-Volstead Act.

345.     Denied.

## COUNT III

### Alleged violation of Clayton Act § 7 – Unlawful Acquisition

346.     Answering Defendant incorporate by reference herein all of the foregoing responses as though fully set forth at length.

347.    This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

348.    This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

349.    This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

350.    Denied.

## REQUEST FOR RELIEF

**WHEREFORE**, Answering Defendant respectfully request that Plaintiffs' First Amended Complaint be dismissed with prejudice and for an award of costs of suit, including attorneys' fees and expert witness fees and for such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

351.    Plaintiffs' First Amended Complaint, in whole or in part, fails to state claims upon which relief may be granted.

352.    Some or all of Plaintiffs' claims for money damages and/or equitable relief are barred by the statute of limitations and there are no grounds for tolling the applicable statute of limitations.

353.    Plaintiffs' claims are barred in whole or in part by Section 6 of the Clayton Act, 15 U.S.C. §17.

354.    Plaintiffs' claims are barred in whole or in part by the Capper Volstead Act, 7 U.S.C. §291.

355.    Plaintiffs are barred from any recovery because defendants actions were privileged, did not unreasonably restrain trade, and were based on independent and legitimate business justifications.

356.    "Naked" price fixing by an agricultural cooperative is allowed by Section 6 of the Clayton Act, 15 U.S.C. §17, and the Capper Volstead Act, 7 U.S.C. §291.

357.    All members of the EMMC were farms within the meaning of the Capper Volstead Act, 7 U.S.C. §291 and the Clayton Act, 15 U.S.C. §17.

358.    Integrated grower/processors are protected from antitrust liability by Section 6 of the Clayton Act, 15 U.S.C. §17, and the Capper Volstead Act. 7. U.S.C. §291.

359.    Some or all of Plaintiffs' claims are barred because Plaintiffs have not suffered antitrust injuries.

360.    Plaintiffs' claims are barred in whole or in part for lack of antitrust standing.

361.    Plaintiffs' conspiracy claims are precluded by the Capper Volstead Act and the *Copperweld* Doctrine.

362.    There was no conspiracy between EMMC members and nonmember distributors.

363.    There was no unity of purpose between EMMC and the property sellers or purchasers.

364.    Plaintiffs have not pleaded and cannot prove the requisite product market.

365.    Plaintiffs have not pleaded and cannot prove the requisite geographic market.

366.    There was no specific intent to monopolize.

367.    There was no dangerous probability of achieving monopoly power.

368.    Plaintiffs cannot recover under Section 7 of the Clayton Act, 15 U.S.C. §18, any against defendant(s) who did not acquire the assets.

369.    Plaintiffs' claims for damages are barred because the EMMC's acquisition of real properties had no impact on the prices that Plaintiffs paid.

370.    There was no causal connection between the alleged conduct and any increased prices.

371.    Plaintiffs have failed to adequately allege fraudulent concealment.

372.    The actions complained of such as buying properties at a widely publicized auction, open to the public, and filing deed restrictions of public record were not and could not conceivably be acts of concealment.

373.    Plaintiffs' alleged claims are barred in whole or in part because the members of the EMMC cannot conspire with each other or with their commonly owned companies as a matter of law.

374.    Plaintiffs' alleged claims are barred in whole or in part because Pennsylvania Corporation Law, including 15 Pa.C.S.A. §5552 and 15 Pa.C.S.A. §7102, affords members of a Pennsylvania non-profit cooperative corporation like the EMMC protection against personal liability.

375.    The First Amended Complaint fails to state any basis for injunctive relief.

376.    Plaintiffs' claims are barred in whole or in part because the impact and damages alleged are too speculative and remote.

377.    Plaintiffs' claims are barred in whole or in part because they have failed to mitigate any damages allegedly suffered as a result of the alleged conduct.

378.    To the extent that Plaintiffs paid any increased price for mushrooms, said increased price was caused by third parties and/or events and not by Answering Defendant' conduct.

379.    Answering Defendant' conduct was not the cause of any increase in the price of mushrooms.

380.    Plaintiffs' purchasing decisions were not impacted in any way by any impact on the price of mushrooms resulting from the conduct as alleged in the Amended Complaint.

381.    Plaintiffs' supply-control claim is subject to the rule of reason.

382.    Plaintiffs' price-fixing claim is subject to the rule of reason.

383.    Plaintiffs lack standing to prosecute these claims.

384.    Answering Defendant' conduct was privileged.

385.    Plaintiff Winn-Dixie Stores, Inc. was not a direct purchaser of mushrooms at any time pertinent hereto.

386.    Plaintiff Bi-Lo Holdings, LLC was not a direct purchaser of mushrooms at any time pertinent hereto.

387.    Damages awarded to Plaintiffs, if any, are limited to any such damages arising from Plaintiffs' direct purchases of mushrooms made, if any, between February 2001 and August 2005.

388.    Plaintiffs' claims against Answering Defendant are barred, in whole or in part, by the applicable statute of limitations and/or repose, and there are no grounds for the tolling of any applicable statute of limitations.

389.    Plaintiffs' claims against Answering Defendant are barred by the doctrine of laches.

390.    Answering Defendant reasonably relied upon the advice of counsel, supplied complete information requested and believed in good faith, in reliance upon advice of counsel, that the EMMC was properly established to comply with the Copper-Volstead Act, 7 U.S.C. § 291.

391.    Answering Defendant never sold a single mushroom to Plaintiffs.

392.    By the time Plaintiffs purchased any mushrooms from any defendant named in the Amended Complaint, Answering Defendant had withdrawn from the EMMC.

393.    Answering Defendant voted against the land acquisitions referenced throughout Plaintiffs' Amended Complaint and withdrew from the EMMC, in part, because of the land acquisition program.

394.    Plaintiffs' claims are barred, in whole or in part, because the alleged conduct was lawful, justified, pro-competitive, and did not unreasonably restrain trade.

395.    Plaintiffs supply of mushrooms was not in any way impacted by the acts complained of in the Amended Complaint.

396.    Answering Defendant sold to an entirely different market and its sales had no impact on the price of mushrooms purchased by Plaintiffs.

397.    Plaintiffs' claims are barred because Answering Defendants and other members of the EMMC could not, as a matter of law, conspire with one another.

398.    Plaintiffs' claims are barred in who or in part because the Pennsylvania Corporation Law affords members of a Pennsylvania non-profit cooperative like the EMMC protection against personal liability.

399.    The Amended Complaint fails to set forth any cognizable claim for injunctive relief.

400.    Answering Defendant adopts by reference any defense not otherwise expressly set forth herein that is pleaded by any other defendant in this action.

401.    Answering Defendant reserve the right to assert any additional defenses revealed through discovery or other investigation.

**WHEREFORE**, Answering Defendant respectfully request that Plaintiffs' First Amended Complaint be dismissed with prejudice, an aware of costs of suit, including attorneys' fees and expert witness fees, and for such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 38, ANSWERING DEFENDANT HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

LITCHFIELD CAVO LLP

_____
Joel I. Fishbein, Esquire
Attorney for Defendant
M. Cutone Mushroom Co., Inc. (incorrectly
identified as Mario Cutone Mushroom Co., Inc.)


Date:  July 12, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served counsel for all parties to the above-captioned matter by the electronic filing the foregoing pursuant to the ecf. system of the United States District Court of the Eastern District of Pennsylvania, to which said counsel are subscribers.

LITCHFIELD CAVO LLP

_____

Joel I. Fishbein, Esquire
Attorney for Defendant
M. Cutone Mushroom Co., Inc. (incorrectly
identified as Mario Cutone Mushroom Co., Inc.)

Dated:  July 12, 2019