## IN THE UNITED STATE DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WINN-DIXIE STORES, INC., et al.** | : |
| | :  **CIVIL ACTION** |
| | : |
| **v.** | : |
| | : |
| **EASTERN MUSHROOM MARKETING** | :  **No. 15-6480** |
| **COOPERATIVE, et al.** | : |
| | : |
| | : |

### ANSWER TO THE FIRST AMENDED COMPLAINT

Defendant Franklin Organic Mushrooms, Inc., (f/k/a Franklin Farms, Inc.) ("**Franklin**" or "**Answering Defendant**"), by and through its undersigned counsel, Dilworth Paxson LLP, hereby submits the following Answer to the First Amended Complaint (the "**Complaint**") of Plaintiffs Winn-Dixie Stores and Bi-Lo Holdings LLC, ("**Plaintiffs**") and avers as follows:

### I.  NATURE OF THE ACTION

1.      Franklin is without knowledge or information sufficient to form a belief as to whether Plaintiffs were direct purchasers of mushrooms during the alleged "conspiracy period." Franklin denies that it sold any product to the Plaintiffs, and denies that Plaintiffs paid artificially-inflated prices for mushrooms as a result of any conduct of Franklin.

2.      Franklin is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.      Denied as stated. By way of further response, the allegations in paragraph 3 are legal conclusions to which no response is required. To the extent that facts are alleged, Answering Defendant denies those allegations.  Additionally, Franklin withdrew from EMMC in

June of 2003, and has not sold agaricus mushrooms since 2006, nor conducted business since then under the name "Franklin Farms."

4.      Denied.  See response to paragraphs 1 and 3.

5.      Franklin denies the allegations of paragraph 5 as constituting legal conclusions. To the extent they constitute facts, they are denied.

6.      Franklin denies the allegations of paragraph 6 as constituting legal conclusions. To the extent they constitute facts as to Franklin, they are denied. See response to paragraph 3.

7.      Franklin denies the allegations of paragraph 7 as constituting legal conclusions. To the extent they constitute facts as to Franklin, they are denied.

8.      Franklin denies the allegations of paragraph 8 as constituting legal conclusions. To the extent they constitute facts alleged as to Franklin, they are denied.

9.      Franklin denies the allegations of paragraph 9 as constituting legal conclusions. To the extent they constitute facts alleged as to Franklin, they are denied.  See response to paragraph 3.

10.      Franklin denies the allegations of paragraph 10 as constituting legal conclusions. To the extent they constitute facts alleged as to Franklin, they are denied.  See response to paragraph 3.

11.      Franklin did not serve in a leadership role while it was involved in EMMC and did not serve in a decision-making function with respect to the "Supply Control" campaign. It is admitted only that the EMMC acquired four mushroom farms. Franklin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph

12.      Franklin is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12. It is admitted only that the EMMC entered into certain

lease options in and around 2002.    Franklin did not serve in a leadership role while it was involved in the EMMC and did not serve in a decision-making function with respect to the "Supply Control" campaign.

13.    Denied.

14.    The allegations of paragraph 14 are legal conclusions to which no response is required.  To the extent they constitute facts alleged as to Franklin, they are denied.

## II.  JURISDICTION AND VENUE

15.    Franklin admits that, to the extent that Plaintiffs did directly purchase agaricus mushrooms from a member of EMMC, this court has subject matter jurisdiction over Plaintiffs' claims.

16.    Franklin admits that, prior to 2006, it was involved in interstate commerce concerning fresh agaricus mushrooms, solely in the northeastern United States.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 as to other Defendants.

17.    The allegation concerning venue is a legal conclusion, to which no response is required.  Plaintiffs failed to properly serve process on Franklin pursuant to Rule 4 of the Federal Rules of Civil Procedure and therefore the court cannot exercise personal jurisdiction over Franklin.

## III. THE PARTIES

18.    Winn-Dixie Stores, Inc. never purchased any products from Franklin Farms. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and they are therefore denied.

120975242_7

19. Bi-Lo Holdings never purchased any products from Franklin Farms. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and they are therefore denied.

20. Admitted in part, denied in part. Admitted to the extent that Eastern Mushroom Marketing Cooperative (EMMC) was formed as a mushroom cooperative in 2001 and is incorporated in Kennett Square, Pennsylvania.   As noted in the response to paragraph 3, Franklin withdrew from EMMC in June of 2003 and has not sold agaricus mushrooms since 2006.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and they are therefore denied.

21. To the extent that Franklin has knowledge concerning the facts alleged in paragraph 21, they are denied.  See response to paragraph 3.

22-26, 28-66.   Franklin is without sufficient information to form a belief as to the allegations about other defendants and alleged co-conspirators, as set forth in paragraphs 22 through 26 and 28-66.

27. Admitted in part, denied in part.  At one time, Franklin was a significant producer of mushrooms, including fresh agaricus mushrooms.  Franklin ceased production of agaricus mushrooms in June 2006 as a result of significant operating losses and sold its customer list and brand name, changing its name to Franklin Organic Mushrooms.   Franklin decided to shift to producing organic mushrooms. In April 2010, Franklin Organic Mushrooms ceased all production.  Franklin was a party to the EMMC Membership Agreement, and participated in a handful of EMMC meetings, but was only a member of the EMMC from January 2001 to June 30, 2003. Franklin joined the EMMC to better market and advertise mushrooms. Franklin did not observe EMMC minimum pricing.  All remaining allegations of this paragraph are denied.

120975242_7

## IV.  TRADE AND COMMERCE

67.     Franklin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and they are therefore denied.

68.     Denied. By way of further response, the allegations in paragraph 68 constitute a legal conclusion to which no response is required.

## V.  DEFENDANT'S ALLEGED ANTICOMPETITIVE CONDUCT

69.     Denied as stated.  Franklin became a member of EMMC in 2001 but withdrew from EMMC in June of 2003, and has not produced agaricus mushrooms since 2006.   Franklin is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69

70.     Denied as stated.  Franklin became a member of EMMC in 2001 but withdrew from EMMC in June of 2003, and has not produced agaricus mushrooms since 2006.   Franklin is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, and they are therefore denied. By way of further response, the allegations in paragraph 71 are directed to parties other than Franklin and are therefore denied.

72.     Admitted.

73.     Franklin admits that the EMMC began operations in January of 2001. Franklin withdrew from EMMC in June of 2003 and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph 73 and it is therefore denied.

74.     Franklin admits that Messrs. Pia and Kazemi were involved in founding EMMC.

120975242_7

75.     Admitted.

76.     Admitted to the extent that Franklin was approached by Shah Kazemi during the relevant time. Franklin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 as they apply to other EMMC members and they are therefore denied.

77.     Denied. Kazemi told Franklin that EMMC would be a good vehicle for marketing and advertising. Franklin joined EMMC for this purpose. Franklin is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.     The 2001 EMMC Membership Agreement, being a writing, speaks for itself and Franklin explicitly denies any characterization thereof.

79.     Denied. While Franklin admits to entering some agreements while a member of EMMC, Franklin denies that it implemented any price fixing agreement.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 with respect to other members of EMMC and they are therefore denied.

80.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 with respect to other members of EMMC and they are therefore denied. By way of further response, the allegations in paragraph 80 are directed to parties other than Franklin and are therefore denied.

81.     The 2001 EMMC Membership Agreement, being a writing, speaks for itself and Franklin denies any characterization thereof.

82.     The 2001 EMMC Membership Agreement, being a writing, speaks for itself and Franklin denies any characterization thereof.

83.     The 2001 EMMC Membership Agreement, being a writing, speaks for itself and Franklin denies any characterization thereof.

84.     Admitted in part, denied in part. Admitted to the extent that Franklin paid dues based on pounds of mushrooms. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 with regard to other EMMC members and they are therefore denied.

85.     Admitted in part, denied in part. Franklin admits to having voting rights and that it had knowledge of EMMC's pricing policies and had knowledge of EMMC's supply control program.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 with regard to other EMMC members and they are therefore denied.

86.     Denied that EMMC acted on behalf of Franklin.

87.     Admitted that EMMC issued newsletters from time to time.

88.     Admitted that EMMC had an Executive Committee that was authorized to act on behalf of EMMC, not Franklin.

89.     Franklin never had an escrow account. Franklin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 concerning other EMMC members and they are therefore denied

90.     Paragraph 90 states a legal conclusion to which no response is required. Answering Defendant believed EMMC did have the protections of Capper-Volstead Act, as advised by EMMC's counsel. Answering Defendant would not have joined EMMC for the short period that it did without the anticipated protections of the Capper-Volstead Act.

120975242_7

91.     Franklin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and they are therefore denied. By way of further response, Answering Defendant was not aware of any non-growers or corporate structure distinctions among EMMC members.

92.     Franklin did not receive the referenced communication and is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and they are therefore denied. By way of further response, Franklin was not aware of any corporate structure distinctions among EMMC Members.

93.     Franklin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and they are therefore denied. By way of further response, Answering Defendant was not aware of any non-grower members or corporate structure distinctions among EMMC members.

94.     Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 and they are therefore denied. By way of further response, the allegations in paragraph 94 are directed to parties other than Franklin and are therefore denied.

**ALLEGED NAKED PRICE FIXING AGREEMENT ON 2001 MINIMUM PRICES AND OTHER ALLEGED ACTIONS**

95.     Denied.

96.     Franklin admits that EMMC held a general membership meeting in January 2001.  The minutes of the meeting are in writing and speak for themselves and Franklin denies any characterization thereof.

97.    Franklin admits that EMMC held a general membership meeting in January 2001. The minutes of the meeting are in writing and speak for themselves and Franklin denies any characterization thereof.

98.    The 2001 EMMC Membership Agreement, being a writing, speaks for itself and Franklin denies any characterization thereof.

99.    The EMMC Current Policies revised on February 13, 2001, being a writing, speaks for itself and Franklin  denies any characterization thereof.

100.    The EMMC Current Policies revised on February 13, 2001, being a writing, speaks for itself and Franklin denies any characterization thereof.

101.    The 2001 EMMC Membership Agreement, being a writing, speaks for itself and Franklin denies any characterization thereof.

102.    The 2001 EMMC Membership Agreement, being a writing, speaks for itself and Franklin denies any characterization thereof.

103.    The EMMC Current Policies revised on February 13, 2001, being a writing, speaks for itself and Franklin denies any characterization thereof.

104.    The EMMC Current Policies revised on February 13, 2001, being a writing, speaks for itself and Franklin denies any characterization thereof.

105.    The EMMC Current Policies revised on February 13, 2001, being a writing, speaks for itself and Franklin denies any characterization thereof.

106.    The EMMC Current Policies revised on February 13, 2001, being a writing, speaks for itself and Franklin denies any characterization thereof.

107.    The EMMC Current Policies revised on February 13, 2001, being a writing, speaks for itself and Franklin denies any characterization thereof.

108.    John Pia's deposition transcript is in writing and speaks for itself and Franklin denies any characterization thereof.

109.    Franklin does not have a copy of this email communication, which is in writing and speaks for itself, and any characterization thereof is denied.

110.    Franklin does not have a copy of this email communication, which is in writing and speaks for itself, and any characterization thereof is denied.

111.    The deposition transcripts cited in paragraph 111 are in writing and speak for themselves, and any characterization thereof is denied.

112-116.    The allegations of paragraphs 112-116 are directed to parties other than Franklin and are therefore denied.

117.    Denied as stated.  Franklin was a party to the EMMC membership agreement until it withdrew in June of 2003. Franklin does not believe the agreement was widely adhered to. Admitted to the extent that Franklin attended some monthly meetings, but did so infrequently. All other allegations in this paragraph are denied.

118-138.    The allegations of paragraphs 118-138 are directed to parties other than Franklin and are therefore denied.

## ALLEGED AGREEMENT ON 2002 MINIMUM PRICES
## AND OTHER ALLEGED ACTIONS

139.    The EMMC Meeting Minutes dated March 12, 2002, being a writing, speaks for itself and Franklin explicitly denies any characterization thereof, including, but not limited to, any representation of such agreement by Plaintiff. By way of further response, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 with regard to other EMMC members and they are therefore denied.

120975242_7

140.    The EMMC Meeting Minutes dated March 12, 2002, being a writing, speaks for itself and Franklin denies any characterization thereof.  By way of further response, Franklin was not aware of any auditing during its membership in the EMMC.

141.    The EMMC Meeting Minutes dated April 9, 2002, being a writing, speaks for itself and Franklin denies any characterization thereof.  The EMMC Current Policies revised on April 24, 2002, being a writing, speaks for itself and Franklin denies any characterization thereof.

142.    The EMMC Current Policies revised on April 24, 2002, being a writing, speaks for itself and Franklin denies any characterization thereof.  In fact, EMMC members did deviate from EMMC minimums and met competition from other EMMC members.

143-157. The allegations of paragraphs 143-157 are directed to parties other than Franklin and are therefore denied.

158.    Franklin admits that it attended several, but not all, meetings of EMMC and denies that it agreed to and voted in favor of all the matters alleged in paragraph 158.  Franklin further denies that it adhered to the EMMC minimum prices and pricing policy.

159.    Franklin admits that it attended several, but not all, meetings of EMMC and denies that it agreed to and voted in favor of all the matters alleged in paragraph 159.  Former employee Doug Stewart attended the April Monthly meeting on behalf of Franklin, and Franklin does not have access to knowledge as to the events of that meeting. Franklin further denies that it adhered to the EMMC minimum prices and pricing policy.

160.    Franklin admits that it attended several, but not all, meetings of EMMC and denies that it agreed to and voted in favor of all the matters alleged in paragraph 160.

120975242_7

161-223.      The allegations of paragraphs 161-223 are directed to parties other than Franklin and are therefore denied.

224.      Denied as stated. Neither Franklin, nor other EMMC members consistently followed EMMC pricing rules, at a minimum with respect to chain store customers on annual contracts. The Meeting Minutes referenced (dated January 9, 2001; March 12, 2002; April 9, 2002), and deposition transcripts, being  writings, speak for themselves and Franklin denies any characterization thereof.   Franklin representatives did not attend all meetings. At one point Franklin was threatened with a fine for poor attendance at meetings.

225.      Denied.  Franklin is not aware of any actual enforcement activity by EMMC.

226.      Denied as stated. The EMMC Meeting Minutes dated March 12, 2002, being a writing, speaks for itself and Franklin explicitly denies any characterization thereof, including, but not limited to, any representation of such agreement by Plaintiff. By way of further response, Franklin was not aware of any actual enforcement activity by EMMC. Franklin was never audited and is not aware of any audit actually being carried out.

227.      Denied as stated. Franklin never paid into an escrow account to cover liquidated damages in the event that it was not found to comply with the pricing policies.

228.      Admitted in part, denied in part. Admitted to the extent that EMMC purchased certain parcels of real estate. Franklin opposed the decision to buy farms in poor condition.  The deposition transcripts and documents cited are in writing and speak for themselves.  All other allegations, particularly any applicable to activity after June 2003, are denied.

229.      Admitted in part, denied in part.  Franklin admits that it paid an assessment into the supply control fund. It is admitted that the EMMC sold real estate in 2001-2002, purchased

certain lease options, and filed certain deed restrictions. Franklin without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph.

230.    The email dated April 21, 2001, being a  writing, speaks for itself and Franklin denies any characterization thereof.

231.    Answering Defendant is without knowledge or information sufficient  to form a belief as to allegations in paragraph 231 as to what Plaintiffs believe, or what Pia intended.

232.    It is admitted only that EMMC held a meeting on June 5, 2001 and that, as of that date, Gary Schroeder was EMMC's Treasurer.  Franklin paid EMMC dues (but not an escrow) in addition to the supply control assessment Franklin is without knowledge or information to form a belief as to the remaining allegations of paragraph 232.

233.    Franklin is without knowledge or information sufficient  to form a belief as to the truth of the allegations in paragraph 233.

234.    A former representative of Franklin, Doug Stewart, attended the April 11, 2001 Meeting. Answering Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234.

235.    Denied as stated. The email dated May 23, 2001, being a writing, speaks for itself and Franklin denies any characterization thereof.  By way of further response, it is admitted only that, as of May 23, 2001, John Pia was EMMC's President.

236.    Denied as stated. The email dated May 23, 2001, being a writing, speaks for itself and Franklin denies any characterization thereof.

237.    It is admitted only that in or around May 2001, EMMC acquired a parcel of real property in Dublin, Georgia. Franklin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 237.

238.     Franklin is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 238.

239.     The email dated June 9, 2001, being a writing, speaks for itself and Franklin denies any characterization thereof.

240.     It is admitted only that EMMC exchanged the Dublin farm for two other parcels of real property in Evansville, Pennsylvania. Franklin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 239.

241.     It is admitted only that the two parcels of real property in Evansville, Pennsylvania acquired by EMMC in 2001 were sold by EMMC with deed restrictions, which were subsequently removed by EMMC.  Franklin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 240.

242-246.   It is admitted only that EMMC held a meeting on June 5, 2001.  The allegations of paragraphs 242-246 are directed to parties other than Franklin and are therefore denied.

247.     Admitted in part, denied in part. Franklin denies that it was in favor of the supply control program, although it did pay a Supply Control Assessment. Franklin believed the acquisition and sale of the land was a bad idea, given the poor condition of the facilities. All other allegations in this paragraph are denied.

248-267.     It is admitted only that EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied. The allegations of paragraphs 248-267 are directed to parties other than Franklin and are therefore denied.

268.     Denied. Franklin was generally aware of the purchase of mushroom farms. It is admitted only that EMMC purchased a parcel of real property in Berks County, Pennsylvania

120975242_7

and sold this property with a deed restriction, which was removed by EMMC.  Franklin made its disapproval of the real estate transactions known. All other allegations are denied.

269.    Denied as stated.  The email (dated February 8, 2002), being a writing, being a writing, speaks for itself and Franklin denies any characterization thereof.  It is admitted only that EMMC entered into various agreements regarding the Ohio Valley Mushroom Farms. All other allegations in paragraph 269 are denied.

270.    Denied.  It is admitted only that in or about March 2002 EMMC acquired real property in Berks County, Pennsylvania. Franklin was aware of the purchase of mushroom farms. Franklin made its disapproval of the real estate transactions known. All other allegations are denied.

271.    Denied. It is admitted only that in or about August of 2002 EMMC purchased an option to lease a parcel of property in Berks County, Pennsylvania. Franklin was aware of the purchase of mushroom farms.  Franklin made its disapproval of the real estate transactions known. All other allegations are denied.

272-276.    The allegations of paragraphs 272-276 are directed to parties other than Franklin and are therefore denied.

277.    Denied. It is admitted only that EMMC held a meeting on June 5, 2001.  Franklin was generally aware of the purchase of mushroom farms. Franklin made its disapproval of the real estate transactions known. All other allegations are denied.

278-298.    The allegations of paragraphs 278-2986 are directed to parties other than Franklin and are therefore denied.

299.    Franklin is without knowledge or information sufficient  to form a belief as to the truth of the allegations in paragraph 299 and they are therefore denied.

300.    It is admitted that EMMC acquired a parcel of real property in Hillsboro, Texas. Franklin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 300 and they are therefore denied.

301.    Franklin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 301 and they are therefore denied.

302.    The email, being a writing, speaks for itself and Franklin explicitly denies any characterization thereof.

303.    The EMMC Operational Meeting Notes (dated October 22, 2001), being a writing, speaks for itself and Franklin denies any characterization thereof.

304.    Denied.  Franklin did not share the purpose alleged in paragraph 304, nor did it think that any such effort would affect the price of agaricus mushrooms.  By way of further response, the allegations in paragraph 304 include legal conclusions to which no response is required.  Franklin is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purpose of other members of EMMC.

305.    Franklin admits that building a new mushroom growing and production facility is an expensive proposition, and would have been a poor investment in 2000-2003.  Franklin denies that the EMMC supply control program impaired competition or the entry or expansion of competitors.

306.    It is admitted only that during 2001 and 2002 EMMC acquired parcels of real property located in Pennsylvania as well as lease options on additional parcels of real property also located in Pennsylvania.  Franklin lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 306.

120975242_7

307.    The allegation in paragraph 307 is a legal conclusion to which no response is required. Further, EMMC Members retained counsel to assist with the formation of the EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the Capper-Volstead Act.

308.    Denied.

309.    Denied.   Franklin seldom bought or sold mushrooms from other EMMC members.  Franklin's business was focused in geographic areas where most EMMC members were not active.

310.    The allegations of paragraph 310 constitute legal conclusions to which no response is required.

311.    Denied.   Any of the averments are factual in nature, they are denied.   It is admitted only that EMMC held a meeting in January 2002.   All remaining averments of this paragraph are denied. Further, the Adler declaration is in writing and any characterization thereof is denied.

312.    Franklin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 312.

313.    Franklin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 313.

314.    Franklin is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 314.

315.    Franklin admits only that the United States filed the complaint referenced in paragraph 315.

316.    The Final Judgment is in writing and speaks for itself.

120975242_7

317.    The Competitive Impact statement is in writing and speaks for itself.

318.    The Competitive Impact statement is in writing and speaks for itself.

319.    The Government's complaint, the Final Judgment and Competitive Impact statement are in writing and speak for themselves.

## VI. ALLEGED FRAUDULENT CONCEALMENT AND TOLLING

320.    The allegations in paragraph 320 constitute legal conclusions to which no response is required.   To the extent a response is required, Franklin denies that it engaged in or authorized any actions to conceal any facts alleged in the Complaint.   By way of further response, Franklin withdrew from EMMC in June of 2003.

321.    The allegations in paragraph 321 constitute legal conclusions to which no response is required.   To the extent a response is required, Franklin denies that it engaged in or authorized any actions to conceal any facts alleged in the Complaint.   By way of further response, Franklin withdrew from EMMC in June of 2003.

322.    The allegations in paragraph 322 are legal conclusions to which no response is required. To the extent that facts are alleged, Answering Defendant denies those allegations.

323.    The allegations in paragraph 323 are legal conclusions to which no response is required.

324.    The allegations in paragraph 324 are legal conclusions to which no response is required.

325.    The Court's prior rulings are in writing and speak for themselves.   The allegations in paragraph 325 are legal conclusions to which no response is required.

326.    The Court's prior rulings and the pleadings are in writing and speak for themselves.   The allegations in paragraph 326 are legal conclusions to which no response is required.

327.    The allegations in paragraph 327 are legal conclusions to which no response is required.

328.    The allegations in paragraph 328 are legal conclusions to which no response is required, and the pleadings are in writing and speak for themselves.

## VII.  ALLEGED CAUSES OF ACTION

### COUNT 1

### Alleged Violation of Sherman Act § 1 – Anticompetitive Conspiracy

329.    The foregoing paragraphs of Franklin's Answer are incorporated by reference as if the same were set forth fully herein.

330.    Denied. The allegations in paragraph 330 are legal conclusions to which no response is required. By way of further response, Franklin withdrew from EMMC in June of 2003, and ceased growing agaricus mushrooms in 2006.  While Franklin admits to entering into some agreements while a member of EMMC, Franklin contends that price competition was common among EMMC members. Franklin did not believe the agreements to be successful. All other allegations in this paragraph are denied.

331.    Denied. By way of further response, the allegations in paragraph 331 are legal conclusions to which no response is required. By way of further response, Franklin withdrew from EMMC in June of 2003, and ceased growing agaricus mushrooms in 2006.  While Franklin admits to entering into some agreements while a member of EMMC, Franklin contends that price competition was common among EMMC members. Neither Franklin, nor other EMMC

members consistently followed EMMC pricing rules, at a minimum with respect to chain store customers on annual contracts. All other allegations in this paragraph are denied.

332.    Denied. By way of further response, the allegations in paragraph 332 are legal conclusions to which no response is required. By way of further response, Franklin withdrew from EMMC in June of 2003, and ceased growing agaricus mushrooms in 2006.  While Franklin admits to entering into some agreements while with a member of EMMC, Franklin contends that price competition was common among EMMC members. Franklin did not believe the agreements to be successful. All other allegations in this paragraph are denied.

333.    Denied. By way of further response, the allegations in paragraph 333 are legal conclusions to which no response is required.

334.    Denied. By way of further response, the allegations in paragraph 334 are legal conclusions to which no response is required. Further, EMMC members retained counsel to assist with the formation of EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the Capper-Volstead Act.

335.    Denied. By way of further response, the allegations in paragraph 335 are legal conclusions to which no response is required. Further, EMMC members retained counsel to assist with the formation of EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the Capper-Volstead Act.

336.    Denied. By way of further response, the allegations in paragraph 336 are legal conclusions to which no response is required. Further, EMMC members retained counsel to assist with the formation of EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the Capper-Volstead Act.

337.    Denied.

120975242_7

338.    Denied.

## COUNT II

## Alleged Violation of Sherman Act §2 – Conspiracy to Monopolize, Monopolization, or Attempted Monopolization

339-345.    This count has been dismissed as to all defendants other than EMMC. Accordingly, no response by Franklin to these paragraphs is required.

## COUNT III

## Alleged Violation of Clayton Act § 7 – Unlawful Acquisition

346.    The foregoing paragraphs of Franklin's Answer to the Complaint are incorporated by reference as if the same were set forth fully herein.

347-350.    Denied. By way of further response, the allegations in paragraph 347-350 are legal conclusions to which no response is required.    To the extent that facts are alleged, Franklin did not acquire any assets as alleged herein.  The alleged acquisition of assets did not cause Plaintiffs to pay higher prices for mushrooms.

## DEFENSES

1.    This court may not exercise personal jurisdiction over Franklin Farms, Inc.  for the reason that Franklin was not served with process in conformity with the provisions of the Federal Rules of Civil Procedure or the law. See F.R.Civ. P. 4(m); F.R.Civ. P. 12(b)(5). Plaintiffs filed a return of service wherein they purported to have effected service upon Franklin through CT Corporation in Harrisburg, PA.  However, Franklin's last registered address in Pennsylvania was CT Corporation in Philadelphia. Therefore, proper service on Franklin was never affected or obtained. Therefore, pursuant to Federal Rule of Civil Procedure 12(b)(5), Franklin raises the defense of improper service of process.

120975242_7

2.      Franklin asserts a defense of withdrawal from conspiracy. Franklin gave notice of withdrawal from EMMC in June of 2003.   After Franklin's withdrawal, the EMMC continued operations. But, Franklin ceased production of fresh agaricus mushrooms in 2006, when it sold its customer list and its brand name.

3.      Some or all of Plaintiffs' claims for money damages are barred by the applicable statute of limitations and there are no grounds for tolling the applicable statute of limitations.

4.      Plaintiffs' First Amended Complaint, in whole or in part, fails to state claims upon which relief may be granted.

5.      Plaintiffs' claims are barred in whole or in part by Section 6 of the Clayton Act, 15 U.S.C. §17.

6.      Plaintiffs' claims are barred in whole or in part by the Capper Volstead Act, 7 U.S.C. §291.

7.      Plaintiffs are barred from any recovery because defendants actions were privileged, did not unreasonably restrain trade, and were based on independent and legitimate business justifications.

8.      Some or all of Plaintiffs' claims are barred because Plaintiffs have not suffered antitrust injuries.

9.      Plaintiffs' claims are barred in whole or in part for lack of antitrust standing.

10.      There was no causal connection between the alleged conduct and any increased prices.

11.      Plaintiffs' alleged claims are barred in whole or in part because the members of EMMC cannot conspire with each other or with their commonly owned companies as a matter of law.

22

120975242_7

12.     Plaintiffs' alleged claims are barred in whole or in part because Pennsylvania Corporation Law, including 15 Pa.C.S.A. §5552 and 15 Pa.C.S.A. §7102, affords members of a Pennsylvania non-profit cooperative corporation like EMMC protection against personal liability.

13.     Plaintiff Winn-Dixie Stores, Inc. was not a direct purchaser of mushrooms at any time pertinent hereto.

14.     Plaintiff Bi-Lo Holdings, LLC was not a direct purchaser of mushrooms at any time pertinent hereto.

15.     Damages awarded to Plaintiffs, if any, are limited to any such damages arising from Plaintiffs' direct purchases of mushrooms made, if any, between February 2001 and July 2003.

16.     Franklin adopts by reference any defense not otherwise expressly set forth herein that is pleaded by any other defendant in this action.

17.     Franklin reserves the right to assert any additional defenses revealed through discovery or other investigation.

18.     Plaintiffs cannot recover under Section 7 of the Clayton Act, 15 U.S.C. §18, against any against defendant(s) who did not acquire the subject assets.

120975242_7

## **REQUEST FOR RELIEF**

Franklin Farms respectfully requests that plaintiffs' amended complaint be dismissed with prejudice and for an award of costs of suit, further relief as the Court deems just and proper.

Respectfully,

/s/ *James J. Rodgers*
James J. Rodgers
PA Identification No.21635
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Phone:  (215) 575-7000
Email:  jrodgers@dilworthlaw.com

*Counsel for Defendant, Franklin Organic*
*Mushrooms, Inc., (f/k/a Franklin Farms, Inc.)*

Dated:  July 12, 2019

120975242_7

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WINN-DIXIE STORES, INC., et al.** | : | |
| | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **EASTERN MUSHROOM MARKETING** | : | **No. 15-6480** |
| **COOPERATIVE, et al.** | : | |
| | : | |
| | : | |

**CERTIFICATE OF SERVICE**

I, James J. Rodgers, Esquire, hereby certify that on this 12th day of July, 2019, I caused

to be served, via ECF and electronic mail, a true and correct copy of ANSWER TO THE FIRST

AMENDED COMPLAINT, upon the counsel of record.

Dated: July 12, 2019

*/s/*James J. Rodgers
James J. Rodgers

120975242_7