# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WINN-DIXIE STORES, INC. and BI-LO HOLDINGS, LLC, | : | Case No. 15-cv-6480 |
| | : | |
| Plaintiffs, | : | Related Action: |
| | : | Master File No. 06-0620 |
| | : | |
| | : | **ANSWER AND AFFIRMATIVE** |
| v. | : | **DEFENSES OF CERTAIN** |
| | : | **DEFENDANTS[1] TO PLAINTIFFS'** |
| EASTERN MUSHROOM MARKETING | : | **FIRST AMENDED COMPLAINT** |
| COOPERATIVE, INC., et al. | : | |
| | : | |
| Defendants | : | |

## I.  NATURE OF THE ACTION

1.  Answering Defendants admit that Plaintiffs Winne Dixie Stores, Inc. and Bi-Lo Holdings LLC brought the instant action.  After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation regarding whether Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holdings LLC are direct purchasers of mushrooms.  All remaining averments in this paragraph are denied.

2.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation regarding the amount annually spent by consumers on mushrooms. All remaining averments in this paragraph are denied.

---

[1] This Answer And Affirmative Defenses to Plaintiffs' First Amended Complaint is filed on behalf of the following defendants:  Easter Mushroom Marketing Cooperative, Inc. ("EMMC"), Robert A. Feranto, Jr., t/a Bella Mushroom Farms; Brownstone Mushroom Farms, Inc.; To-Jo Fresh Mushrooms, Inc.; Country Fresh Mushroom Co.; Gino Gaspari & Sons, Inc.; Gaspari Bros. Inc.; Kaolin Mushroom Farms, Inc.; South Mill Mushroom Sales, Inc.; Modern Mushroom Farms, Inc.; Sher-rockee Mushroom Farm, LLC; C&C Carriage Mushroom Co.; Oakshire Mushroom Farm, Inc.; Phillips Mushroom Farms, Inc.; Louis M. Marson, Jr., Inc.; Monterey Mushrooms, Inc.; John Pia; Michael Pia; and Forest Mushrooms, Inc.

3. Denied.

4. Denied.

5. The averments of this paragraph are conclusions of law to which no response is required.  To the extent any of the averments of this paragraph are factual in nature, they are denied. Answering Defendants retained counsel to assist with the formation of the EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the Capper-Volstead Act.  Answering Defendants continue to assert that Capper-Volstead Act protections apply here.

6. Denied.

7. Denied.

8. Denied.

    a.  Denied.

    b.  Denied.

    c.  Denied.

    d.  Denied.

    e.  Denied.

    f.  Denied.

9. It is admitted only that the EMMC held a meeting on January 9, 2001.  All remaining averments in this paragraph are denied.

10. Denied.

11. It is admitted only that the EMMC acquired four properties in 2001.  In and around May 2001 the EMMC acquired two parcels of real property:  one located in Dublin, Georgia and one located in Hillsboro, Texas.  These parcels were purchased at a bankruptcy auction,

2

which was open to public bidding and available for purchase by any non-member grower or purchaser. It is also admitted that the EMMC later exchanged the parcel located in Dublin, Georgia for two other parcels of real property in Evansville, Pennsylvania formerly owned by the same bankrupt entity, and then owned by a company not in the mushroom farming business. Neither of the Evansville parcels had been in the employed in the production of mushrooms since January 2001. All remaining averments of this paragraph are denied.

12. It is admitted only that the EMMC entered into certain lease options on properties in and around February and August 2002. All remaining averments of this paragraph are denied.

13. Denied.

14. Denied.

## II.    JURISDICTION AND VENUE

15. It is admitted only that this court has subject matter jurisdiction over plaintiffs' claims. All remaining averments in this paragraph are denied.

16. It is admitted only that the Answering Defendants' activities involve the production, processing, and/or sale of fresh market mushrooms in interstate commerce. All remaining averments of this paragraph are denied.

17. It is admitted only that venue is proper in this judicial district. All remaining averments of this paragraph are denied.

## III.    THE PARTIES

18. Denied. Answering Defendants are without sufficient information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

19. Denied. Answering Defendants are without sufficient information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

SL1 1569161v1 107141.00001

20. It is admitted only that defendant Eastern Mushroom Marketing Cooperative ("EMMC") began operations in January 2001, is incorporated in the Commonwealth of Pennsylvania and is headquartered in Kennett Square, Pennsylvania. All remaining averments of this paragraph are denied.

21. It is admitted only that in 2001, the EMMC had approximately 19 members. All remaining averments of this paragraph are denied.

22. No response is required to the averments contained in this paragraph. Plaintiffs initiated the within action by filing a Complaint against, *inter alia*, Robert A. Feranto, Jr. t/a Bella Mushroom Farms. Bella Mushroom Farms is a fictitious entity; it cannot be sued directly. Robert A. Feranto, Jr. died before Plaintiffs initiated this matter against him. Thus, Defendant, Robert A. Feranto, Jr. t/a Bella Mushroom Farms, was never served with a summons. Defendant, Robert A. Feranto, Jr. t/a Bella Mushroom Farms is an improper party to this action given that Robert A. Feranto, Jr. died before suit was initiated and since to date, upon information and belief, Plaintiffs have not raised an Estate in his name. The affirmative defenses stated at ¶¶ 389-398, *infra* are incorporated by reference herein as though fully set forth at length. To the extent further response is required, all averments contained in this paragraph are denied.

23. It is admitted only that Brownstone Mushroom Farms ("Brownstone") has a principal office located in Avondale, Pennsylvania, that it was an EMMC member, that it executed a Membership Agreement, and that its representative attended some EMMC meetings. All remaining averments of this paragraph are denied

24. It is admitted only that Cardile Mushrooms, Inc. ("Cardile Mushroom") has a principal office located in Landenberg, Pennsylvania, that it was an EMMC member, that it executed a

4

Membership Agreement, and that its representative attended some EMMC meetings.  All remaining averments of this paragraph are denied

25. It is admitted only that County Fresh Mushroom Co., a corporation organized and existing under the laws of the Commonwealth of Pennsylvania as an agricultural cooperative composed exclusively of mushroom growers, has a principal office in Avondale, Pennsylvania, that it was an EMMC member, that it executed a Membership Agreement, and that its representative attended some EMMC meetings.  All remaining averments of this paragraph are denied.

26. It is admitted only that Forest Mushrooms, Inc. is a mushroom grower located in Saint Joseph, Minnesota and that it was an EMMC member.  All remaining averments of this paragraph are denied.

27. It is admitted only that Franklin Farms, Inc. ("Franklin Farms") was a mushroom grower with its principal office located in North Franklin, Connecticut, that it was an EMMC member, that it executed a Membership Agreement, and that its representative attended some EMMC meetings.  Franklin Farms ceased operations in 2006 and is no longer in business. All remaining averments of this paragraph are denied.

28. It is admitted only that Gino Gaspari & Sons, Inc. has a principal office located in Temple, Pennsylvania, that it was an EMMC member, that it executed a Membership Agreement, and that its representative attended some EMMC meetings.  All remaining averments of this paragraph are denied.

29. It is admitted only that Gaspari Bros., Inc. has a principal office located in Temple, Pennsylvania.  All remaining averments of this paragraph are denied.

30. It is admitted only that Giorgi Mushroom Company has a principal office located in Temple, Pennsylvania, that it was an EMMC member, that it executed a Membership Agreement, and that its representative attended some EMMC meetings. All remaining averments of this paragraph are denied.

31. It is admitted only that Kaolin Mushroom Farms, Inc. ("Kaolin") joined the EMMC on or about January 9, 2001, that it signed a Membership Agreement, and that it attended EMMC meetings. All remaining averments of this paragraph are denied.

32. It is admitted only that Kaolin is organized and existing under the laws of the Commonwealth of Pennsylvania and has a principal office located in Kennett Square, Pennsylvania. All remaining averments of this paragraph are denied.

33. Denied.

34. It is admitted only that Leone Pizzini & Son, Inc. ("Pizzini") has a principal office in Landenberg, Pennsylvania, that it was an EMMC member, that it executed a Membership Agreement and that its representative attended some EMMC meetings. All remaining averments of this paragraph are denied.

35. It is admitted that LRP-M Mushrooms, LLC ("LRP-M") has a principal office in Landenberg, Pennsylvania, that it was an EMMC member, that it executed a Membership Agreement and that its representative attended some EMMC meetings. It is further admitted that Manfedini Enterprises, Inc. purchases mushrooms from LRP-M and LRP-m Mushrooms, Inc. All remaining averments of this paragraph are denied.

36. It is admitted only that Modern Mushroom Farms, Inc. ("Modern") has a principal office located in Toughkenamon, Pennsylvania, that it was a was an EMMC member, that it

6

executed a Membership Agreement and that its representative attended some EMMC meetings.  All remaining averments are denied.

37. No response is required of Defendant, Oakshire Mushroom Farm, Inc. ("Oakshire"), since all claims brought against this defendant have been stayed pursuant to 11 U.S.C.A. § 362. Oakshire filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code ("the Petition") on December 28, 2018.  The Petition commenced a bankruptcy case that is currently pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania docketed as Chapter 11, Case No. 18-18446-jkf.  Accordingly, any and all claims Plaintiffs brought against Oakshire are stayed pursuant to 11 U.S.C.A. §362.  If and to the extent further response is deemed required, it is admitted only that Oakshire has a principal office in Kennett Square, Pennsylvania, that it was an EMMC member, that it executed a Membership Agreement and that its representative attended some EMMC meetings.  All remaining averments are denied.

38. It is admitted only that Phillips Mushroom Farms, Inc. ("Phillips") has a principal office in Kennett Square, Pennsylvania, that it was an EMMC member, that it executed a Membership Agreement and that its representative attended some EMMC meetings.  All remaining averments are denied.

39. It is admitted only that Harvest Fresh Farms, Inc. ("Harvest Fresh") has a principal office located in Shoemakersville, Pennsylvania, that it was an EMMC member, that it executed a Membership Agreement and that its representative attended some EMMC meetings.  All remaining averments are denied.

40. It is admitted only that Louis M. Marson, Inc. ("Marson") has a principal office in Kennett Square, Pennsylvania, that it was an EMMC member, that it executed a Membership

SL1 1569161v1 107141.00001

Agreement and that its representative attended some EMMC meetings.  All remaining averments of this paragraph are denied.

41. Denied.

42. Answering Defendants admit only that M.D. Basciani & Sons, Inc. ("M.D. Basciani") was a member of the EMMC.  All remaining averments of this paragraph are denied.

43. It is admitted that Monterey Mushrooms, Inc. ("Monterey") has a principal office located in Watsonville, California.  It is also admitted that it is a grower, processor and shipper of mushrooms with a full line of domestic and specialty mushrooms which it sells to supermarkets, foodservice, and ingredient manufacturing operations.  Monterey is the largest grower of mushrooms in the United States and has farms located in the states averred.  It is further admitted that Monterey was an EMMC member, that it executed a Membership Agreement and that its representative attended some EMMC meetings.  All remaining averments are denied.

44. Answering Defendants admit only that Masha & Toto, Inc. ("Masha & Toto), trading as M&T Mushrooms, has a principal office located in Avondale, Pennsylvania, that it was an EMMC member during the first few months of 2001, that it executed a Membership Agreement, and that its representative attended some EMMC meetings.  Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph except that Answering Defendants deny that Masha & Toto participated in any improper conduct.

45. Answering Defendants admit that W&P Mushroom, Inc. ("W&P") has a principal office located in Oxford, Pennsylvania; that it was an EMMC member, that it executed a Membership Agreement and that its representative attended some EMMC meetings.

8

Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph except that Answering Defendants deny that W&P participated in any improper conduct.

46. Answering Defendants admit only the Mushroom Alliance, Inc. is an agricultural cooperative, that it was an EMMC member, that it executed a Membership Agreement and that a representative of the Mushroom Alliance, Inc. attended EMMC some meetings.  All remaining averments of this paragraph are denied.

47. It is admitted only that some members of the Mushroom Alliance, Inc. later joined the EMMC.  All remaining averments of this paragraph are denied.

48. Answering Defendants admit only that Creekside Mushrooms, Ltd ("Creekside") was a member of the Mushroom Alliance.  All remaining averments of this paragraph are denied.

49. It is admitted only that some members of the Mushroom Alliance, Inc. later joined the EMMC.  All remaining averments of this paragraph are denied.

50. Answering Defendant admits, upon information and belief, that Creekside never "quit" the Mushroom Alliance.  Answering Defendants also admit that the Mushroom Alliance joined the EMMC on or about January 2001 and effectively resigned from the EMMC in September 2002.  All remaining averments of this paragraph are denied.

51. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph, therefore, all averments are denied.

52. Answering Defendants admit that J-M Farms, Inc. ("J-M") has a principal office located in Miami, Oklahoma, that it was an EMMC member, that it executed a Membership Agreement and that its representative attended some EMMC meetings.  Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining

9

averments of this paragraph except that Answering Defendants deny that J-M participated in any improper conduct.

53. It is admitted only that some members of the Mushroom Alliance, Inc. later joined the EMMC. All remaining averments of this paragraph are denied.

54. It is admitted only that United Mushroom Farms Cooperative, Inc. is a Pennsylvania agricultural cooperative having an office in Avondale, Pennsylvania, and that United Mushroom Farms Cooperative, Inc. joined the EMMC. All remaining averments of this paragraph are denied.

55. It is admitted only that To-Jo Mushrooms, Inc. ("To-Jo") is commonly owned by the owners of Brownstone, that it packs and ships mushrooms and that it was not a member of the EMMC. All remaining averments of this paragraph are denied.

56. It is admitted that Cardile Brothers Mushroom Packaging, Inc. ("Cardile Bros.") does not grow mushrooms and was not an EMMC member. It is further admitted that Cardile Bros. and Cardile Mushroom, Inc. are owned as alleged in this paragraph. All remaining averments of this paragraph are denied.

57. It is admitted only that Giorgio Foods, Inc. is located in Temple, Pennsylvania and does not grow mushrooms and was not a member of the EMMC during the alleged conspiracy period. All remaining averments of this paragraph are denied.

58. It is admitted only that LRP Mushrooms, Inc. is located in Landenberg, Pennsylvania and was a mushroom grower. All remaining averments of this paragraph are denied.

59. It is admitted only that South Mill Mushroom Sales, Inc. ("South Mill") is located in Kennett Square, Pennsylvania, is related through common ownership to Kaolin and is engaged in the

10

marketing and distribution of mushrooms and was not a member of the EMMC during the alleged conspiracy period. All remaining averments of this paragraph are denied.

60. It is admitted that mushrooms were not grown at the distribution centers located in Dallas, Houston, New Orleans and Atlanta. All remaining averments of this paragraph are denied.

61. It is admitted only that Sher-Rockee Mushroom Farm is located in Lincoln University, Pennsylvania, is related to Modern by common ownership and was not a member of the EMMC during the alleged conspiracy period. All remaining averments of this paragraph are denied.

62. It is admitted only that C&C Carriage Mushroom Co. is located in Toughkenamon, Pennsylvania. All remaining averments of this paragraph are denied.

63. It is admitted that John Pia was one of the founders of and a former president of the EMMC. It is further admitted that John Pia is the Chief Executive Officer of Kaolin. It is admitted that Kaolin was a member of the EMMC. All remaining averments of this paragraph are denied.

64. It is admitted only that Kitchen Pride Mushrooms, Inc. was a member of the Mushroom Alliance. All remaining averments of this paragraph are denied.

65. It is admitted only that some members of the Mushroom Alliance, Inc. later joined the EMMC. All remaining averments of this paragraph are denied.

66. Denied.

## IV.     TRADE AND COMMERCE

67. It is admitted only that the vast majority of mushrooms sold in the United States are agaricus mushrooms. It is further admitted that agaricus mushrooms are sold to fresh market retailers such as grocery store chains and food distributors but denied that sales of agaricus

11

mushrooms to canneries are at the same prices or pursuant to the same market conditions as fresh agaricus mushrooms. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

68. The averments of this paragraph are conclusions of law to which no answer is required. To the extent that said averments are factual in nature, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

## V.    DEFENDANTS' ALLEGED ANTICOMPETITIVE CONDUCT

69. It is admitted only that several entities involved in the growing of mushrooms joined the EMMC in January 2001. The remaining averments of this paragraph are denied.

70. Denied.

   a.   It is admitted only that several entities involved in the growing of mushrooms joined the EMMC in January 2001. All remaining averments of this paragraph are denied.

   b.   Denied.

   c.   Denied.

   d.   Denied.

   e.   Denied.

71. It is admitted only that Plaintiffs named the entities identified in this paragraph as defendants in the instant lawsuit. All remaining averments of this paragraph are denied.

   a.   Denied. To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

    b.   Denied.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

    c.   Denied.

72. Admitted.

73. It is admitted only that the EMMC began operations in and around January 2001.  Answering Defendants are without knowledge or information sufficient to from a belief as to the truth of the remaining averments contained in this paragraph.

74. Denied.

75. Admitted.

76. Denied.

77. It is admitted that a number of growers attended an organization meeting that was held on November 28, 2000 and later, growers joined the EMMC.  The remaining averments of this paragraph are denied.

78. Admitted.

79. Denied.

80. Denied.

81. Denied.  To the extent the allegations in Paragraph 81 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

82. Denied.  To the extent the allegations in Paragraph 82 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

SL1 1569161v1 107141.00001

83. Denied.  To the extent the allegations in Paragraph 83 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

84. Denied.

85. It is admitted only that EMMC members had voting rights per the membership agreement. All remaining averments of this paragraph are denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. The averments of this paragraph are conclusions of law to which no answer is required.  To the extent any of the averments of this paragraph are factual in nature, they are denied. Answering Defendants retained counsel to assist with the formation of the EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the Capper-Volstead Act.  Answering Defendants continue to assert that Capper-Volstead Act protections apply here.

91. It is admitted only that the EMMC membership included certain growers that were vertically integrated.  All remaining averments of this paragraph are denied.

92. It is admitted only that Michael Finio, Esquire authored a letter dated January 23, 2001 while he was acting as counsel to the EMMC which contains attorney-client communications.  The remaining averments of this paragraph are denied.  To the extent the allegations in Paragraph 92 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

SL1 1569161v1 107141.00001

93. Denied.  This issue has been the subject of motions and hearings and has yet to be resolved by the Court of Appeals.  Answering Defendants maintain their position that the EMMC membership included growers and did not include non-growers.

94. Denied.  This issue has been the subject of motions and hearings and has yet to be resolved by the Court of Appeals.  Answering Defendants maintain their position that the EMMC membership included growers and did not include non-growers.

95. Denied.

96. It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments of this paragraph are denied.

97. Denied.  The allegations contained in this paragraph purport to quote certain language contained in "meeting minutes."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

98. Denied.  The allegations contained in this paragraph purport to quote certain language contained in "membership agreement."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

99. It is admitted only that the EMMC issued a price list relating to various types, grades, sizes and packaging modes of mushrooms in January 2001.  The remaining averments of this paragraph are denied.  To the extent the allegations in this paragraph purport to quote/cite to

SL1 1569161v1 107141.00001

and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

100.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in "current policies."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

101.    Denied.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

102.    Denied.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

103.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in "current policies."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

104.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in "current policies."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

16

105.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in "current policies."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

106.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in "current policies."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

107.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in "current policies."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

108.    Denied.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

109.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in an email.  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

17

110.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in an email.  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

111.    Denied.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

112.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

113.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

114.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

115.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

116.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

117.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

118.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

119.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments in this paragraph are denied.

120.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments in this paragraph are denied.

121.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments in this paragraph are denied.

122.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments in this paragraph are denied.

123.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments in this paragraph are denied.

124.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments in this paragraph are denied.

125.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments in this paragraph are denied.

126.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments in this paragraph are denied.

127.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments in this paragraph are denied.

128.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments in this paragraph are denied.

129.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments in this paragraph are denied.

SL1 1569161v1 107141.00001

130.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

131.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

132.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

133.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

134.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

135.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

136.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

137.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

138.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

139.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.  The allegations contained in this paragraph purport to quote certain language contained in "meeting minutes."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents,

Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

140.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in "meeting minutes."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

141.    It is admitted only that the EMMC held a meeting on April 9, 2002.  All remaining averments are denied.  The allegations contained in this paragraph purport to quote certain language contained in "current policies."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

142.    Denied.  The allegations contained in this paragraph purport to quote certain language contained in "current policies."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

143.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

144.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

145.    Denied.

SL1 1569161v1 107141.00001

146.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments are denied.

147.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments are denied.

148.    Denied.

149.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments are denied.

150.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments are denied.

151.    Denied.

152.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments are denied.

153.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments are denied.

154.    Denied.

155.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments are denied.

156.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments are denied.

157.    Denied.

158.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All
        remaining averments are denied.

SL1 1569161v1 107141.00001

159.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

160.    Denied.

161.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

162.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

163.    Denied.

164.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

165.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

166.    Denied.

167.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

168.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

169.    Denied.

170.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

171.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

172.    Denied.

173.   It is admitted only that the EMMC held a meeting on the date alleged herein. All remaining averments are denied.

174.   It is admitted only that the EMMC held a meeting on the date alleged herein. All remaining averments are denied.

175.   Denied.

176.   It is admitted only that the EMMC held a meeting on the date alleged herein. All remaining averments are denied.

177.   It is admitted only that the EMMC held a meeting on the date alleged herein. All remaining averments are denied.

178.   Denied.

179.   It is admitted only that the EMMC held a meeting on the date alleged herein. All remaining averments are denied.

180.   It is admitted only that the EMMC held a meeting on the date alleged herein. All remaining averments are denied.

181.   Denied.

182.   It is admitted only that the EMMC held a meeting on the date alleged herein. All remaining averments are denied.

183.   It is admitted only that the EMMC held a meeting on the date alleged herein. All remaining averments are denied.

184.   Denied.

185.   It is admitted only that the EMMC held a meeting on the date alleged herein. All remaining averments are denied.

SL1 1569161v1 107141.00001

186.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

187.    Denied.

188.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

189.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

190.    Denied.

191.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

192.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

193.    Denied.

194.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

195.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

196.    Denied.

197.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

198.    It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

199.    Denied.

SL1 1569161v1 107141.00001

200.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

201.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

202.   Denied.

203.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

204.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

205.   Denied.

206.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

207.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

208.   Denied.

209.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

210.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

211.   Denied.

212.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

SL1 1569161v1 107141.00001

213.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

214.   Denied.

215.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

216.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

217.   Denied.

218.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

219.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

220.   Denied.

221.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

222.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

223.   Denied.

224.   Denied.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

225.   Denied.

226.    It is admitted only that the EMMC held a meeting on March 12, 2002.  All remaining averments of this paragraph are denied.  Further, the allegations contained in this paragraph purport to quote from a document, certain "meeting minutes," that lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

227.    Denied.

228.    It is admitted only that the EMMC purchased certain parcels of real estate which were not engaged in the growing of mushrooms and/or never likely or able to become engaged or re-engaged in the production of mushrooms.  The remaining averments of this paragraph are denied.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

229.    Denied.

        a.      Denied.

        b.      It is admitted only that in 2001 and/or 2002, the EMMC sold certain real estate which were not engaged in the growing of mushrooms and/or never likely or able to become engaged or re-engaged in the production of mushrooms with deed restrictions, each of which was subsequently removed by the EMMC.  All remaining averments of this paragraph are denied.

        c.      It is admitted only that, in 2002, the EMMC purchased certain lease options on certain real estate which were not engaged in the growing of mushrooms and/or never

28

likely or able to become engaged or re-engaged in the production of mushrooms. All remaining averments of this paragraph are denied.

d.      It is admitted only that, in 2002, the EMMC filed deed restrictions on certain real estate which were not engaged in the growing of mushrooms and/or never likely or able to become engaged or re-engaged in the production of mushrooms. The deed restrictions were subsequently removed. All remaining averments of this paragraph are denied.

230.    Denied. The allegations contained in this paragraph rely on and/or purport to quote from an email that lacks authenticity and otherwise constitutes inadmissible hearsay. To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

231.    Denied. The allegations contained in this paragraph rely on and/or purport to quote from an email that lacks authenticity and otherwise constitutes inadmissible hearsay. To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

232.    It is admitted only that the EMMC held a meeting on June 5, 2001 and that, as of that date, Gary Schroeder was the EMMC's Treasurer. All remaining averments of this paragraph are denied.

233.    Denied.

234.    It is admitted only that the EMMC held a meeting on April 13, 2001. All remaining averments are of this paragraph are denied.

235.   It is admitted only that, as of May 23, 2001, John Pia was the EMMC's President.  All remaining averments of this paragraph are denied.  The allegations contained in this paragraph rely on and/or purport to quote from an email that lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

236.   It is admitted only that, as of May 23, 2001, John Pia was the EMMC's President.  All remaining averments of this paragraph are denied.  The allegations contained in this paragraph rely on and/or purport to quote from an email that lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

237.   It is admitted only that in or around May 2001 the EMMC acquired a parcel of real property in Dublin, Georgia at a bankruptcy auction, which was open to public bidding and available for purchase by any non-member farmer or other entity, which had not been employed in the production of mushrooms since June 1999.  All remaining averments of this paragraph are denied.

238.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

239.   Denied.  The allegations contained in this paragraph rely on and/or purport to quote from an email that lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents,

30

Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

240.    It is admitted only that the EMMC subsequently exchanged the Dublin property for two other parcels of real property in Evansville, Pennsylvania, neither of which had been employed in the production of mushrooms since at least January 2001.  These two properties were purchased at the same bankruptcy auction by a non-farmer.   It is also admitted that a deed restriction was placed on the Dublin property by the EMMC.  All remaining averments of this paragraph are denied.

241.    It is admitted only that the two parcels of real property in Evansville, Pennsylvania acquired by the EMMC in 2001 were sold by the EMMC with deed restrictions, which were subsequently removed by the EMMC.  All remaining averments of this paragraph are denied.

242.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

243.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

244.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

245.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

246.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

247.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

248.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

249.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

250.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

251.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

252.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

253.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

254.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

255.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

256.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

257.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

258.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

SL1 1569161v1 107141.00001

259.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

260.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

261.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

262.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

263.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

264.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

265.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

266.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

267.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

268.    It is admitted only that the EMMC purchased a parcel of real property in Berks County, Pennsylvania on a portion of which mushrooms had been grown prior to June 2001.  It is further admitted that the EMMC sold this property with a deed restriction, which was subsequently removed by the EMMC.  All remaining averments of this paragraph are denied.

269.    It is admitted only that the EMMC entered into various agreements with one of its

members regarding the Ohio Valley Mushrooms Farm and that said agreement included a

non-compete provision, certain rights of first refusal and that the EMMC placed a deed

restriction on the property, which was subsequently removed by the EMMC.  All remaining

averments contained in this paragraph are denied.  Further, the averments of this paragraph

rely on and/or purport to quote from an email which lacks authenticity and otherwise

constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to

quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs

have accurately and completely characterized them.

270.    It is admitted only that in or about March 2002 the EMMC acquired real property in

Berks County, Pennsylvania, which property had been for sale since October 2001, and that

this property was sold with a deed restriction which was subsequently removed by the

EMMC.  All remaining averments of this paragraph are denied.

271.    It is admitted only that in or about August of 2002 the EMMC purchased an option to

lease a parcel of property in Berks County, Pennsylvania, which had not been employed in

the production of mushrooms for the processed market since January 2001, that a deed

restriction was filed of record regarding the property, which was subsequently removed by

the EMMC, and that the EMMC never leased this property.  All remaining averments of this

paragraph are denied.

272.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining

averments of this paragraph are denied.

273.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining

averments of this paragraph are denied.

274.   It is admitted only that the EMMC held a meeting on June 5, 2001. All remaining averments of this paragraph are denied.

275.   It is admitted only that the EMMC held a meeting on June 5, 2001. All remaining averments of this paragraph are denied.

276.   It is admitted only that the EMMC held a meeting on June 5, 2001. All remaining averments of this paragraph are denied.

277.   It is admitted only that the EMMC held a meeting on June 5, 2001. All remaining averments of this paragraph are denied.

278.   It is admitted only that the EMMC held a meeting on June 5, 2001. All remaining averments of this paragraph are denied.

279.   It is admitted only that the EMMC held a meeting on June 5, 2001. All remaining averments of this paragraph are denied.

280.   It is admitted only that the EMMC held a meeting on June 5, 2001. All remaining averments of this paragraph are denied.

281.   It is admitted only that the EMMC held a meeting on June 5, 2001. All remaining averments of this paragraph are denied.

282.   It is admitted only that the EMMC held a meeting on June 5, 2001. All remaining averments of this paragraph are denied.

283.   It is admitted only that the EMMC held a meeting on June 5, 2001. All remaining averments of this paragraph are denied.

284.   It is admitted only that the EMMC held a meeting on June 5, 2001. All remaining averments of this paragraph are denied.

SL1 1569161v1 107141.00001

285.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

286.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

287.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

288.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

289.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

290.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

291.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

292.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

293.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

294.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

295.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

SL1 1569161v1 107141.00001

296.    It is admitted only that the EMMC held a meeting on June 5, 2001. All remaining averments of this paragraph are denied.

297.    It is admitted only that the EMMC held a meeting on June 5, 2001. All remaining averments of this paragraph are denied.

298.    It is admitted only that the EMMC held a meeting on June 5, 2001. All remaining averments of this paragraph are denied.

299.    Denied.

300.    It is admitted only that the EMMC acquired a parcel of real property in Hillsboro, Texas, which property was closed and not producing mushrooms since November 2000, and was subject to a deed restriction for only a few months. All remaining averments of this paragraph are denied. Further, the averments of this paragraph rely on and/or purport to quote from a document that lacks authenticity and otherwise constitute inadmissible hearsay. To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

301.    It is admitted only that Stuart Thomas and other plaintiffs filed a lawsuit against South Mill Mushroom Sales, Mike Pia and John Pia and other employees of Defendant Kaolin. All remaining averments of this paragraph are denied.

302.    Denied. The averments of this paragraph purport to quote from an email that lacks authenticity and otherwise constitutes inadmissible hearsay. To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

303.   Denied.  The averments of this paragraph rely on and purport to quote from certain "meeting notes" that lack authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

304.   The paragraph states conclusions of law to which no answer is required.  To the extent any of the averments of this paragraph are factual in nature, they are denied.  Answering Defendants retained counsel to assist with the formation of the EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the Capper-Volstead Act. Answering Defendants continue to assert that Capper-Volstead Act protections apply here.

305.   Denied.

306.   It is admitted only that during 2001 and 2002 the EMMC acquired four parcels of real property located in Pennsylvania (a small portion of which had been formerly used to grow mushrooms and/or were never likely or able to become engaged or re-engaged in the production of mushrooms) as well as two lease options on two additional parcels of real property also located in Pennsylvania.  All remaining averments of this paragraph are denied.

307.   The averments contained in this paragraph constitute conclusions of law to which no answer is required.  To the extent any of the averments of this paragraph are factual in nature, they are denied.  Further, Answering Defendants retained counsel to assist with the formation of the EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the Capper-Volstead Act.  Answering Defendants continue to assert that Capper-Volstead Act protections apply here.

308.   Denied.

309.   It is admitted only that growers sometimes buy, sell or transfer mushrooms to each other. All remaining averments of this paragraph are denied.

310.   The paragraph states conclusions of law to which no response is required. To the extent any of the averments are factual in nature, they are denied.

311.   It is admitted only that the EMMC held a meeting in January 2002. All remaining averments of this paragraph are denied. Further, the averments contained of this paragraph rely on and/or purport to quote from document(s) that lack authenticity and otherwise constitute inadmissible hearsay. To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

312.   Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph.

313.   Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in this paragraph.

314.   Denied.

315.   It is admitted only that the United States Department of Justice filed a complaint against the EMMC on or about December 16, 2004 styled *United States of America v. Eastern Mushroom Marketing Cooperative, Inc.*, Civil Case No. 2:04-CV-S 829. All remaining averments of this paragraph are denied.

316.   It is admitted only that the United States and the EMMC filed a proposed Final Judgment, without any admission of liability or wrongdoing, that was subsequently entered on September 9, 2005. It is specifically denied that the EMMC "shut down" any properties at any time pertinent hereto. All remaining averments of this paragraph are denied.

317.    Denied.  The averments contained in this paragraph purport to quote from a document with lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

318.    Denied.  The averments contained in this paragraph purport to quote from a document which speaks for itself, lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

a.      Denied.  The averments contained in this paragraph purport to quote from a document which speaks for itself, lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

b.      Denied.  The averments contained in this paragraph purport to quote from a document which speaks for itself, lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

c.      Denied.  The averments contained in this paragraph purport to quote from a document which speaks for itself, lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite

40

to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

d.      Denied.  The averments contained in this paragraph purport to quote from a document which speaks for itself, lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

e.      Denied.  The averments contained in this paragraph purport to quote from a document which speaks for itself, lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

f.      Denied.  The averments contained in this paragraph purport to quote from a document which speaks for itself, lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

g.      Denied.  The averments contained in this paragraph purport to quote from a document which speaks for itself, lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

SL1 1569161v1 107141.00001

a.      Denied.  The averments contained in this paragraph purport to quote from a document which speaks for itself, lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

b.      It is admitted only that the EMMC sold four properties with deed restrictions, which were subsequently removed by the EMMC.  All remaining averments of this paragraph are denied.  The averments contained in this paragraph purport to quote from a document which speaks for itself, lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

c.      It is admitted that the EMMC entered into various agreements including a noncompete provision, certain rights of first refusal, and that the EMMC placed a deed restriction on the property, which was subsequently removed by the EMMC.  It is also admitted that the EMMC purchased an option to lease a parcel of real property, which had not been employed in producing mushrooms for the processed market since January 2001, that a deed restriction was filed of record regarding this property, which was subsequently removed by the EMMC, and that the EMMC never leased this property.  All remaining averments of this paragraph are denied.  The averments contained in this paragraph purport to quote from a document which speaks for itself, lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain

42

documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

        d.     It is admitted that the EMMC entered into various agreements including a noncompete provision, certain rights of first refusal, and that the EMMC placed a deed restriction on the property, which was subsequently removed by the EMMC. It is also admitted that the EMMC purchased an option to lease a parcel of real property, which had not been employed in producing mushrooms for the processed market since January 2001, that a deed restriction was filed of record regarding this property, which was subsequently removed by the EMMC, and that the EMMC never leased this property. All remaining averments of this paragraph are denied. The averments contained in this paragraph purport to quote from a document which speaks for itself, lacks authenticity and otherwise constitutes inadmissible hearsay. To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them.

        h.     Admitted.

319.     It is admitted only that none of the documents filed by the DOJ in support of the Final Judgement identify any of the members of the EMMC. This paragraph also states conclusions of law to which no response is required. To the extent any of the averments of this paragraph are factual in nature, said averments are denied.

## VI.    ALLEGED FRAUDULENT CONCEALMENT AND TOLLING

320.    Denied.

321.    Denied.

 a.  Denied.

 b.  Denied.

 c.  Denied.

 d.  Denied.

 e.  Denied.

322. This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

323. This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

324. This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

325. This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

326. This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

327. This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

328. This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

SL1 1569161v1 107141.00001

## VII.   ALLEGED CAUSES OF ACTION

### COUNT I

### Alleged Violation of Sherman Act § I – Anticompetitive Conspiracy

329.   Answering Defendants incorporate by reference herein all of the foregoing responses as though fully set forth at length.

330.   Denied.

331.   This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

332.   Denied.

     a.   Denied.

     b.   Denied.

     c.   Denied.

     d.   Denied.

     e.   Denied.

     f.   Denied.

333.   This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

334.   This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied. Further, Answering Defendants retained counsel to assist with the formation of the EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the Capper-Volstead Act.  Answering Defendants continue to assert that Capper-Volstead Act protections apply here.

SL1 1569161v1 107141.00001

335.    This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied. Further, Answering Defendants retained counsel to assist with the formation of the EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the Capper-Volstead Act.  Answering Defendants continue to assert that Capper-Volstead Act protections apply here.

336.    This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied. Further, Answering Defendants retained counsel to assist with the formation of the EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the Capper-Volstead Act.  Answering Defendants continue to assert that Capper-Volstead Act protections apply here.

337.    Denied.

338.    Denied.

## COUNT II

### Alleged Violation of Sherman Act § 2 – Conspiracy to Monopolize, Monopolization, or Attempted Monopolization

339.    Answering Defendants incorporate by reference herein all of the foregoing responses as though fully set forth at length.

340.    Denied.

341.    This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

46

a.      This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

b.      This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

c.      This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

d.      This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

e.      This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

f.      This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

g.      This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

342.    This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

47

343.   Denied.

344.   This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied. Further, Answering Defendants retained counsel to assist with the formation of the EMMC to ensure that it would be entitled to all of the antitrust protections afforded under the Capper-Volstead Act.  Answering Defendants continue to assert that Capper-Volstead Act protections apply here.

345.   Denied.

## COUNT III

## Alleged violation of Clayton Act § 7 – Unlawful Acquisition

346.   Answering Defendants incorporate by reference herein all of the foregoing responses as though fully set forth at length.

347.   This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

348.   This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

349.   This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

350.   Denied.

## REQUEST FOR RELIEF

**WHEREFORE**, Answering Defendants respectfully request that Plaintiffs' First Amended Complaint be dismissed with prejudice and for an award of costs of suit, including attorneys fees and expert witness fees and for such other relief as the Court deems just and proper.

48

## AFFIRMATIVE DEFENSES

351.   Plaintiffs' First Amended Complaint, in whole or in part, fails to state claims upon which relief may be granted.

352.   Some or all of Plaintiffs' claims for money damages and/or equitable relief are barred by the statute of limitations and/or repose, and there are no grounds for tolling the applicable statute of limitations.

353.   Plaintiffs' alleged claims are barred in whole or part by laches.

354.   Plaintiffs' alleged claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or res judicata.

355.   Plaintiffs' alleged claims are barred, in whole or in part, because they are not the real party in interest and/or are not otherwise proper plaintiffs.

356.   Plaintiffs' alleged claims are barred, in whole or in part, because there has been no injury to competition either in fact or as alleged in the First Amended Complaint.

357.   Plaintiffs' claims are barred in whole or in part by Section 6 of the Clayton Act, 15 U.S.C. §17.

358.   Plaintiffs' claims are barred in whole or in part by the Capper Volstead Act, 7 U.S.C. §291.

359.   Plaintiffs are barred from any recovery because Answering Defendants' actions were lawful, justified, privileged, pro-competitive, did not unreasonably restrain trade, and were based on independent and legitimate business justifications.

360.   At all relevant times, Answering Defendants acted in good faith and believed that their activities were lawful.

361.   At all relevant times, Answering Defendants acted pursuant to the advice of counsel.

362.   "Naked" price fixing by an agricultural cooperative is allowed by Section 6 of the Clayton Act, 15 U.S.C. §17, and the Capper Volstead Act, 7 U.S.C. §291.

363.   All members of the EMMC were farms within the meaning of the Capper Volstead Act, 7 U.S.C. §291 and the Clayton Act, 15 U.S.C. §17.

364.   Integrated grower/processors are protected from antitrust liability by Section 6 of the Clayton Act, 15 U.S.C. §17, and the Capper Volstead Act. 7. U.S.C. §291.

365.   Some or all of Plaintiffs' claims are barred because Plaintiffs have not suffered antitrust injuries.

366.   Plaintiffs' claims are barred in whole or in part for lack of antitrust standing.

367.   Plaintiffs' conspiracy claims are precluded by the Capper Volstead Act and the *Copperweld* Doctrine.

368.   There was no conspiracy between EMMC members and nonmember distributors.

369.   There was no unity of purpose between EMMC and the property sellers or purchasers.

370.   Plaintiffs have not pleaded and cannot prove the requisite product market.

371.   Plaintiffs have not pleaded and cannot prove the requisite geographic market.

372.   There was no specific intent to monopolize.

373.   There was no dangerous probability of achieving monopoly power.

374.   Plaintiffs cannot recover under Section 7 of the Clayton Act, 15 U.S.C. §18, any against defendant(s) who did not acquire the assets.

375.   Plaintiffs' claims for damages are barred because the EMMC's acquisition of real properties had no impact on the prices that Plaintiffs paid.

376.   There was no causal connection between the alleged conduct and any increased prices.

377.   Plaintiffs have failed to adequately allege fraudulent concealment.

378.   The actions complained of such as buying properties at a widely publicized auction, open to the public, and filing deed restrictions of public record were not and could not conceivably be acts of concealment.

379.   Plaintiffs' alleged claims are barred in whole or in part because the members of the EMMC cannot conspire with each other or with their commonly owned companies as a matter of law.

380.   Plaintiffs' alleged claims are barred in whole or in part because Pennsylvania Corporation Law, including 15 Pa.C.S.A. §5552 and 15 Pa.C.S.A. §7102, affords members of a Pennsylvania non-profit cooperative corporation like the EMMC protection against personal liability.

381.   The First Amended Complaint fails to state any basis for injunctive relief.

382.   Plaintiffs' claims are barred in whole or in part because the impact and damages alleged are too speculative and remote.

383.   Plaintiffs' claims are barred in whole or in part because they have failed to mitigate any damages allegedly suffered as a result of the alleged conduct.

384.   To the extent that Plaintiffs paid any increased price for mushrooms, said increased price was caused by third parties and/or events and not by Answering Defendants' conduct.

385.   Answering Defendants' conduct was not the cause of any increase in the price of mushrooms.

386.   Plaintiffs' purchasing decisions were not based on the price of mushrooms.

387.   Plaintiffs' supply-control claim is subject to the rule of reason.

388.   Plaintiffs' price-fixing claim is subject to the rule of reason.

389.   Plaintiffs lack standing to prosecute these claims.

SL1 1569161v1 107141.00001

390.    Answering Defendants' conduct was privileged.

391.    Plaintiff Winn-Dixie Stores, Inc. was not a direct purchaser of mushrooms at any time

pertinent hereto.

392.    Plaintiff Bi-Lo Holdings, LLC was not a direct purchaser of mushrooms at any time

pertinent hereto.

393.    Damages awarded to Plaintiffs, if any, are limited to any such damages arising from

Plaintiffs' direct purchases of mushrooms made, if any, between February 2001 and August

2005.

394.    All claims brought against Defendant, Oakshire, are stayed pursuant to 11 U.S.C.A. §

362 following the Voluntary Petition for Relief under Chapter 11 of Title 11 of the United

States Code ("the Petition") that Defendant, Oakshire, filed on December 28, 2018.  The

Petition commenced a bankruptcy case that is currently pending in the United States

Bankruptcy Court for the Eastern District of Pennsylvania docketed as Chapter 11, Case No.

18-18446-jkf.

395.    Plaintiffs initiated the instant action through the filing of Complaint against, *inter alia*,

Robert A. Feranto, Jr. t/a Bella Mushrooms Farms on December 7, 2015.

396.    Bella Mushroom Farms was a fictitious name at all times pertinent hereto.

397.    At the time Plaintiffs initiated the instant action, Robert A. Feranto, Jr. was deceased.

398.    At no time did Plaintiffs raise an Estate in the name of Robert A. Feranto, Jr.

399.    On April 11, 2016 Plaintiffs filed a Proof of Service (ECF Dkt. No. 14) wherein it

purported to notice that service of a summons issued to Robert A. Feranto, Jr. t/a "Bella

Mushrooms" was effectuated on March 23, 2016 by two means, namely by (1) personally

serving the summons on the individual, Robert A. Feranto, Jr., at Bella Mushrooms and (2)

SL1 1569161v1 107141.00001

serving Brenda Zambrano, an individual designated by law to accept service of process on behalf of "Bella Mushroom."   Robert A. Feranto, Jr. died long before the purported date of service.  Thus, the purported personal service of the summons upon Robert A. Feranto, Jr. was impossible.  Moreover, since Robert A. Feranto, Jr. was deceased as of the purported service date, it is a fallacy to presume that he could have authorized any individual to accept service on his behalf.  The second means of purported service similarly fails.  "Bella Mushroom" is not a legal entity upon which service could be effectuated, and further, a summons was never issued "Bella Mushrooms."  Accordingly, Brenda Zambrano was never authorized to accept service on behalf of the non-legal entity, "Bella Mushroom," and as no summons was ever issued to "Bella Mushrooms," it was impossible for Brenda Zambrano to accept service of such non-existing summons.  The summons at issue named Robert A. Feranto, Jr. t/a Bella Mushroom Farms as the defendant.  Bella Mushroom Farms is a fictitious entity; it cannot be directly sued and Robert A. Feranto, Jr. died prior to the purported date of service.  Therefore, Brenda Zambrano was never authorized to accept service on behalf of Robert A. Feranto, Jr. or the fictitious entity, Bella Mushroom Farms.

400.    To date, Plaintiffs have failed to properly effectuate service upon Robert A. Feranto, Jr., deceased.

401.    Plaintiffs have no standing to pursue any claims against Robert A. Feranto, Jr., deceased.

402.    Plaintiffs' claims against Robert A. Feranto, Jr., deceased, are not properly venued in this Court.

403.    Plaintiffs' claims against Robert A. Feranto, Jr., deceased, must be dismissed as this Court lacks jurisdiction over Robert A. Feranto, Jr, deceased.

53

404.   Plaintiffs are barred from pursuing any and all claims against Robert A. Feranto, Jr., deceased.

405.   Answering Defendants adopt by reference any defense not otherwise expressly set forth herein that is pleaded by any other defendant in this action.

406.   Answering Defendants reserve the right to assert any additional defenses revealed through discovery or other investigation.

**WHEREFORE**, Answering Defendants respectfully request that Plaintiffs' First Amended Complaint be dismissed with prejudice, an aware of costs of suit, including attorneys fees and expert witness fees, and for such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 38, ANSWERING DEFENDANTS HEREBY DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,

*s/ William A. DeStefano*
William A. DeStefano
Terri A. Pawelski
Matthew C. Brunelli
Geoffrey R. Johnson (I.D. #36685)
Geoffrey R. Johnson, Jr. (I.D. #324764)
STEVENS & LEE
1818 Market Street, 29th Floor
Philadelphia, PA 19103

Counsel for Defendants EMMC, Robert A.
Feranto, Jr., t/a Bella Mushroom Farms;
Brownstone Mushroom Farms, Inc; To-Jo

54

Fresh Mushrooms, Inc.; Country Fresh
Mushroom Co.; Gino Gaspari & Sons, Inc.,
Gaspari Bros. Inc.; Kaolin Mushroom Farms,
Inc.; South Mill Mushroom Sales, Inc.; Modern
Mushroom Farms, Inc.;Sher-rockee Mushroom
Farm, LLC; C&C Carriage Mushroom Co.;
Oakshire Mushroom Farm, Inc.; Phillips
Mushroom Farms, Inc.; Louis M. Marson, Jr.,
Inc.; Monterey Mushrooms, Inc.; John Pia;
Michael Pia and Forest Mushroom, Inc.

SL1 1569161v1 107141.00001

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I served counsel for all parties to the above-captioned matter by the electronic filing the foregoing pursuant to the ecf. system of the United States District Court of the Eastern District of Pennsylvania, to which said counsel are subscribers.

Dated: <u>July 12, 2019</u>

<u>/s/ William A. DeStefano</u>

56