## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| WINN-DIXIE STORES, INC., | : | |
| And BI-LO HOLDINGS, LLC, | : | Case No. 15-6480 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| EASTERN MUSHROOM MARKETING | : | |
| COOPERATIVE, INC., et al. | : | |
| | : | |
| Defendants | : | |
| | : | |

## DEFENDANT J-M FARMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant J-M Farms, Inc. ("J-M Farms"), by and through its attorneys, hereby responds to Plaintiffs' First Amended Complaint in like-numbered Paragraphs as follows.  All facts alleged in the First Amended Complaint are denied unless specifically admitted herein.

### I.   NATURE OF THE ACTION

1. J-M Farms admits only that Plaintiffs purport to sue as alleged.  J-M Farms denies all remaining allegations in Paragraph 1 and denies that there is any basis in law or fact for the claims asserted against it.

2. J-M Farms is without sufficient knowledge or information to form a belief as to the truth of the allegation regarding the amount annually spent by consumers on mushrooms.  All remaining averments in this paragraph are denied.

3. Denied.

4. Denied.

5. Denied.

6.  Denied.

7.  Denied.

8.  Denied.

    a.  Denied.

    b.  Denied.

    c.  Denied.

    d.  Denied.

    e.  Denied.

    f.  Denied.

9.  It is admitted only that the EMMC held a meeting on January 9, 2001.  All remaining averments in this paragraph are denied.

10. Denied.

11. It is admitted only that the EMMC acquired four mushroom farms in 2001.  In and around May 2001 the EMMC acquired two parcels of real property:  one located in Dublin, Georgia and one located in Hillsboro, Texas.  These parcels were purchased at a bankruptcy auction, which was open to public bidding and available for purchase by any non-member grower or purchaser.  It is also admitted that the EMMC later exchanged the parcel located in Dublin, Georgia for two other parcels of real property in Evansville, Pennsylvania formerly owned by the same bankrupt entity, and then owned by a company not in the mushroom farming business, neither of which had been in the employed in the production of mushrooms since January 2001.  All remaining averments of this paragraph are denied.

12. It is admitted only that the EMMC entered into certain lease options in and around February and August 2002.  All remaining averments of this paragraph are denied.

13. Denied.

14. Denied.

## II.   JURISDICTION AND VENUE

15. It is admitted only that this court has subject matter jurisdiction over plaintiffs' claims.  All remaining averments in this paragraph are denied.

16. It is admitted only that the J-M Farms' activities involve the production, processing, and/or sale of fresh market mushrooms in interstate commerce.  J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 16, and they are therefore denied.

17. It is admitted only that venue is proper in this judicial district.  All remaining averments of this paragraph are denied.

## III.   THE PARTIES

18. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 18, and they are accordingly denied.

19. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 21, and they are accordingly denied.

20. J-M Farms admits only that the EMMC is an agricultural cooperative incorporated in the Commonwealth of Pennsylvania; that it is headquartered in Kennett Square; and that its members (which have never included J-M Farms) are mushroom growers.

21. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 21, and they are accordingly denied.

22. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 22, and they are accordingly denied.

23. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 23, and they are accordingly denied.

24. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 24, and they are accordingly denied.

25. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 25, and they are accordingly denied.

26. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 26, and they are accordingly denied.

27. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 27, and they are accordingly denied.

28. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 28, and they are accordingly denied.

29. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 29, and they are accordingly denied.

30. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 30, and they are accordingly denied.

31. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 31, and they are accordingly denied.

32. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 32, and they are accordingly denied.

33. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 33, and they are accordingly denied.

34. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 34, and they are accordingly denied.

35. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 35, and they are accordingly denied.

36. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 36, and they are accordingly denied.

37. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 37, and they are accordingly denied.

38. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 38, and they are accordingly denied.

39. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 39, and they are accordingly denied.

40. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 40, and they are accordingly denied.

41. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 41, and they are accordingly denied.

42. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 42, and they are accordingly denied.

43. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 43, and they are accordingly denied.

44. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 44, and they are accordingly denied.

45. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 45, and they are accordingly denied.

46. J-M Farms admits only the Mushroom Alliance, Inc. was an EMMC member and that representative(s) of the Mushroom Alliance, Inc. attended certain EMMC meetings.   All remaining averments of this paragraph are denied.

47. It is admitted only that some members (not including J-M Farms) of the Mushroom Alliance, Inc. later joined the EMMC.  All remaining averments of this paragraph are denied.

48. J-M Farms admits only that Creekside Mushrooms, Ltd ("Creekside") was a member of the Mushroom Alliance.  All remaining averments of this paragraph are denied.

49. It is admitted only that some members (not including J-M Farms) of the Mushroom Alliance, Inc. later joined the EMMC.  All remaining averments of this paragraph are denied.

50. J-M Farms admits that the Mushroom Alliance joined the EMMC for a certain period of time before resigning.   All remaining averments of this paragraph are denied.

51. J-M Farms are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph, therefore, all averments are denied.

52. J-M Farms admit that it has a principal office located in Miami, Oklahoma and that it was a member of the Mushroom Alliance. All remaining averments of this paragraph are denied. J-M Farms specifically denies that it participated in any improper conduct.

53. It is admitted only that some members (not including J-M Farms) of the Mushroom Alliance, Inc. later joined the EMMC.  All remaining averments of this paragraph are denied.

54. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 54, and they are accordingly denied.

55. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 55, and they are accordingly denied.

56. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 56, and they are accordingly denied.

57. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 57, and they are accordingly denied.

58. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 58, and they are accordingly denied.

59. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 59, and they are accordingly denied.

60. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 60, and they are accordingly denied.

61. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 61, and they are accordingly denied.

62. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 62, and they are accordingly denied.

63. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 63, and they are accordingly denied.

64. It is admitted only that Kitchen Pride Mushrooms, Inc. was a member of the Mushroom Alliance.  All remaining averments of this paragraph are denied.

65. It is admitted only that some members (not including J-M Farms) of the Mushroom Alliance, Inc. later joined the EMMC.  All remaining averments of this paragraph are denied.

66. Denied.

## IV.   <u>TRADE AND COMMERCE</u>

67. It is admitted only that the vast majority of mushrooms sold in the United States are agaricus mushrooms.  It is further admitted that agaricus mushrooms are sold to fresh market retailers such as grocery store chains and food distributors but denied that sales of agaricus mushrooms to canneries are at the same prices or pursuant to the same market conditions as fresh agaricus mushrooms.  J-M Farms is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

68. The averments of this paragraph are conclusions of law to which no answer is required.  To the extent that said averments are factual in nature, J-M Farms are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

## V.   <u>DEFENDANTS' ALLEGED ANTICOMPETITIVE CONDUCT</u>

69. It is admitted only that several entities involved in the growing of mushrooms joined the EMMC in January 2001.  The remaining averments of this paragraph are denied. J-M Farms specifically denies ever being a member of the EMMC.

70. Denied.

a.  It is admitted only that several entities involved in the growing of mushrooms joined the EMMC in January 2001.  All remaining averments of this paragraph are denied.

b.  Denied.

c.  Denied.

d.  Denied.

e.  Denied.

71. It is admitted only that Plaintiffs' named the entities identified in this paragraph as defendants in the instant lawsuit.  All remaining averments of this paragraph are denied.

    a.  Denied.

    b.  Denied.

    c.  Denied.

72. Admitted.

73. It is admitted only that the EMMC began operations in and around January 2001.  J-M Farms is without knowledge or information sufficient to from a belief as to the truth of the remaining averments contained in this paragraph.

74. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 74, and they are accordingly denied.

75. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 75, and they are accordingly denied.

76. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 76, and they are accordingly denied.

77. It is admitted that a number of growers attended an organization meeting that was held on November 28, 2000 and later, joined the EMMC.  The remaining averments of this paragraph are denied.

78. J-M Farms denies the averments of this paragraph to the extent they purport to characterize the contents of a writing (the EMMC membership agreement) the best evidence of which is the writing itself.

79. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 79, and they are accordingly denied.

80. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 80, and they are accordingly denied.

81. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 81, and they are accordingly denied.

82. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 82, and they are accordingly denied.

83. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 83, and they are accordingly denied.

84. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 84, and they are accordingly denied.

85. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 85, and they are accordingly denied.

86. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 86, and they are accordingly denied.

87. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 87, and they are accordingly denied.

88. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 88, and they are accordingly denied.

89. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 89, and they are accordingly denied.

90. The averments of this paragraph are conclusions of law to which no answer is required.

91. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 91, and they are accordingly denied.

92. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 92, and they are accordingly denied.

93. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 93, and they are accordingly denied.

94. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 94, and they are accordingly denied.

95. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 95, and they are accordingly denied.

96. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 96, and they are accordingly denied.

97. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 97, and they are accordingly denied.

98. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 98, and they are accordingly denied.

99. It is admitted only that the EMMC issued a price list relating to various types, grades, sizes and packaging modes of mushrooms in January 2001.  The remaining averments of this paragraph are denied.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, J-M Farms denies that Plaintiffs have accurately and completely characterized it.

100.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 100, and they are accordingly denied.

101.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 101, and they are accordingly denied.

102.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 102, and they are accordingly denied.

103.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 103, and they are accordingly denied.

104.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 104, and they are accordingly denied.

105.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 105, and they are accordingly denied.

106.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 106, and they are accordingly denied.

107.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 107, and they are accordingly denied.

108.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 108, and they are accordingly denied.

109.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 109, and they are accordingly denied.

110.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 110, and they are accordingly denied.

111.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 111, and they are accordingly denied.

112.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 112, and they are accordingly denied.

113.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 113, and they are accordingly denied.

114.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 114, and they are accordingly denied.

115.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 115, and they are accordingly denied.

116.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 116, and they are accordingly denied.

117.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 117, and they are accordingly denied.

118.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 118, and they are accordingly denied.

119.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 119, and they are accordingly denied.

120.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 120, and they are accordingly denied.

121.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 121, and they are accordingly denied.

122.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 122, and they are accordingly denied.

123.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 123, and they are accordingly denied.

124.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 124, and they are accordingly denied.

125.     J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 125, and they are accordingly denied.

126.     J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 126, and they are accordingly denied.

127.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 127, and they are accordingly denied.

128.     J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 128, and they are accordingly denied.

129.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 129, and they are accordingly denied.

130.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 130, and they are accordingly denied.

131.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 131, and they are accordingly denied.

132.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 132, and they are accordingly denied.

133.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 133, and they are accordingly denied.

134.    J-M Farms admits only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

135.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 135, and they are accordingly denied.

136.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 136, and they are accordingly denied.

137.   J-M Farms admits only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

138.   It J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 138, and they are accordingly denied.

139.   It is admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments in this paragraph are denied.

140.   Denied.  The allegations contained in this paragraph purport to quote certain language contained in "meeting minutes."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, J-M Farms denies that Plaintiffs have accurately and completely characterized it.

141.   It is admitted only that the EMMC held a meeting on April 9, 2002.  All remaining averments are denied.  The allegations contained in this paragraph purport to quote certain language contained in "current policies."  The document lacks authenticity and otherwise constitutes inadmissible hearsay.  To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, J-M Farms denies that Plaintiffs have accurately and completely characterized it.

142.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 142, and they are accordingly denied.

143.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 143, and they are accordingly denied.

144.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 144, and they are accordingly denied.

145.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 145, and they are accordingly denied.

146.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 146, and they are accordingly denied.

147.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 147, and they are accordingly denied.

148.     J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 148, and they are accordingly denied.

149.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 149, and they are accordingly denied.

150.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 150, and they are accordingly denied.

151.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 151, and they are accordingly denied.

152.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 152, and they are accordingly denied.

153.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 153, and they are accordingly denied.

154.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 154, and they are accordingly denied.

155.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 155, and they are accordingly denied.

156.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 156, and they are accordingly denied.

157.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 157, and they are accordingly denied.

158.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 158, and they are accordingly denied.

159.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 159, and they are accordingly denied.

160.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 160, and they are accordingly denied.

161.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 161, and they are accordingly denied.

162.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 162, and they are accordingly denied.

163.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 163, and they are accordingly denied.

164.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 164, and they are accordingly denied.

165.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 165, and they are accordingly denied.

166.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 166, and they are accordingly denied.

167.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 167, and they are accordingly denied.

168.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 168, and they are accordingly denied.

169.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 169, and they are accordingly denied.

170.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 170, and they are accordingly denied.

171.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 171, and they are accordingly denied.

172.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 172, and they are accordingly denied.

173.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 173, and they are accordingly denied.

174.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 174, and they are accordingly denied.

175.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 175, and they are accordingly denied.

176.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 176, and they are accordingly denied.

177.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 177, and they are accordingly denied.

178.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 178, and they are accordingly denied.

179.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 179, and they are accordingly denied.

180.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 180, and they are accordingly denied.

181.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 181, and they are accordingly denied.

182.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 182, and they are accordingly denied.

183.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 183, and they are accordingly denied.

184.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 184, and they are accordingly denied.

185.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 185, and they are accordingly denied.

186.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 186, and they are accordingly denied.

187.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 187, and they are accordingly denied.

188.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 188, and they are accordingly denied.

189.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 189, and they are accordingly denied.

190.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 190, and they are accordingly denied.

191.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 191, and they are accordingly denied.

192.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 192, and they are accordingly denied.

193.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 193, and they are accordingly denied.

194.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 194, and they are accordingly denied.

195.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 195, and they are accordingly denied.

196.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 196, and they are accordingly denied.

197.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 197, and they are accordingly denied.

198.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 198, and they are accordingly denied.

199.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 199, and they are accordingly denied.

200.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 200, and they are accordingly denied.

201.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 201, and they are accordingly denied.

202.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 202, and they are accordingly denied.

203.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 203, and they are accordingly denied.

204.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 204, and they are accordingly denied.

205.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 205, and they are accordingly denied.

206.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 206, and they are accordingly denied.

207.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 207, and they are accordingly denied.

208.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 208, and they are accordingly denied.

209.   It is admitted only that the EMMC held a meeting on the date alleged herein.   All remaining averments are denied.

210.   It is admitted only that the EMMC held a meeting on the date alleged herein.   All remaining averments are denied.

211.   Denied.

212.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 212, and they are accordingly denied.

213.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 213, and they are accordingly denied.

214.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 214, and they are accordingly denied.

215.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 215, and they are accordingly denied.

216.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 216, and they are accordingly denied.

217.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 217, and they are accordingly denied.

218.   It is admitted only that the EMMC held a meeting on the date alleged herein.   All remaining averments are denied.

219.   It is admitted only that the EMMC held a meeting on the date alleged herein.   All remaining averments are denied.

220.   Denied.

221.   It is admitted only that the EMMC held a meeting on the date alleged herein.   All remaining averments are denied.

222.   It is admitted only that the EMMC held a meeting on the date alleged herein.   All remaining averments are denied.

223.   It is admitted only that the EMMC held a meeting on the date alleged herein.   All remaining averments are denied.

224.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 224, and they are accordingly denied.

225.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 225, and they are accordingly denied.

226.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 226, and they are accordingly denied.

227.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 227, and they are accordingly denied.

228.   It is admitted only that the EMMC purchased certain parcels of real estate which were not engaged in the growing of mushrooms and/or never likely or able to become engaged or re-engaged in the production of mushrooms.   The remaining averments of this paragraph are denied.   To the extent the allegations in this paragraph purport to quote/cite to and characterize certain documents, J-M Farms denies that Plaintiffs have accurately and completely characterized itis admitted only that the EMMC held a meeting on the date alleged herein.  All remaining averments are denied.

229.   Denied.

     a.   Denied.

b.      It is admitted only that in 2001 and/or 2002, the EMMC sold certain real estate which were not engaged in the growing of mushrooms and/or never likely or able to become engaged or re-engaged in the production of mushrooms with deed restrictions, each of which was subsequently removed by the EMMC.  All remaining averments of this paragraph are denied.

c.      It is admitted only that, in 2002, the EMMC purchased certain lease options on certain real estate which were not engaged in the growing of mushrooms and/or never likely or able to become engaged or re-engaged in the production of mushrooms.  All remaining averments of this paragraph are denied.

d.      It is admitted only that, in 2002, the EMMC filed deed restrictions on certain real estate which were not engaged in the growing of mushrooms and/or never likely or able to become engaged or re-engaged in the production of mushrooms.  The deed restrictions were subsequently removed.  All remaining averments of this paragraph are denied.

230.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 230, and they are accordingly denied.

231.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 231, and they are accordingly denied.

232.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 232, and they are accordingly denied.

233.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 233 and they are accordingly denied.

234.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 234, and they are accordingly denied.

235.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 235, and they are accordingly denied.

236.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 236, and they are accordingly denied.

237.   It is admitted only that in or around May 2001 the EMMC acquired a parcel of real property in Dublin, Georgia at a bankruptcy auction, which was open to public bidding and available for purchase by any non-member farmer or other entity, which had not been employed in the production of mushrooms since June 1999.  All remaining averments of this paragraph are denied.

238.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

239.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 239, and they are accordingly denied.

240.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 240, and they are accordingly denied.

241.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 241, and they are accordingly denied.

242.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 242, and they are accordingly denied.

243.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 243, and they are accordingly denied.

244.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 244, and they are accordingly denied.

245.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 245, and they are accordingly denied.

246.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 246, and they are accordingly denied.

247.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 247, and they are accordingly denied.

248.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 248, and they are accordingly denied.

249.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 249, and they are accordingly denied.

250.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 250, and they are accordingly denied.

251.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 251, and they are accordingly denied.

252.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 252, and they are accordingly denied.

253.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 253, and they are accordingly denied.

254.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 254, and they are accordingly denied.

255.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 255, and they are accordingly denied.

256.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 256, and they are accordingly denied.

257.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 257, and they are accordingly denied.

258.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 258, and they are accordingly denied.

259.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 259, and they are accordingly denied.

260.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 260, and they are accordingly denied.

261.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 261, and they are accordingly denied.

262.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 262, and they are accordingly denied.

263.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 263, and they are accordingly denied.

264.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

265.   J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 44, and they are accordingly denied.

266.   It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

267. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 267, and they are accordingly denied.

268. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 268, and they are accordingly denied.

269. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 269, and they are accordingly denied.

270. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 270, and they are accordingly denied.

271. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 271, and they are accordingly denied.

272. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 272, and they are accordingly denied.

273. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 273, and they are accordingly denied.

274. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 274, and they are accordingly denied.

275. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 275, and they are accordingly denied.

276. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 276, and they are accordingly denied.

277. J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 277, and they are accordingly denied.

278.     J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 278, and they are accordingly denied.

279.     J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 279, and they are accordingly denied.

280.     J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 280, and they are accordingly denied.

281.     J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 281, and they are accordingly denied.

282.     J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 282, and they are accordingly denied.

283.     J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 283, and they are accordingly denied.

284.     J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 284, and they are accordingly denied.

285.     J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 285, and they are accordingly denied.

286.     J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 286, and they are accordingly denied.

287.     J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 287, and they are accordingly denied.

288.     J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 288, and they are accordingly denied.

289.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 289, and they are accordingly denied.

290.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 290, and they are accordingly denied.

291.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 291, and they are accordingly denied.

292.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 292, and they are accordingly denied.

293.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 293, and they are accordingly denied.

294.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

295.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 295, and they are accordingly denied.

296.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 296, and they are accordingly denied.

297.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

298.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 298, and they are accordingly denied.

299.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 299, and they are accordingly denied.

300.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 300, and they are accordingly denied.

301.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 301, and they are accordingly denied.

302.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 302, and they are accordingly denied.

303.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 303, and they are accordingly denied.

304.    J-M Farms denies the averments in this paragraph as to it.  J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments set forth in Paragraph 304, and they are accordingly denied.

305.    J-M Farms denies the averments in this paragraph as to it.  J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments set forth in Paragraph 305, and they are accordingly denied.

306.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 306, and they are accordingly denied.

307.    The averments contained in this paragraph constitute conclusions of law to which no answer is required.  To the extent any of the averments of this paragraph are factual in nature, they are denied.

308.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 308, and they are accordingly denied.

309.    It is admitted only that growers sometimes buy, sell or transfer mushrooms to each other. All remaining averments of this paragraph are denied.

310.    The paragraph states conclusions of law to which no response is required.  To the extent any of the averments are factual in nature, they are denied.

311.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 311, and they are accordingly denied.

312.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 312, and they are accordingly denied.

313.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 313, and they are accordingly denied.

314.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 314, and they are accordingly denied.

315.    It is admitted only that the United States Department of Justice filed a complaint against the EMMC on or about December 16, 2004 styled *United States of America v. Eastern Mushroom Marketing Cooperative, Inc.*, Civil Case No. 2:04-CV-S 829.  All remaining averments of this paragraph are denied.

316.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 315, and they are accordingly denied.

317.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 316, and they are accordingly denied.

318.    J-M Farms is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments set forth in Paragraph 317, and they are accordingly denied.

319.    This paragraph states conclusions of law to which no response is required.  To the extent any of the averments of this paragraph are factual in nature, said averments are denied.

## VI.    <u>ALLEGED FRAUDULENT CONCEALMENT AND TOLLING</u>

320.  Denied.

321.  Denied.

      a.    Denied.

      b.    Denied.

      c.    Denied.

      d.    Denied.

      e.    Denied.

322.  This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

323.  This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

324.  This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

325.  This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

326.  This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

327.  This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

328.  This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

## VII.    ALLEGED CAUSES OF ACTION

### COUNT I

### Alleged Violation of Sherman Act § I – Anticompetitive Conspiracy

329.    J-M Farms incorporate by reference herein all of the foregoing responses as though fully
set forth at length.

330.    Denied.

331.    This paragraph states conclusions of law to which no answer is required.  To the extent
that any of the averments of this paragraph are factual in nature, said averments are denied.

332.    Denied.

       a.     Denied.

       b.     Denied.

       c.     Denied.

       d.     Denied.

       e.     Denied.

       f.     Denied.

333.    This paragraph states conclusions of law to which no answer is required.  To the extent
that any of the averments of this paragraph are factual in nature, said averments are denied.

334.    This paragraph states conclusions of law to which no response is required.  To the extent
that some of the averments of this paragraph are factual in nature, said averments are denied.

335.    This paragraph states conclusions of law to which no response is required.  To the extent
that some of the averments of this paragraph are factual in nature, said averments are denied.

336.    This paragraph states conclusions of law to which no response is required.  To the extent
that some of the averments of this paragraph are factual in nature, said averments are denied.

337.    Denied.

338.    Denied.

## COUNT II

## <u>Alleged Violation of Sherman Act § 2 – Conspiracy to Monopolize, Monopolization, or Attempted Monopolization</u>

339.    J-M Farms incorporate by reference herein all of the foregoing responses as though fully set forth at length.

340.    Denied.

341.    This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

    a.    This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

    b.    This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

    c.    This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

    d.    This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

e.      This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

f.      This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

g.      This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

342.   This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

343.   Denied.

344.   This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

345.   Denied.

## COUNT III

### Alleged violation of Clayton Act § 7 – Unlawful Acquisition

346.   J-M Farms incorporate by reference herein all of the foregoing responses as though fully set forth at length.

347.   This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

348.   This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

349.    This paragraph states conclusions of law to which no response is required.  To the extent that some of the averments of this paragraph are factual in nature, said averments are denied.

350.    Denied.

## REQUEST FOR RELIEF

**WHEREFORE**, J-M Farms respectfully requests that Plaintiffs' First Amended Complaint be dismissed with prejudice and for an award of costs of suit, including attorneys' fees and expert witness fees and for such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

351.    Plaintiffs' First Amended Complaint, in whole or in part, fails to state claims upon which relief may be granted.

352.    Some or all of Plaintiffs' claims for money damages and/or equitable relief are barred by the statute of limitations and there are no grounds for tolling the applicable statute of limitations.

353.    Plaintiffs' claims are barred in whole or in part by Section 6 of the Clayton Act, 15 U.S.C. §17.

354.    Plaintiffs' claims are barred in whole or in part by the Capper Volstead Act, 7 U.S.C. §291.

355.    Plaintiffs are barred from any recovery because defendants' actions were privileged, did not unreasonably restrain trade, and were based on independent and legitimate business justifications.

356.    Plaintiffs have failed to plead that they purchased J-M Farms' products in any properly defined market or sub-market.

357.   Plaintiffs' claims are barred, in whole or in part, because any conduct engaged in by J-M Farms was reasonable and based on independent, legitimate business and economic justifications.

358.   J-M Farms has not engaged in any concert, combination or conspiracy to restrain trade.

359.   At all material times, J-M Farms acted in good faith.

360.   If there was a conspiracy, and if J-M Farms was a member of the conspiracy, J-M Farms withdrew from the conspiracy.

361.   J-M Farms lacks market power in any relevant market or sub-market.

362.   Plaintiffs' damages, if any, were sustained by the conduct of third parties.

363.   J-M Farms was never a member of the EMMC.

364.   J-M Farms cannot conspire or attempt to conspire with other members of a cooperative because they enjoy intra-enterprise immunity.

365.   "Naked" price fixing by an agricultural cooperative is allowed by Section 6 of the Clayton Act, 15 U.S.C. §17, and the Capper Volstead Act, 7 U.S.C. §291.

366.   All members of the EMMC were farms within the meaning of the Capper Volstead Act, 7 U.S.C. §291 and the Clayton Act, 15 U.S.C. §17.

367.   Integrated grower/processors are protected from antitrust liability by Section 6 of the Clayton Act, 15 U.S.C. §17, and the Capper Volstead Act. 7. U.S.C. §291.

368.   Some or all of Plaintiffs' claims are barred because Plaintiffs have not suffered antitrust injuries.

369.   Plaintiffs' claims are barred in whole or in part for lack of antitrust standing.

370.   Plaintiffs' conspiracy claims are precluded by the Capper Volstead Act and the *Copperweld* Doctrine.

371.   There was no conspiracy between EMMC members and nonmember distributors.

372.   There was no unity of purpose between EMMC and the property sellers or purchasers.

373.   Plaintiffs have not pleaded and cannot prove the requisite product market.

374.   Plaintiffs have not pleaded and cannot prove the requisite geographic market.

375.   There was no specific intent to monopolize.

376.   There was no dangerous probability of achieving monopoly power.

377.   Plaintiffs cannot recover under Section 7 of the Clayton Act, 15 U.S.C. §18, any against defendant(s) who did not acquire the assets.

378.   Plaintiffs' claims for damages are barred because the EMMC's acquisition of real properties had no impact on the prices that Plaintiffs paid.

379.   There was no causal connection between the alleged conduct and any increased prices.

380.   Plaintiffs have failed to adequately allege fraudulent concealment.

381.   The actions complained of such as buying properties at a widely publicized auction, open to the public, and filing deed restrictions of public record were not and could not conceivably be acts of concealment.

382.   Plaintiffs' alleged claims are barred in whole or in part because the members of the EMMC cannot conspire with each other or with their commonly owned companies as a matter of law.

383.   Plaintiffs' alleged claims are barred in whole or in part because Pennsylvania Corporation Law, including 15 Pa.C.S.A. §5552 and 15 Pa.C.S.A. §7102, affords members of a Pennsylvania non-profit cooperative corporation like the EMMC protection against personal liability.

384.   The First Amended Complaint fails to state any basis for injunctive relief.

385.    Plaintiffs' claims are barred in whole or in part because the impact and damages alleged are too speculative and remote.

386.    Plaintiffs' claims are barred in whole or in part because they have failed to mitigate any damages allegedly suffered as a result of the alleged conduct.

387.    To the extent that Plaintiffs paid any increased price for mushrooms, said increased price was caused by third parties and/or events and not by J-M Farms' conduct.

388.    J-M Farms' conduct was not the cause of any increase in the price of mushrooms.

389.    Plaintiffs' purchasing decisions were not based on the price of mushrooms.

390.    Plaintiffs' supply-control claim is subject to the rule of reason.

391.    Plaintiffs' price-fixing claim is subject to the rule of reason.

392.    Plaintiffs lack standing to prosecute these claims.

393.    J-M Farms' conduct was privileged.

394.    Plaintiff Winn-Dixie Stores, Inc. was not a direct purchaser of mushrooms at any time pertinent hereto.

395.    Plaintiff Bi-Lo Holdings, LLC was not a direct purchaser of mushrooms at any time pertinent hereto.

396.    Damages awarded to Plaintiffs, if any, are limited to any such damages arising from Plaintiffs' direct purchases of mushrooms made, if any, between February 2001 and September 2002.

397.    J-M Farms adopt by reference any defense not otherwise expressly set forth herein that is pleaded by any other defendant in this action.

398.    J-M Farms reserve the right to assert any additional defenses revealed through discovery or other investigation.

**WHEREFORE**, J-M Farms respectfully request that Plaintiffs' First Amended Complaint be dismissed with prejudice, an aware of costs of suit, including attorneys fees and expert witness fees, and for such other and further relief as this Court deems just and proper.

### JURY TRIAL DEMAND

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 38, J-M FARMS HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

     Respectfully submitted,

     */s/  Jason S. Taylor*
     Jason S. Taylor, OBA# 17755
     Conner & Winters, LLP
     4000 One Williams Center
     Tulsa, Oklahoma  74172-0148
     (918) 586-5711
     (918) 586-8547 – Facsimile

     Attorneys for Defendant J-M Farms, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served counsel for all parties to the above-captioned matter by the electronic filing of the foregoing pursuant to the ECF system of the United States District Court of the Eastern District of Pennsylvania, to which said counsel are subscribers.

Dated: July 12, 2019

*/s/  Jason S. Taylor*