**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  | x |  |
|---|---|---|
| **WINN-DIXIE STORES, INC. and BI-LO HOLDINGS, LLC.** | : | **No. 15-cv-6480** |
|  | : |  |
| **Plaintiffs,** | : | **Related Action:** |
|  | : | **Master File No. 06-0620** |
| **v.** | : |  |
|  | : |  |
| **EASTERN MUSHROOM MARKETING COOPERATIVE, INC., et al.,** | : |  |
|  | : |  |
| **Defendants** | : |  |
|  | : |  |
|  | x |  |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS GIORGI MUSHROOM CO. AND GIORGIO FOODS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT

For their Answer and Affirmative Defendants to Plaintiffs' First Amended Complaint, Defendants Giorgi Mushroom Co. and Giorgio Foods, Inc. (collectively, "Answering Defendants") respectfully state as follows:

### I.      NATURE OF THE ACTION

1.      It is admitted only that Plaintiffs purport to bring this action to recover damages. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding whether Plaintiffs are direct purchasers or even purchasers of mushrooms.  All remaining averments of this paragraph are denied.

2.      It is admitted only that the vast majority of all mushrooms sold in the United States are agaricus mushrooms.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the amount spent annually by consumers of mushrooms.  All remaining averments of this paragraph are denied.

3.      Denied.

4.      Denied.

5.      This paragraph states conclusions of law to which no answer is required.  To the extent any of the averments of this paragraph are factual in nature, they are denied.  Answering Defendants recognize that this Court previously ruled that Defendants do not qualify for the protections of the Capper-Volstead Act, but the issue has not been addressed by the Court of Appeals, and Answering Defendants continue to assert that Capper-Volstead Act protections apply here.

6.      Denied.

7.      Denied.

8.      Denied.

        a.  Denied.

        b.  Denied.

        c.  Denied.

        d.  Denied.

        e.  Denied.

        f.  Denied.

9.      It is admitted only that the Eastern Mushroom Marketing Cooperative (the "EMMC") held a meeting on January 9, 2001.  All remaining averments in this paragraph are denied.

10.     Denied.

11.     It is admitted only that the EMMC acquired four mushroom farms in 2001.  In or around May 2001 the EMMC acquired two parcels of real property:  one located in Dublin,

Georgia and one located in Hillsboro, Texas.  These parcels were purchased at a bankruptcy auction, which was open to public bidding and available for purchase by any non-member grower or purchaser.  It is also admitted that the EMMC later exchanged the parcel located in Dublin, Georgia for two other parcels of real property in Evansville, Pennsylvania formerly owned by the same bankrupt entity, and then owned by a company not in the mushroom farming business, neither of which had been in the employed in the production of mushrooms since January 2001.  All remaining averments of this paragraph are denied.  To the extent the allegations in Paragraph 11 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

12.     It is admitted only that the EMMC entered into certain lease options in and around February and August 2002.  All remaining averments of this paragraph are denied.

13.     Denied.

14.     Denied.

## II.     JURISDICTION AND VENUE

15.     It is admitted only that this court has subject matter jurisdiction over Plaintiffs' claims.  All remaining averments of this paragraph are denied.

16.     It is admitted only that some Defendants' activities involve the production, processing, and/or sale of fresh market mushrooms.  Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph.

17.     It is admitted only that venue is proper in this judicial district.  All remaining averments of this paragraph are denied.

### III.   THE PARTIES

18.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

19.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

20.     It is admitted only that the EMMC began operations in or around January 2001, is incorporated in the Commonwealth of Pennsylvania, and is headquartered in Kennett Square, Pennsylvania.  All remaining averments of this paragraph are denied.

21.     It is admitted only that the EMMC had approximately 19 members in 2001.  All remaining averments of this paragraph are denied.

22.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

23.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

24.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

25.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

26.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

27.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

28.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

29.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

30.     It is admitted only that Giorgi Mushroom Company is located in Temple, PA, is a grower of mushrooms, was a member of the EMMC during the alleged class period, signed a membership agreement, and attended EMMC meetings.  All remaining averments of this paragraph are denied.

31.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

32.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

33.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

34.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

35.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

36.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

37.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

38.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

39.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

40.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

41.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

42.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

43.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

44.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

45.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

46.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

47.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

48.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

49.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

50.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

51.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

52.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

53.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

54.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

55.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

56.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

57.     It is admitted only that Giorgio Foods, Inc. is located in Temple, PA, does not grow mushrooms, and was not a member of the EMMC during the alleged class period.  All remaining averments of this paragraph are denied.

58.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

59.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

60.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

61.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

62.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

63.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

64.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

65.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

66.    Denied.

## IV.    TRADE AND COMMERCE

67.    It is admitted only that the vast majority of all mushrooms sold in the United States are agaricus mushrooms.  It is further admitted that agaricus mushrooms are sold to fresh market retailers such as grocery store chains and food distributors, but denied that sales of agaricus mushrooms to canneries are at the same prices or pursuant to the same market conditions as fresh agaricus mushrooms.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

68.    The averments of this paragraph are conclusions of law to which no answer is required.  To the extent that said averments are factual in nature, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments.

### V.    DEFENDANTS' ANTICOMPETITIVE CONDUCT

69.    It is admitted only that Giorgi Mushroom Company was an EMMC member beginning in January 2001.  Answering Defendants deny that Giorgi Mushroom Company is still an EMMC member.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

70.

a.    It is admitted only that Giorgi Mushroom Company was an EMMC member beginning in January 2001.  Answering Defendants deny that Giorgi Mushroom Company is still an EMMC member.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

b.    Denied.

c.    Denied.  To the extent the allegations in Paragraph 70(c) purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

d.    Denied.

e.    Denied.

71.    It is admitted only that Plaintiffs named the entities identified in this paragraph as Defendants in the instant lawsuit, and that Giorgio Foods is affiliated with Giorgi Mushroom

Company.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

    a.   Denied.  To the extent the allegations in Paragraph 71(a) purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

    b.   Denied.  To the extent the allegations in Paragraph 71(b) purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

    c.   Denied.

72.    Admitted.

73.    It is admitted that the EMMC began operations in late 2000 or early 2001. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

74.    Denied.

75.    Admitted.

76.    Denied.

77.    It is admitted that a number of growers attended an organizational meeting that was held on November 28, 2000 and later, growers joined the EMMC.  The remaining averments of this paragraph are denied.

78.    Admitted.

79.    Denied.

80.     Denied.

81.     Denied.

82.     Denied.  To the extent the allegations in Paragraph 82 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

83.     Denied.

84.     Denied.

85.     It is admitted only that EMMC members had voting rights under the Membership Agreement.  All remaining averments of this paragraph are denied.

86.     Denied.

87.     It is admitted only that the EMMC issued newsletters to its members at various times.  To the extent the allegations in Paragraph 87 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

88.     It is admitted only that the EMMC had an Executive Committee at various times. All remaining averments of this paragraph are denied.

89.     Denied.

90.     This paragraph states conclusions of law to which no answer is required.  To the extent any of the averments of this paragraph are factual in nature, they are denied.  Answering Defendants recognize that this Court previously ruled that Defendants do not qualify for the protections of the Capper-Volstead Act, but the issue has not been addressed by the Court of

Appeals, and Answering Defendants continue to assert that Capper-Volstead Act protections apply here.

91.     It is admitted only that the EMMC membership included certain growers that were vertically integrated.  All remaining averments of this paragraph are denied.

92.     It is admitted only that Michael Finio, Esquire authored a letter dated January 23, 2001.  The remaining averments of this paragraph are denied.  To the extent the allegations in Paragraph 92 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

93.     Denied.

94.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

95.     Denied.

96.     It is admitted only that the EMMC held a meeting on January 9, 2001.  All remaining averments in this paragraph are denied.  To the extent the allegations in Paragraph 96 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

97.     Denied.  To the extent the allegations in Paragraph 97 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

98.     Denied.  To the extent the allegations in Paragraph 98 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

99.     It is admitted only that the EMMC issued a price list relating to various types, grades, sizes, and packaging modes of mushrooms in January 2001.  The remaining averments of this paragraph are denied.  To the extent the allegations in Paragraph 99 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

100.     Denied.  To the extent the allegations in Paragraph 100 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

101.     Denied.  To the extent the allegations in Paragraph 101 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

102.     Denied.  To the extent the allegations in Paragraph 102 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

103.    Denied.  To the extent the allegations in Paragraph 103 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

104.    Denied.  To the extent the allegations in Paragraph 104 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

105.    Denied.  To the extent the allegations in Paragraph 105 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

106.    Denied.  To the extent the allegations in Paragraph 106 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

107.    Denied.  To the extent the allegations in Paragraph 107 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

108.    Denied.  To the extent the allegations in Paragraph 108 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately

and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

109.    Denied.  To the extent the allegations in Paragraph 109 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

110.    Denied.  To the extent the allegations in Paragraph 110 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

111.    Denied.  To the extent the allegations in Paragraph 111 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

112.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

113.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

114.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

115.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

116.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

117.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

118.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

119.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

120.    It is admitted only that the EMMC held a meeting on January 9, 2001 and a representative for Giorgi attended that meeting.  All remaining averments in this paragraph are denied.

121.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

122.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

123.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

124.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

125.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

126.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

127.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

128.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

129.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

130.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

131.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

132.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

133.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

134.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

135.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

136.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

137.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

138.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

139.     It is admitted only that the EMMC held a meeting on March 12, 2002.  All remaining averments in this paragraph are denied.  To the extent the allegations in Paragraph 139 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

140.     Denied.  To the extent the allegations in Paragraph 140 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

141.     It is admitted only that the EMMC held a meeting on April 9, 2002.  All remaining averments in this paragraph are denied.  To the extent the allegations in Paragraph 141 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

142.     Denied.  To the extent the allegations in Paragraph 142 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

143.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

144.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

145.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

146.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

147.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

148.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

149.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

150.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

151.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

152.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

153.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

154.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

155.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

156.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

157.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

158.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

159.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

160.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

161.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

162.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

163.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

164.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

165.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

166.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

167.    It is admitted only that the EMMC held a meeting on March 12, 2002 and a representative for Giorgi attended that meeting.  All remaining averments in this paragraph are denied.

168.    It is admitted only that the EMMC held a meeting on April 9, 2002 and a representative for Giorgi attended that meeting.  All remaining averments in this paragraph are denied.

169.    Denied.

170.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

171.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

172.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

173.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

174.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

175.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

176.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

177.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

178.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

179.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

180.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

181.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

182.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

183.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

184.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

185.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

186.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

187.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

188. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

189. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

190. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

191. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

192. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

193. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

194. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

195. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

196. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

197. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

198. Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

199.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

200.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

201.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

202.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

203.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

204.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

205.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

206.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

207.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

208.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

209.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

210.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

211.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

212.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

213.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

214.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

215.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

216.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

217.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

218.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

219.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

220.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

221.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

222.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

223.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

224.    Denied.  To the extent the allegations in Paragraph 224 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

225.    Denied.

226.    It is admitted only that the EMMC held a meeting on March 12, 2002.  All remaining averments of this paragraph are denied.  To the extent the allegations in Paragraph 226 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

227.    Denied.

228.    It is admitted only that the EMMC purchased certain parcels of real estate.  All remaining averments of this paragraph are denied.  To the extent the allegations in Paragraph 228 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

229.

a.  Denied.

b.  It is admitted only that in 2001 and/or 2002, the EMMC sold certain real estate
which were not engaged in the growing of mushrooms and/or never likely or able
to become engaged or re-engaged in the production of mushrooms with deed
restrictions, each of which was subsequently removed by the EMMC.  All
remaining averments of this paragraph are denied.

c.  It is admitted only that, in 2002, the EMMC filed deed restrictions on certain real
estate which were not engaged in the growing of mushrooms and/or never likely
or able to become engaged or re-engaged in the production of mushrooms.  The
deed restrictions were subsequently removed.  All remaining averments of this
paragraph are denied.

d.  It is admitted only that, in 2002, the EMMC filed deed restrictions on certain real
estate which were not engaged in the growing of mushrooms and/or never likely
or able to become engaged or re-engaged in the production of mushrooms.  The
deed restrictions were subsequently removed.  All remaining averments of this
paragraph are denied.

230.   Denied.  To the extent the allegations in Paragraph 230 purport to quote/cite to
and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately
and completely characterized them and refer the Court to the those documents for a true and
complete account of their contents.

231.   Denied.  To the extent the allegations in Paragraph 231 purport to quote/cite to
and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately

and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

232.    It is admitted only that the EMMC held a meeting on June 5, 2001 and that, as of that date, Gary Schroeder was the EMMC's Treasurer.  All remaining averments of this paragraph are denied.

233.    Denied.

234.    It is admitted only that the EMMC held a meeting on April 13, 2001.  All remaining averments are of this paragraph are denied.

235.    It is admitted only that, as of May 23, 2001, John Pia was the EMMC's President. All remaining averments of this paragraph are denied.  To the extent the allegations in Paragraph 235 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

236.    It is admitted only that, as of May 23, 2001, John Pia was the EMMC's President. All remaining averments of this paragraph are denied.  To the extent the allegations in Paragraph 236 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

237.    It is admitted only that in or around May 2001 the EMMC acquired a parcel of real property in Dublin, Georgia at a bankruptcy auction, which was open to public bidding and available for purchase by any non-member farmer or other entity, which had not been employed in the production of mushrooms since June 1999.  All remaining averments of this paragraph are denied.

238.    It is admitted only that the EMMC held a meeting on June 5, 2001.  All remaining averments of this paragraph are denied.

239.    Denied.  To the extent the allegations in Paragraph 239 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

240.    It is admitted only that the EMMC subsequently exchanged the Dublin farm for two other parcels of real property in Evansville, Pennsylvania, neither of which had been employed in the production of mushrooms since at least January 2001.   These two properties were purchased at the same bankruptcy auction by a non-farmer.  It is also admitted that a deed restriction was placed on the Dublin property by the EMMC.  All remaining averments of this paragraph are denied.

241.    It is admitted only that the two parcels of real property in Evansville, Pennsylvania acquired by the EMMC in 2001 were sold by the EMMC with deed restrictions, which were subsequently removed by the EMMC.  All remaining averments of this paragraph are denied.

242.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

243.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

244.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

245.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

246.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

247.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

248.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

249.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

250.     It is admitted only that the EMMC held a meeting on June 5, 2001 and a representative for Giorgi attended that meeting.  All remaining averments of this paragraph are denied.

251.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

252.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

253.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

254.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

255.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

256.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

257.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

258.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

259.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

260.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

261.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

262.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

263.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

264.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

265.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

266.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

267.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

268.     It is admitted only that the EMMC purchased a parcel of real property in Berks County, Pennsylvania on a portion of which mushrooms had been grown prior to June 2001.  It is further admitted that the EMMC sold this property with a deed restriction, which was subsequently removed by the EMMC.  All remaining averments of this paragraph are denied.

269.     It is admitted only that the EMMC entered into various agreements with one of its members regarding the Ohio Valley Mushroom Farms and that said agreement included a non-compete provision, certain rights of first refusal, and that the EMMC placed a deed restriction on the property, which was subsequently removed by the EMMC.  All remaining averments contained in this paragraph are denied.  To the extent the allegations in Paragraph 269 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

270.     It is admitted only that in or about March 2002 the EMMC acquired real property in Berks County, Pennsylvania, which property had been for sale since October 2001, and that this property was sold with a deed restriction which was subsequently removed by the EMMC. All remaining averments of this paragraph are denied.

271.     It is admitted only that in or about August of 2002 the EMMC purchased an option to lease a parcel of real property in Berks County, Pennsylvania, which had not been employed in producing mushrooms for the processed market since January 2001, that a deed restriction was filed of record regarding this property, which was subsequently removed by the

EMMC, and that the EMMC never leased this property.  All remaining averments of this paragraph are denied.

272.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

273.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

274.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

275.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

276.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

277.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

278.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

279.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

280.    It is admitted only that the EMMC held a meeting on June 5, 2001 and a representative for Giorgi attended that meeting.  All remaining averments of this paragraph are denied.

281.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

282.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

283.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

284.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

285.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

286.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

287.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

288.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

289.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

290.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

291.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

292.     Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

293.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

294.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

295.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

296.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

297.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

298.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

299.    Denied.

300.    It is admitted only that the EMMC acquired a parcel of real property in Hillsboro, Texas, which property was closed and not producing mushrooms since November 2000, and was subject to a deed restriction for only a few months.  All remaining averments of this paragraphs are denied.  To the extent the allegations in Paragraph 300 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

301.    It is admitted only that Stuart Thomas and other plaintiffs filed suit against South Mill Mushroom Sales, Mike Pia, John Pia, and other employees of Defendant Kaolin, *Dallas South Mill, Inc.* v. *Kaolin Mushroom Farms, Inc.*, No. 3:05-cv-1890 (N.D. Tex. Sept. 23, 2005).

Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph.

302.    Denied.  To the extent the allegations in Paragraph 302 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

303.    Denied.  To the extent the allegations in Paragraph 303 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

304.    This paragraph states conclusions of law to which no answer is required.  To the extent any of the averments of this paragraph are factual in nature, they are denied.  Answering Defendants recognize that this Court previously ruled that Defendants do not qualify for the protections of the Capper-Volstead Act, but the issue has not been addressed by the Court of Appeals, and Answering Defendants continue to assert that Capper-Volstead Act protections apply here.

305.    Denied.

306.    It is admitted only that during 2001 and 2002 the EMMC acquired four parcels of real property in Pennsylvania (a small portion of which had been formerly used to grow mushrooms and/or were never likely or able to become engaged or re-engaged in the production of mushrooms) as well as two lease options on two additional parcels of real property in Pennsylvania.  All remaining averments of this paragraph are denied.

307.    This paragraph states conclusions of law to which no answer is required.  To the extent any of the averments of this paragraph are factual in nature, they are denied.  Answering Defendants recognize that this Court previously ruled that Defendants do not qualify for the protections of the Capper-Volstead Act, but the issue has not been addressed by the Court of Appeals, and Answering Defendants continue to assert that Capper-Volstead Act protections apply here.

308.    Denied.

309.    It is admitted that growers sometimes buy, sell, or transfer mushrooms to each other.  All remaining averments of this paragraph are denied.

310.    Denied.

311.    It is admitted only that the EMMC held a meeting in January 2002.  All remaining averments of this paragraph are denied

312.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

313.    Denied.

314.    Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

315.    It is admitted only that the United States Department of Justice filed a complaint against EMMC, styled *United States of America* v. *Eastern Mushroom Marketing Cooperative, Inc.*, Civil Case No. 2: 04-CV-S 829 (the "DOJ Complaint") alleging that the EMMC had violated Section 1 of the Sherman Act, 15 U.S.C. § 1.  All remaining averments of this paragraphs are denied.

316.    It is admitted only that the United States and the EMMC filed a proposed Final Judgment, without any admission of liability or wrongdoing, that was subsequently entered on September 9, 2005.  It is specifically denied that the EMMC "shut down" any properties at any time pertinent hereto.  All remaining averments of this paragraph are denied.

317.    Denied.  To the extent the allegations in Paragraph 317 purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

318.    It is admitted only that the DOJ made these allegations.  Answering Defendants deny/admit these allegations as set forth below:

a.    Denied.  To the extent the allegations in Paragraph 318(a) purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

b.    Denied.  To the extent the allegations in Paragraph 318(b) purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

c.    Denied.  To the extent the allegations in Paragraph 318(c) purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

d. Denied.  To the extent the allegations in Paragraph 318(d) purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

e. Denied.  To the extent the allegations in Paragraph 318(e) purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

f. Denied.  To the extent the allegations in Paragraph 318(f) purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

g. Denied.  To the extent the allegations in Paragraph 318(g) purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

   a. Denied.  To the extent the allegations in Paragraph 318(g)(a) purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

   b. Denied.  To the extent the allegations in Paragraph 318(g)(b) purport to quote/cite to and characterize certain documents, Answering Defendants deny

that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

c. Denied.  To the extent the allegations in Paragraph 318(g)(c) purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

d. Denied.  To the extent the allegations in Paragraph 318(g)(d) purport to quote/cite to and characterize certain documents, Answering Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to the those documents for a true and complete account of their contents.

h. Admitted.

319.    It is admitted only that none of the documents filed by the DOJ in support of the Final Judgment identify any of the members of EMMC.  This paragraph also states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

## VI.    FRAUDULENT CONCEALMENT AND TOLLING

320.    Denied.

321.    Denied.

a. Denied.

b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

322.    This paragraph states conclusions of law to which no answer is required. To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

323.    This paragraph states conclusions of law to which no answer is required. To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

324.    This paragraph states conclusions of law to which no answer is required. To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

325.    This paragraph states conclusions of law to which no answer is required. To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

326.    This paragraph states conclusions of law to which no answer is required. To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

327.    This paragraph states conclusions of law to which no answer is required. To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

328.     This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

## VII.     CAUSES OF ACTION

329.     Defendants incorporate by reference all of the foregoing allegations as though fully set forth at length.

330.     Denied.

331.     This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

332.     Denied.

   a.   Denied.

   b.   Denied.

   c.   Denied.

   d.   Denied.

   e.   Denied.

   f.   Denied.

333.     This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

334.     This paragraph states conclusions of law to which no answer is required.  To the extent any of the averments of this paragraph are factual in nature, they are denied.  Answering Defendants recognize that this Court previously ruled that Defendants do not qualify for the

protections of the Capper-Volstead Act, but the issue has not been addressed by the Court of Appeals, and Answering Defendants continue to assert that Capper-Volstead Act protections apply here.

335.    This paragraph states conclusions of law to which no answer is required.  To the extent any of the averments of this paragraph are factual in nature, they are denied.  Answering Defendants recognize that this Court previously ruled that Defendants do not qualify for the protections of the Capper-Volstead Act, but the issue has not been addressed by the Court of Appeals, and Answering Defendants continue to assert that Capper-Volstead Act protections apply here.

336.    This paragraph states conclusions of law to which no answer is required.  To the extent any of the averments of this paragraph are factual in nature, they are denied.  Answering Defendants recognize that this Court previously ruled that Defendants do not qualify for the protections of the Capper-Volstead Act, but the issue has not been addressed by the Court of Appeals, and Answering Defendants continue to assert that Capper-Volstead Act protections apply here.

337.    Denied.

338.    Denied.

339.    Defendants incorporate by reference all of the foregoing allegations as though fully set forth at length.

340.    Denied.

341.    This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

a.   This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

b.   This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

c.   This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

d.   This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

e.   This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

f.   This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

g.   This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

342.    This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

343.    Denied.

344.    This paragraph states conclusions of law to which no answer is required.  To the extent any of the averments of this paragraph are factual in nature, they are denied.  Answering Defendants recognize that this Court previously ruled that Defendants do not qualify for the protections of the Capper-Volstead Act, but the issue has not been addressed by the Court of Appeals, and Answering Defendants continue to assert that Capper-Volstead Act protections apply here.

345.    Denied.

346.    Defendants incorporate by reference all of the foregoing allegations as though fully set forth at length.

347.    This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

348.    This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

349.    This paragraph states conclusions of law to which no answer is required.  To the extent that any of the averments of this paragraph are factual in nature, said averments are denied.

350.    Denied.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Answering Defendants respectfully request that Plaintiffs' First Amended

Complaint be dismissed with prejudice and for an award of costs of suit, including attorney's

fees and expert witness fees and for such other relief as the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs' First Amended Complaint, in whole or in part, fails to state claims

upon which relief may be granted.

2.      Some of all of Plaintiffs' claims for money damages and/or equitable relief are

barred by the statute of limitations and/or repose and there are no grounds for tolling the

applicable statute of limitations.

3.      Plaintiffs' claims are barred by laches, waiver, estoppel, and/or res judicata.

4.      Plaintiffs' claims are barred in whole or in part by Section 6 of the Clayton Act,

15 U.S.C. § 17.

5.      Plaintiffs' claims are barred in whole or in part by the Capper-Volstead Act, 7

U.S.C. § 291.

6.      "Naked" price fixing by an agricultural cooperative is allowed by Section 6 of the

Clayton Act, 15 U.S.C. § 17, and the Capper-Volstead Act, 7 U.S.C. § 291.

7.      All members of the EMMC were farms within the meaning of the Capper-

Volstead Act, 7 U.S.C. § 291 and the Clayton Act, 15 U.S.C. § 17.

8.      Integrated grower/processors are protected from antitrust liability by Section 6 of

the Clayton Act, 15 U.S.C. § 17, and the Capper-Volstead Act. 7. U.S.C. § 291.

9.      Plaintiffs' conspiracy claims are precluded by the Capper-Volstead Act and the

*Copperweld* doctrine.

10.     Plaintiffs are barred from any recovery because Defendants' actions were lawful, justified, pro-competitive, did not unreasonably restrain trade, and were based on independent and legitimate business justifications.

11.     At all relevant times, Answering Defendants acted in good faith pursuant to the advice of counsel and believed that their activities were lawful.

12.     Some or all of Plaintiffs' claims are barred because they have not suffered antitrust injuries.

13.     Plaintiffs cannot assert their claims because they lack standing and/or are not the proper parties to assert these claims.

14.     There was no sustainable conspiracy between EMMC members and non-member distributors.

15.     There was no unity of purpose between EMMC and the property sellers or purchasers.

16.     The purported product market is not a relevant market.

17.     The purported geographic markets are insufficient.

18.     Plaintiffs cannot recover under Section 7 of the Clayton Act, 15 U.S.C. § 18, against Defendants who did not acquire the assets.

19.     Plaintiffs' claims for damages are barred because the EMMC's acquisition of real properties had no impact on the prices that Plaintiffs paid.

20.     There was no causal connection between the alleged conduct and any increased prices.

21.     Plaintiffs have failed to adequately allege fraudulent concealment.

22.     The actions complained of such as buying properties at a widely publicized auction, open to the public, and filing deed restrictions of public record were not and could not conceivably be acts of concealment.

23.     Plaintiffs' alleged claims are barred in whole or in part because the members of the EMMC cannot conspire with each other or with their commonly owned companies as a matter of law.

24.     Plaintiffs' alleged claims are barred in whole or in part because Pennsylvania Corporation Law, including 15 Pa.C.S.A. § 5552 and 15 Pa.C.S.A. § 7102, affords members of a Pennsylvania non-profit cooperative corporation like the EMMC protection against personal liability.

25.     The First Amended Complaint fails to state any basis for injunctive relief.

26.     Plaintiffs' claims are barred in whole or in part because the impact and damages alleged do not exist, cannot be proven, and/or are too speculative and remote.

27.     Plaintiffs' claims are barred in whole or in part because they have failed to mitigate any damages allegedly suffered as a result of the alleged conduct.

28.     Answering Defendants adopt by reference any defense not otherwise expressly set forth herein that is pleaded by any other Defendant in this action.

29.     Answering Defendants reserve the right to assert any additional defenses revealed through discovery or other investigation.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Answering Defendants hereby demand a trial by jury on all claims so triable.

Dated: July 12, 2019
          New York, New York

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:  /s/ Jacqueline P. Rubin
Jacqueline P. Rubin*
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990

* admitted *pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of July 2019, a true and correct copy of the

foregoing Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint was filed

with the Clerk of Court and served upon counsel of record via the Court's CM/ECF System.


<u>/s/ Jacqueline P. Rubin</u>
Jacqueline P. Rubin