**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WINN-DIXIE STORES, INC. and** | : | |
| **BI-LO HOLDINGS, LLC,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **No. 15-cv-6480** |
| **v.** | : | |
| | : | **Related Action: Master File No. 06-0620** |
| **EASTERN MUSHROOM** | : | |
| **MARKETING COOPERATIVE, INC.,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**CARDILE MUSHROOMS, INC.'S ANSWER TO WINN-DIXIE'S AND BI-LO**
**HOLDINGS, LLC'S FIRST AMENDED COMPLAINT**

Defendant Cardile Mushrooms, Inc. ("CMI") hereby responds to the First Amended

Complaint filed by Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC ("Plaintiffs")

and respectfully states as follows:

**I. NATURE OF THE ACTION**

1. It is admitted only that Plaintiffs purport to bring this action to recover damages. CMI is

without knowledge or information sufficient to form a belief as to the truth of the allegation

regarding whether Plaintiffs are direct purchasers or even purchasers of mushrooms.  All

remaining averments of this paragraph are denied.

2. It is admitted only that the vast majority of all mushrooms sold in the United States are

agaricus mushrooms.  CMI is without knowledge or information sufficient to form a belief as to

the truth of the allegation regarding the amount spent annually by consumers of mushrooms.  All

remaining averments of this paragraph are denied.

3. This paragraph states conclusions of law to which no answer is required.  To the extent any of the averments of this paragraph are factual in nature, they are denied.

4. This paragraph states conclusions of law to which no answer is required.  To the extent the allegations in this paragraph are directed to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in this paragraph are denied.

5. – 7. The allegations in Paragraphs 5 through 7 are conclusions of law to which no response is required.  To the extent the allegations in Paragraphs 5 through 7 are directed to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraphs 5 through 7 are denied.

8. This paragraph states conclusions of law to which no answer is required.  To the extent the allegations in this paragraph are directed to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in this paragraph are denied.

9. This paragraph states conclusions of law to which no answer is required.  To the extent the allegations in this paragraph are directed to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in this paragraph are denied.

10. This paragraph states conclusions of law to which no answer is required.  To the extent the allegations in this paragraph are directed to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in this paragraph are denied.

11. – 14. This paragraph states conclusions of law to which no answer is required.  To the extent the allegations in this paragraph are directed to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in this paragraph are denied.

## II. JURISDICTION AND VENUE

15. It is admitted only that this court has subject matter jurisdiction over Plaintiffs' claims. All remaining averments of this paragraph are denied.

16. Admitted in part, denied in part. To the extent the allegations in Paragraph 16 are conclusions of law, no response is required. To the extent the allegations in Paragraph 16 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. It is admitted only that CMI engaged in the production of fresh market mushrooms.  Any remaining allegations in Paragraph 16 are denied.

17. It is admitted only that venue is proper in this judicial district. All remaining averments of this paragraph are denied.

## III. THE PARTIES

18. – 19. The allegations in Paragraphs 18 and 19 relate to plaintiff Winn-Dixie Stores, Inc. and Bi-Lo Holdings LLC.  CMI is without knowledge and information sufficient to form a belief as to such statements and they are accordingly denied. Any remaining allegations in Paragraphs 18 and 19 are denied.

20. The allegations in Paragraph 20 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 20 are denied.

21. To the extent the allegations in Paragraph 21 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations and those allegations are accordingly denied. Any remaining allegations in Paragraph 21 are denied.

22. To the extent the allegations in Paragraph 22 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  All remaining allegations of Paragraph 22 are denied.

23. To the extent the allegations in Paragraph 23 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  All remaining allegations of Paragraph 23 are denied.

24. It is admitted only that CMI is located in Avondale, PA and is a grower of mushrooms. All remaining allegations of Paragraph 24 are denied.

25. To the extent the allegations in Paragraph 25 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 25 are denied.

26. To the extent the allegations in Paragraph 26 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 26 are denied.

27. To the extent the allegations in Paragraph 27 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 27 are denied.

28. To the extent the allegations in Paragraph 28 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 28 are denied.

29. To the extent the allegations in Paragraph 29 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 29 are denied.

30. To the extent the allegations in Paragraph 30 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 30 are denied.

31. To the extent the allegations in Paragraph 31 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 31 are denied.

32. To the extent the allegations in Paragraph 32 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 32 are denied.

33. To the extent the allegations in Paragraph 33 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations of Paragraph 33 are denied.

34. To the extent the allegations in Paragraph 34 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 34 are denied.

35. To the extent the allegations in Paragraph 35 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 35 are denied.

36. To the extent the allegations in Paragraph 36 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 36 are denied.

37. To the extent the allegations in Paragraph 37 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 37 are denied.

38. To the extent the allegations in Paragraph 38 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 38 are denied.

39. To the extent the allegations in Paragraph 39 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 39 are denied.

40. To the extent the allegations in Paragraph 40 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 40 are denied.

41. To the extent the allegations in Paragraph 41 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in Paragraph 41 are denied.

42. To the extent the allegations in Paragraph 42 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 42 are denied.

43. To the extent the allegations in Paragraph 43 are conclusions of law, no response is required. To the extent the allegations in Paragraph 43 relate to another defendant, CMI lacks

knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 43 are denied.

44. To the extent the allegations in Paragraph 44 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 44 are denied.

45. To the extent the allegations in Paragraph 45 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 45 are denied.

46. To the extent the allegations in Paragraph 46 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 46 are denied.

47. To the extent the allegations in Paragraph 47 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 47 are denied.

48. To the extent the allegations in Paragraph 48 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 48 are denied.

49. To the extent the allegations in Paragraph 49 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 49 are denied.

50. To the extent the allegations in Paragraph 50 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 50 are denied.

51. To the extent the allegations in Paragraph 51 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 51 are denied.

52. To the extent the allegations in Paragraph 52 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 52 characterize a letter, that letter is a writing that speaks for itself and those allegations are accordingly denied. Any remaining allegations in Paragraph 52 are denied.

53. To the extent the allegations in Paragraph 53 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 53 are denied.

54. To the extent the allegations in Paragraph 54 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 54 are denied.

55. To the extent the allegations in Paragraph 55 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 55 are denied.

56. To the extent the allegations in Paragraph 56 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  It is admitted CMI is owned 50% by Michael P. Cardile Sr. and 50% by Charles Cardile. The remaining allegations in Paragraph 56 are denied as to CMI.

57. To the extent the allegations in Paragraph 57 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 57 are denied.

58. To the extent the allegations in Paragraph 58 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 58 are denied.

59. To the extent the allegations in Paragraph 59 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 59 are denied.

60. To the extent the allegations in Paragraph 60 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 60 are denied.

61. To the extent the allegations in Paragraph 61 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 61 are denied.

62. To the extent the allegations in Paragraph 62 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 62 are denied.

63. To the extent the allegations in Paragraph 63 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 63 are denied.

**NON-DEFENDANT CO-CONSPIRATORS**

64. To the extent the allegations in Paragraph 64 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 64 are denied.

65. To the extent the allegations in Paragraph 65 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 65 are denied.

66. To the extent the allegations in Paragraph 66 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 66 are denied.

## IV. TRADE AND COMMERCE

67. To the extent the allegations in Paragraph 67 purport to reference published statistics, such a publication is a writing that speaks for itself.  To the extent the allegations in Paragraph 67 relate to other defendants and third parties, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The remaining allegations in Paragraph 67 are denied.

68. To the extent the allegations in Paragraph 68 are conclusions of law, no response is required.  Any remaining allegations of Paragraph 68 are denied.

## V. DEFENDANTS' ANTICOMPETITIVE CONDUCT

69. To the extent the allegations in Paragraph 69 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  By way of further response, CMI has never been a member of EMMC and did not participate in, or benefit from, the conduct of the EMMC or its members.  Any remaining allegations in Paragraph 69 are denied.

70. To the extent the allegations in Paragraph 70 and Footnote 1 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and CMI accordingly denies those allegations. To the extent the allegations in Paragraph 70 and Footnote 1 are conclusions of law, no response is required. Any remaining allegations in Paragraph 70 and Footnote 1 are denied.

71. It is admitted only that Plaintiffs named the entities identified in this lawsuit as Defendants.  It is further admitted CMI is owned 50% by Michael P. Cardile Sr. and 50% by Charles Cardile.  Any remaining allegations in Paragraph 71 are denied.  To the extent the allegations in Paragraph 71 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

## THE FORMATION OF THE EMMC

72. CMI is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

73. CMI is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

74. CMI is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

75. CMI is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

76. CMI is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

77. It is admitted that CMI is a mushroom grower and owned 50% by Michael P. Cardile Sr. and 50% Charles Cardile.  Any remaining allegations in Paragraph 77 are denied.  To the extent

the allegations in Paragraph 77 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

78. CMI is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

79. CMI is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

80. CMI is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

81. - 83. To the extent the allegations in Paragraphs 81 through 83 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent the allegations in Paragraphs 81 through 83 characterize the 2001 EMMC membership agreement, that membership agreement is a writing that speaks for itself and those allegations are accordingly denied.  Any remaining allegations in Paragraphs 81 through 83 are denied.

84. – 90. To the extent the allegations in Paragraphs 84 through 90 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  To the extent this paragraph states conclusions of law, no answer is required.  Any remaining allegations in Paragraphs 84 through 90 are denied.

**THE EMMC MEMBERSHIP INCLUDED NON-GROWERS AND VERTICALY INTEGRATED GROWER, DISTRIBUTOR PROCESSORS**

91. To the extent the allegations in Paragraph 91 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in Paragraph 91 are denied.

92. To the extent the allegations in Paragraph 92 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 92 characterize a letter, a writing that speaks for itself and those allegations are accordingly denied. Any remaining allegations in Paragraph 92 are denied.

93. – 94. To the extent the allegations in Paragraphs 93 and 94 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in Paragraphs 93 and 94 are denied.

## NAKED PRICE FIXING AGREEMENT ON
## 2001 MINIMUM PRICES AND OTHER ACTIONS

95. To the extent the allegations in Paragraph 95 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 95 are denied.

96. To the extent the allegations in Paragraph 96 relate to other Defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 96 are denied.

97. To the extent the allegations in Paragraph 97 characterize EMMC purported Meeting Minutes, those minutes are a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 97 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 97 are denied.

98. To the extent the allegations in Paragraph 98 characterize a putative membership agreement, that agreement is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 98 relate to other defendants, CMI lacks

knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 98 are denied.

99. To the extent the allegations in Paragraph 99 characterize a document, it is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 99 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in Paragraph 99 are denied.

100. To the extent the allegations in Paragraph 100 characterizes a document, it is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 100 relate to other Defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 100 are denied.

101. To the extent the allegations in Paragraph 101 characterize deposition testimony, that deposition testimony is a writing that speaks for itself and those allegations are accordingly denied. To the extent the allegations in Paragraph 101 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 101 are denied.

102. To the extent the allegations in Paragraph 102 characterize deposition testimony, that deposition testimony is a writing that speaks for itself.  To the extent the allegations in Paragraph 102 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 102 are denied.

103. To the extent the allegations in Paragraph 103 characterize a document, it is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 103 relate to other Defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.   Any remaining allegations in Paragraph 103 are denied.

104. To the extent the allegations in Paragraph 104 and Footnote 2 characterize a document, it is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 104 and Footnote 2 relate to other Defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 104 are denied.

105. To the extent the allegations in Paragraph 105 characterize a document, it is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 105 relate to other Defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.   Any remaining allegations in Paragraph 105 are denied.

106. To the extent the allegations in Paragraph 106 characterize a document, it is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 106 relate to other Defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.   Any remaining allegations are denied.

107. To the extent the allegations in Paragraph 107 characterize a document, it is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 106 relate to other Defendants, CMI lacks knowledge and information sufficient to

respond to those allegations, and those allegations are accordingly denied.  By way of further answer, CMI is a mushroom grower owned 50% by Michael P. Cardile, Sr. and 50% by Charles Cardile.  Any remaining allegations in Paragraph 107 are denied.

108. To the extent the allegations in Paragraph 108 characterize deposition testimony, that testimony is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 108 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 108 are denied.

109. To the extent the allegations in Paragraph 109 characterize an email, that email is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 109 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 109 are denied.

110. To the extent the allegations in Paragraph 110 characterize an email, that email is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 110 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 110 are denied.

111. To the extent the allegations in Paragraph 111 and Footnote 3 characterize deposition testimony, that deposition testimony is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 111 and Footnote 3 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and

those allegations are accordingly denied. Any remaining allegations in Paragraph 111 and Footnote 3 are denied.

112. CMI is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

113. CMI is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

114. Denied.  By way of further answer, any alleged involvement of Michael P. Cardile, Sr. in the EMMC was not on behalf of CMI or with CMI's consent. Any remaining allegations in Paragraph 114 are denied.

115. – 138. CMI is without information or knowledge sufficient to form a belief as to the truth of the averments of these paragraphs.

## AGREEMENT ON 2002 MINIMUM PRICES AND OTHER ACTIONS

139. To the extent the allegations in Paragraph 139 characterize EMMC purported Meeting Minutes, those minutes are a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 139 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 139 are denied.

140. To the extent the allegations in Paragraph 140 characterize EMMC purported Meeting Minutes, those minutes are a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 140 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 140 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in Paragraph 140 are denied.

141. To the extent the allegations in Paragraph 141 characterize various documents, those documents are writings that speak for themselves and those allegations are accordingly denied. To the extent the allegations in Paragraph 141 are conclusions of law, no response is required. To the extent the allegations in Paragraph 141 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in Paragraph 141 are denied.

142. To the extent the allegations in Paragraph 142 characterize EMMC's written polices, those documents are writings that speak for themselves and those allegations are accordingly denied. To the extent the allegations in Paragraph 142 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in Paragraph 142 are denied.

143 - 148. CMI is without information or knowledge sufficient to form a belief as to the truth of the averments of these paragraphs.

149. Denied. Any alleged involvement of Michael P. Cardile, Sr. in the EMMC was not on behalf of CMI or with CMI's consent. CMI was never a member of the EMMC and it is specifically denied that CMI attended the meetings discussed in Paragraphs 139-140. Similarly, CMI never agreed to, and never voted in favor of, the pricing policies and minimum prices discussed in Paragraphs 139-140. Finally, because CMI was never a member of the EMMC, it never agreed to be bound by any votes of EMMC members. Any remaining allegations in Paragraph 149 are denied.

150. Denied. To the extent the allegations in Paragraph 150 are conclusions of law, no response is required. By way of further response, any alleged involvement of Michael P. Cardile, Sr. in the EMMC was not on behalf of CMI or with CMI's consent. CMI was never a member of

the EMMC and it is specifically denied that CMI attended the April 9, 2002 EMMC meeting. Similarly, CMI never agreed to and never voted in favor of the minimum prices discussed in Paragraph 141.  Finally, because CMI was never a member of the EMMC, it never agreed to be bound by any votes of EMMC members.  The remaining allegations in Paragraph 150 are denied.

151. Denied.  To the extent the allegations in Paragraph 151 are conclusions of law, no response is required. By way of further response, any alleged involvement of Michael P. Cardile, Sr. in the EMMC was not on behalf of CMI or with CMI's consent.  CMI was never a member of the EMMC and it is specifically denied that CMI agreed to and voted in favor of the April 24, 2002 EMMC Policy Revision. CMI was never a member of the EMMC, it never agreed to be bound by any votes of EMMC members.  The remaining allegations in Paragraph 151 are denied.

152. – 223. CMI is without information or knowledge sufficient to form a belief as to the truth of the averments of these paragraphs.

## EACH EMMC MEMBER, ACTING COLLECTIVELY WITH EACH OTHER EMMC MEMBER, AGREED TO THE MINIMUM PRICES AND TO FOLLOW THEM

224. To the extent the allegations in Paragraph 224 characterize various documents and deposition testimony, those documents and testimony are writings that speak for themselves and those allegations are accordingly denied.  To the extent the allegations in Paragraph 224 are conclusions of law, no response is required.  To the extent the allegations in 224 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations in Paragraph 224 are denied.

## EMMC AND ITS MEMBERS IMPLEMENTED ENFORCEMENT MECHANISMS WITH RESPECT TO THE AGREED MINIMUM PRICES

225. To the extent the allegations in Paragraph 225 are conclusions of law, no response is required. To the extent the allegations in Paragraph 225 relate to other defendants, CMI lacks

knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

226. To the extent the allegations in Paragraph 226 characterize meeting minutes, those minutes are a writing that speaks for itself and those allegations are accordingly denied. To the extent the allegations in 226 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

227. To the extent the allegations in Paragraph 227 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

## THE SUPPLY REDUCTION PROGRAM

228. To the extent the allegations in Paragraph 228 characterize a document and deposition testimony, that document and deposition transcripts are writings that speak for themselves and those allegations are accordingly denied.  To the extent the allegations in Paragraph 228 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 228 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

229. To the extent the allegations in Paragraph 229 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

230. To the extent the allegations in Paragraph 230 characterize an email, that email is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 230 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

231. To the extent the allegations in Paragraph 231 characterize an unidentified document, that document is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 231 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

232. To the extent the allegations in Paragraph 232 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

233. To the extent the allegations in Paragraph 233 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

234. To the extent the allegations in Paragraph 234 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

235. To the extent the allegations in Paragraph 235 characterize an unidentified document, that document is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 235 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

236. To the extent the allegations in Paragraph 236 characterize an email, that email is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 236 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

**PURCHASE OF THE DUBLIN, GEORGIA FARM AND ACTIONS BY THE EMMC MEMBERS AND EXECUTIVE COMMITTEE REGARDING THE SUPPLY CONTROL PROGRAM**

237. To the extent the allegations in Paragraph 237 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

238. To the extent the allegations in Paragraph 238 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

239. To the extent the allegations in Paragraph 239 characterize an email, that email is a writing that speaks for itself and those allegations are accordingly denied.  To the extent the allegations in Paragraph 239 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

240.  To the extent the allegations in Paragraph 240 relate to another defendant and a third party, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

241.  To the extent the allegations in Paragraph 241 relate to another defendant and a third party, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

242. To the extent the allegations in Paragraph 242 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in Paragraph 242 are denied.

243.  To the extent the allegations in Paragraph 243 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining in Paragraph 243 allegations are denied.

244. Denied.  To the extent the allegations in Paragraph 244 are conclusions of law, no response is required.  By way of further response, any alleged involvement of Michael P. Cardile, Sr. in the EMMC was not on behalf of CMI or with CMI's consent.  CMI was never a member of the EMMC, nor did CMI attend any EMMC meetings.  It is specifically denied that CMI agreed to and voted in favor of the purchase of the Dublin, Georgia farm, the exchange of that farm for another mushroom farm in Evansville, Pennsylvania, or the sale of the two parcels of that farm.  CMI had no knowledge of, nor did it acquiesce to these real estate transactions, nor did it agree to be bound by any votes of EMMC members.  The remaining allegations in Paragraph 244 are denied.

245. – 267.  To the extent the allegations in Paragraphs 245 - 267 are conclusions of law, no response is required. To the extent the allegations in Paragraphs 245 267 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in Paragraphs 245 - 267 are denied.

## THE 2002 REAL ESTATE TRANSACTIONS

268. To the extent the allegations in Paragraph 268 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

269. To the extent the allegations in Paragraph 269 characterize an email, that email is a writing that speaks for itself and those allegations are accordingly denied. To the extent the allegations in Paragraph 269 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

270. To the extent the allegations in Paragraph 270 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

271. To the extent the allegations in Paragraph 271 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

272. To the extent the allegations in Paragraph 272 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

273. To the extent the allegations in Paragraph 273 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

274. Denied.  To the extent the allegations in Paragraph 274 are conclusions of law, no response is required.  By way of further response, any alleged involvement of Michael P. Cardile, Sr. in the EMMC was not on behalf of CMI or with CMI's consent.  CMI was never a member of the EMMC nor did it attend their meetings or agree to be bound by any votes of EMMC members. It is specifically denied that CMI had knowledge of, agreed to, voted in favor of or acquiesced to (a) the purchase of Gallo's Mushroom Farm or sale of that farm, (b) the payment of $1 million to the owners of the Ohio Valley Mushroom Farms in exchange for a non-compete and right of first refusal and option that placed a deed restriction that the property not be used for growing mushrooms, (c) the purchase of the La Conca D'Oro mushroom farm and sale of that farm, or (d) the purchase of a 10-year option on the Amadio Farm.  The remaining allegations in Paragraph 274 are denied.

275. – 299. To the extent the allegations in Paragraphs 275 298 are conclusions of law, no response is required.  To the extent the allegations in Paragraphs 275 - 298 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

300. To the extent the allegations in Paragraph 300 characterize an unidentified document, that document is a writing which speaks for itself and those allegations are denied.  To the extent the allegations in Paragraph 300 are conclusions of law, no response is required. To the extent the allegations in Paragraph 300 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

301. To the extent the allegations in Paragraph 301 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 301 relate to other defendants and third parties, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

302. To the extent the allegations in Paragraph 302 characterize an e-mail, that document is a writing that speaks for itself and those allegations are denied.  To the extent the allegations in Paragraph 302 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

303. To the extent the allegations in Paragraph 303 characterize meeting notes, that document is a writing that speaks for itself and those allegations are denied.  To the extent the allegations in Paragraph 303 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

304. To the extent the allegations in Paragraph 304 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 304 relate to other defendants and third parties, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  By way of further response, CMI had no involvement whatsoever in the conduct alleged in Paragraph 304.  Any remaining allegations in Paragraph 304 are denied.

305. To the extent the allegations in Paragraph 305 are conclusions of law, no response is required. Any remaining allegations in Paragraph 305 are denied.

306. To the extent the allegations in Paragraph 306 and Footnote 4 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 306 and Footnote 4 relate to other defendants and third parties, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 306 and Footnote 4 characterize a deed restriction, that document is a writing that speaks for itself and those allegations are denied. Any remaining allegations in Paragraph 306 and Footnote 4 are denied.

307. To the extent the allegations in Paragraph 307 are conclusions of law, no response is required. To the extent the allegations in Paragraph 307 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in Paragraph 307 are denied.

**Group Boycotts**

308. The allegations in Paragraph 308 relate to other defendants and third parties, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in Paragraph 308 are denied.

309. CMI admits only that mushroom growers sometimes sell and purchase fresh mushrooms from one another to fill their needs. The remaining allegations in Paragraph 309 relate to other defendants and third parties, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in Paragraph 309 are denied.

310. To the extent the allegations in Paragraph 310 are conclusions of law, no response is required. To the extent the allegations in Paragraph 310 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in Paragraph 310 are denied.

311. To the extent the allegations in Paragraph 311 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 311 characterize Mr. Alder's declaration, that declaration is a writing that speaks for itself and those allegations are accordingly denied. By way of further response, any suggestion that CMI participated in any of the conduct described in Paragraph 311 as a member of the EMMC is denied. CMI was never a member of the EMMC.

312. To the extent the allegations in Paragraph 312 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. The basis of the allegations in Paragraph 312 are deposition testimony and declarations of certain witnesses, those declarations and testimony are writings that speak for themselves and those allegations are accordingly denied. CMI denies any suggestion that CMI had any role in crafting or implementing EMMC policies. Any remaining allegations in Paragraph 312 are denied.

313. CMI is  without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

314. CMI is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph.

## DOJ ACTION

315. To the extent the allegations in Paragraph 315 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 315 relate to another defendant or the actions of the Department of Justice, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 315 characterize the DOJ complaint, that complaint is a writing that speaks for itself and those allegations are accordingly denied. Any remaining allegations in Paragraph 315 are denied.

316. To the extent the allegations in Paragraph 316 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 316 relate to another defendant or the actions of the Department of Justice, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. To the extent the allegations in Paragraph 316 characterize the DOJ complaint or a judgment, those documents are writings that speak for themselves and those allegations are accordingly denied. Any remaining allegations in Paragraph 316 are denied.

317. The allegations in Paragraph 317 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  The allegations in Paragraph 317 characterize a Competitive Impact Statement, which is a writing that speaks for itself, and those allegations are accordingly denied.

318. To the extent the allegations in Paragraph 318 are conclusions of law, no response is required. The allegations in Paragraph 318 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. The allegations in Paragraph 318 characterize a Competitive Impact Statement, which is a writing that speaks for itself, and those allegations are accordingly denied.

319. To the extent the allegations in Paragraph 319 are conclusions of law, no response is required. The allegations in Paragraph 319 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

## VI. FRAUDULENT CONCEALMENT AND TOLLING
### Fraudulent Concealment

320. To the extent the allegations in Paragraph 320 are conclusions of law, no response is required.  To the extent a response is required, those allegations are denied.  The allegations in Paragraph 320 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.

321. To the extent the allegations in Paragraph 321 are conclusions of law, no response is required.  The allegations in Paragraph 321 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in Paragraph 321 are denied.

322. To the extent the allegations in Paragraph 322 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 322 relate to Plaintiffs' actions, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations in Paragraph 322 are denied.

323. To the extent the allegations in Paragraph 323 are conclusions of law, no response is required.  Any remaining allegations in Paragraph 323 are denied.

### Tolling

324. To the extent the allegations in Paragraph 324 are conclusions of law, no response is required.  Any remaining allegations in Paragraph 324 are denied.

325. To the extent the allegations in Paragraph 325 and Footnotes 5 and 6 are conclusions of law, no response is required.  Any remaining allegations in Paragraph 325 are denied.

326. To the extent the allegations in Paragraph 326 are conclusions of law, no response is required.  Any remaining allegations in Paragraph 326 are denied.

327. To the extent the allegations in Paragraph 327 are conclusions of law, no response is required.  Any remaining allegations in Paragraph 327 are denied.

328. To the extent the allegations in Paragraph 328 are conclusions of law, no response is required.  Any remaining allegations in Paragraph 328 are denied.

### VII. CAUSES OF ACTION
#### COUNT I
#### Violation of Sherman Act § I – Anticompetitive Conspiracy

329. CMI incorporates by reference all of the foregoing responses as though fully set forth at length.

330. To the extent the allegations in Paragraph 330 are conclusions of law, no response is required. To the extent the allegations in Paragraph 330 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

331. To the extent the allegations in Paragraph 331 are conclusions of law, no response is required. To the extent the allegations in Paragraph 331 relate to other defendants, CMI lacks

knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

332.  To the extent the allegations in Paragraph 332 are conclusions of law, no response is required. To the extent the allegations in Paragraph 332 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. By way of further response, any alleged involvement of Michael P. Cardile, Sr. in the EMMC was not on behalf of CMI or with CMI's consent.  CMI was never a member of the EMMC, nor did CMI attend any EMMC meetings, agree to, vote on or acquiesce to any EMMC decisions or actions.   Any remaining allegations of Paragraph 332 are denied.

333.  To the extent the allegations in Paragraph 333 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 333 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

334.  To the extent the allegations in Paragraph 334 are conclusions of law, no response is required. To the extent the allegations in Paragraph 334 relate to another defendant, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

335.  To the extent the allegations in Paragraph 335 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 335 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

336.  To the extent the allegations in Paragraph 336 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 336 relate to other defendants, CMI lacks

knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

337. To the extent the allegations in Paragraph 337 are conclusions of law, no response is required. To the extent the allegations in Paragraph 337 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

338. To the extent the allegations in Paragraph 338 are conclusions of law, no response is required. To the extent the allegations in Paragraph 338 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied. Any remaining allegations are denied.

**COUNT II**
**Violation of Sherman Act § 2 - Conspiracy to Monopolize, Monopolization, or Attempted Monopolization**

339. Defendants incorporate by reference all of the foregoing allegations as though fully set forth at length. No response is required to the allegations in Paragraph 339 because the Court dismissed Count II as to CMI by its Order dated April 8, 2019. See Dkt. No. 122.

340. – 345. No response is required to the allegations in Paragraphs 340 -345 because the Court dismissed Count II as to CMI by its Order dated April 8, 2019. See Dkt. No. 122.

**COUNT III**
**Violation of Clayton Act § 7 - Unlawful Acquisition**

346. CMI incorporates by reference all of the foregoing responses as though fully set forth at length.

347. To the extent the allegations in Paragraph 347 are conclusions of law, no response is required. To the extent the allegations in Paragraph 347 relate to other defendants, CMI lacks

knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

348. To the extent the allegations in Paragraph 348 are conclusions of law, no response is required. To the extent the allegations in Paragraph 348 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

349. To the extent the allegations in Paragraph 349 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 349 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

350. To the extent the allegations in Paragraph 350 are conclusions of law, no response is required.  To the extent the allegations in Paragraph 350 relate to other defendants, CMI lacks knowledge and information sufficient to respond to those allegations, and those allegations are accordingly denied.  Any remaining allegations are denied.

## <u>AFFIRMATIVE DEFENSES</u>

As stated in its Answer above, CMI does not admit any liability that Plaintiffs have been injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Nevertheless, CMI pleads in the alternative the following affirmative defenses.  CMI does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to plead conspiracy or fraud with the particularity required under applicable law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure or under other applicable law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no antitrust injury.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations. 15 U.S.C. § 15b. Plaintiff filed this action on December 7, 2015. If and to the extent there was a violation of the Sherman Act and/or the Clayton Act prior to December 7, 2011, which CMI denies, Plaintiffs failed to bring this action within four years after the cause of action accrued.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, are too remote or speculative to allow recovery, and because of the impossibility of ascertaining and allocating those alleged damages with reasonable certainty.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent Plaintiff failed to take all necessary, reasonable, and appropriate actions to mitigate their alleged damages, if any. Alternatively, any damages sustained by Plaintiffs, which CMI denies, must be reduced by the amount that such damages would have been reduced had Plaintiff exercised reasonable diligence in mitigating their damages

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs attempt to allege a conspiracy that ended in 2005 and that they claim resulted in their paying higher prices for the products in issue, Plaintiffs allege no facts that explain or justify their delay in bringing this lawsuit. To the extent Plaintiffs could have brought essentially the same suit years earlier, Plaintiffs are barred from pursuing all or part of such a claim by the doctrines of estoppel and laches.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they did not purchase mushrooms directly from Defendants, because they are indirect purchasers and barred from maintaining an action under 15 U.S.C. §§ 1 and 3 for alleged injuries in that capacity.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the actions or practices of CMI that are the subject of the Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of CMI's independent interests and those of its customers, and were not the result of any contract, combination or conspiracy between CMI and any other person or entity.

## ELEVENTH AFFIRMATIVE DEFENSE

CMI has not engaged in any concert, combination or conspiracy to restrain trade.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were sustained by the conduct of third parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

CMI was never a member of the EMMC and the acts of others are not legally attributable to CMI.

## FOURTEENTH AFFIRMATIVE DEFENSE

CMI is immune from liability pursuant to the Capper-Volstead Act. 7 U.S.C. § 291 et seq. and the Clayton Act, 15 U.S.C. § 17.

## FIFTEENTH AFFIRMATIVE DEFENSE

CMI cannot conspire or attempt to conspire with other members of a cooperative because they enjoy intra-enterprise immunity.

## SIXTEENTH AFFIRMATIVE DEFENSE

If there was a conspiracy, and if CMI was a member of the conspiracy, CMI withdrew from the conspiracy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover under Section 7 of the Clayton Act, 15 U.S.C. § 18, against defendants who did not acquire the assets.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent any recovery would be duplicative of a recovery by other plaintiff and in other lawsuits, subjecting CMI to the possibility of multiple recovery which is barred by the Fifth and Eighth Amendments to the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

There is no direct and proximate causal connection between any claim of harm or injury alleged by Plaintiffs and any acts alleged to have been committed by CMI.

## TWENTIETH AFFIRMATIVE DEFENSE

CMI adopts by reference any defense not otherwise expressly set forth herein that is pleaded by any another defendant in this action.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, CMI requests that the Court enter judgment for it by adjudging and decreeing that:

A. The claims of the Plaintiffs as to CMI be dismissed with prejudice;

B. CMI has not combined or conspired in violations of Sections 1 and 2 of the Sherman Act, 15 U.S. C. §§ 1 and 2 and Section 7 of the Clayton Act, 15 U.S. § 18.

C. Plaintiffs are not entitled to recover any damages from CMI.

D. CMI recover its costs of this suit, including reasonable attorneys' fees as provided by law; and

E. CMI receive such other or further relief as may be just and proper.

Dated: August 1, 2019                         Respectfully submitted,


                                              **MCCARTHY WEIDLER P.C.**


                                              By:   /s/ Dana A. Felmlee_____
                                                     Gary J. McCarthy
                                                     Dana A. Felmlee
                                                     2000 Market St., Suite 2820
                                                     Philadelphia, PA 19103
                                                     (215) 644-8580
                                                     Fax:  (215 754-4271
                                                     *Attorneys for Defendant*
                                                     *Cardile Mushrooms, Inc.*

## CERTIFICATE OF SERVICE

I, Dana A. Felmlee, hereby certify that, on this day, a true and correct copy of the

foregoing Answer and Affirmative Defenses of Cardile Mushroom, Inc. to Plaintiffs Winn-

Dixie's and Bi-Lo Holdings, LLC's First Amended Complaint was filed electronically and is

available for viewing and downloading from the ECF system.


**MCCARTHY WEIDLER P.C.**


Dated:  August 1, 2019                    By:   /s/ Dana A. Felmlee_____
                                                Gary J. McCarthy
                                                Dana A. Felmlee
                                                2000 Market St., Suite 2820
                                                Philadelphia, PA 19103
                                                (215) 644-8580
                                                Fax:  (215 754-4271
                                                *Attorneys for Defendant*
                                                *Cardile Mushrooms, Inc.*