## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WINN-DIXIE STORES, INC., et al., | : | |
|     Plaintiffs, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| EASTERN MUSHROOM MARKETING | : | |
| COOPERATIVE, et al., | : | No. 15-6480 |
|     Defendants. | : | |

### MEMORANDUM

Schiller, J.                                                            January 8, 2020

Now before this Court is Defendant-Franklin Organic Mushrooms, Inc.'s motion to dismiss pursuant to Rule 12(b)(5) and Plaintiff-Winn-Dixie's cross-motion for enlargement of time to serve Franklin. Franklin's motion will be denied and Winn-Dixie's cross-motion will be granted. While Franklin has not been served in the timeframe prescribed by Rule 4, the Court will allow Winn-Dixie addition time to serve Franklin.

### I. BACKGROUND

Franklin was a Connecticut company that once grew and sold mushrooms. (Mem. In Supp. of Mot. to Dismiss Franklin Organic Mushrooms, Inc. Pursuant to Rule 12(b)(5) [Def.'s Mem.] at 7.) Franklin once did business in Pennsylvania. (*Id*. at 6.). Pursuant to Pennsylvania's requirement that foreign companies designate an in-state registered address, 15 Pa.C.S.A. § 109, Franklin designated the corporate service company "CT Corporation Philadelphia" as its in-state address. (*Id*.)

In 2006 Franklin ceased production of agaricus mushrooms and sold its customer list. In 2008, Franklin sold its brand name. In 2010, it ceased all operation. (*Id*. at 7.)

Since 2006, Franklin has been a defendant in a class action lawsuit alleging that Eastern Mushroom Marketing Collective – of which Franklin was once a member – and various affiliated

organizations conspired to raise the price of agaricus mushrooms. Several plaintiffs also filed their own antitrust lawsuits. The most recent of these lawsuits– this one – was filed on December 7, 2015. (Compl., Dec. 7, 2015, ECF No. 1.)

On March 22, 2016, Winn-Dixie's process server attempted to serve Franklin at CT Corperation in Harrisburg by handing process documents to CT Corporation Senior Corporate Operations Specialist Bob Sersh. (Proof of Service, March 28, 2016, ECF. 6.) That same day, CT Corporation forwarded the summons and complaint to Milton Jacobson at the Connecticut Law firm of Brown & Jacobson, PC via Federal Express 2-day service. (Pl.'s Suppl. in Further Supp. of Pl.'s Cross-Mot. for Enlargement of Time to Serve Process on Franklin Farms and in Opp'n to Mot. to Dismiss [Pl.'s Suppl.], Ex. 1, at 4.). On April 4, 2016, Michael D. Colonese, an attorney at Brown & Jacobson, forwarded the materials to Franklin's president Wilhem Meya via overnight delivery. (*Id.*, Ex. 1, at 4.)

This was not the end of the matter, and Franklin would not enter an appearance in this lawsuit for another three years. In the meantime, this case was consolidated with the class action and other individual actions for pre-trial purposes between April 12, 2017 and September 29, 2018; Winn-Dixie filed its First Amended Complaint – again naming Franklin as a defendant – on January 29, 2019; this Court granted in part and denied in part motions by various defendants to dismiss the complaint – including dismissing the complaint against seven defendants due to improper service – on April 8, 2019.

On April 10, 2019, chambers contacted Franklin's counsel by email to request an entry of appearance. According to Franklin, this was the first time James Rodgers, who represented Franklin in the other antitrust cases, became aware of Winn-Dixie's complaint. Rodgers entered his appearance on April 15, 2019. Franklin answered Winn-Dixie's complaint on July 12, 2019

and filed the instant motion on August 8, 2019.

## II. DISCUSSION

### A. Waiver and Timeliness

The crux of Franklin's argument is that Winn-Dixie did not perfect service when it served process at CT Corporation in Harrisburg, therefore Franklin has never actually been served in this lawsuit. Winn-Dixie counters that Franklin waved this argument, and that Franklin's motion is untimely. The Court finds neither of Franklin's argument availing.

First, Winn-Dixie argues that, under Rule 12(h), Franklin waived the argument that service was improper because CT Corporation was not authorized to accept process on Franklin's behalf. (The Winn-Dixie Pl.'s Resp. In Opp'n To Franklin Organic Mushrooms, Inc.'s Mot. To Dismiss Pursuant to Rule 12(b)(5) And Pl.'s Cross-Mot. For Enlargement of Time to Serve Process on Franklin Farms [Winn-Dixie's Resp.] at 7-8.) Under Rule 12(h), a party waives the defense of improper service if it "fails to raise it by motion and does not include it in a responsive pleading." *Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 415 (3d Cir. 2010) (citing Fed. R. Civ. P. 12(h)); *see also McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3d Cir. 1998) ("[I]f a defendant seeks dismissal of the plaintiff's complaint pursuant to Rule 12(b)(5) on the ground that service of process was insufficient or ineffective, it must include that defense either in its answer or together with any other Rule 12 defenses raised in a pre-answer motion."). In Franklin's answer to Winn-Dixie's amended complaint, Franklin argued that it had been improperly served, because its in-state agent was CT Corporation in Philadelphia rather than CT Corporation in Harrisburg. (Answer to the First Am. Compl. by Franklin Farms, at 21.) It did not, however, argue that service was improper because CT Corporation was not authorized to accept process on Franklin's behalf.

The Court disagrees with Winn-Dixie's reading of Rule 12(h). Under Rule 12(h), waiver

is triggered by a party's "failing to . . . include [a defense listed in rule 12(b)(2)-(5)] in a responsive pleading." When a party raises the relevant defense in their answer, however an opposing party cannot invoke waiver under 12(h) on the grounds that the moving party did not articulate the precise legal theory it would ultimately use in its motion. For instance, in *Veverka v. Royal Caribbean Cruises Ltd.*, a personal injury plaintiff argued that the defendant cruise company had waived a statute of limitations defense by failing to include the defense in its answer. 649 F. App'x 162, 166 n.2 (3d Cir. 2016). The Third Circuit rejected this argument because the company's answer had "claim[ed] all rights, immunities, exonerations and limitations of liability provided in the terms and conditions of the cruise ticket", and that the ticket contained a statute of limitations provision. *Id*. Like the defendant in *Veverka*, Franklin did not waive its defense of improper service by failing to include the precise theory of improper service it would ultimately use in the instant motion. The fact that Franklin raised a defense of improper service in its answer is sufficient to avoid waiver.

Second, Winn-Dixie argues that Franklin's objection to service of process is untimely because it filed this motion after first filing its answer to Winn-Dixie's complaint. Rule 12(b) requires a defendant to move before they file an answer to the complaint. However, federal courts will consider a defense listed under 12(b) even when the movant did not make a pre-answer motion, provided that the movant included the defense in their answer and promptly made the relevant motion. 5C Charles Alan Wright, *et al*., Federal Practice & Procedure § 1361 (3d ed. 2017 update) ("A strict interpretation of the timing provision's language leads to the conclusion that the district judge must deny any Rule 12(b) motion made after a responsive pleading is interposed as being too late. However, federal courts have allowed untimely motions if the defense was included in the answer. In this context, the motion becomes tantamount to a motion for a pretrial hearing on

the defense under Rule 12(i)."); *see Molnlycke Health Care AB v. Dumex Med. Surgical Prod. Ltd.*, 64 F. Supp. 2d 448, 449 n.1 (E.D. Pa. 1999) ("Although the defendant filed this motion after answering the complaint, that answer included lack of venue, lack of personal jurisdiction, and failure to state a claim as affirmative defenses . . . . Courts in this circuit have been unwilling to rule a motion untimely in such circumstances."); *see also Denari v. U.S. Dry Cleaning Servs. Corp.*, Civ. A. No. 17-0031, 2017 WL 2779051, at *3 (E.D. Cal. June 27, 2017) (collecting cases). Under such circumstances, "a court will look past the label chosen by the movant and treat the motion as a request for a ruling on the defense made under former Rule 12(d), restyled in 2007 as Rule 12(i)." *King v. Taylor*, 694 F.3d 650, 657 n.2 (6th Cir. 2012). This makes sense, as Rule 12(b) requires parties to make the seven enumerated defenses (along with any others) in a responsive pleading, but merely gives parties the option of asserting the defenses by pre-answer motion. Fed. R. Civ. P. 12(b) ("Every defense to a claim for relief in any pleading *must* be asserted in the responsive pleading if one is required. But a party *may* assert the following defenses by motion . . . .") (emphasis added). Reading Rule 12 as Winn-Dixie does would require a party to raise a defense under Rule 12 via pre-answer motion, as failing to do so would render any subsequent advocacy of the defense untimely. This would contradict the permissive language of Rule 12(b), and thus the Court declines to read Rule 12(b) in such fashion. As a result, the Court will consider the merits of Franklin's motion.

**B.    Adequacy of Service**

Franklin moves this Court to dismiss Winn-Dixie's complaint for failure to effectuate service in the time allotted by Rule 4. A party must be properly served before a federal court may exercise personal jurisdiction over the party. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987). "If a defendant is not served within 90 days after the complaint is filed, the

5

court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m). In a motion under Rule 12(b)(5), "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp., v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

A party seeking to serve a corporation like Franklin may do so by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Fed.R.Civ.P. 4(h)(1)(B) and 4(e)(1). In Pennsylvania:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action: (1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.C.P. No. 424.

Here, Winn-Dixie served Franklin at CT Corporation in Harrisburg. There is no question such service was not made on an executive officer or person in charge of any regular place of Franklin's business – and thus the only question is whether CT Corporation was authorized in writing to receive service on Franklin's behalf. Winn-Dixie has presented no evidence that CT Corporation was authorized in writing to accept service of process for Franklin. Because Winn-Dixie bears the burden of proving that it properly served Franklin and has presented no evidence upon which it could carry that burden, the Court finds that Winn-Dixie did not properly serve Franklin on March 22, 2016. As a result, Franklin was not served within the time allotted by Rule 4.

### C. Remedy

Having found that Franklin was not served in the time allotted by Rule 4, the Court can either give Winn-Dixie an extension of time to serve Franklin or, if an extension is unwarranted, dismiss the complaint against Franklin. The Court finds that an extension is appropriate.

"District courts conduct a two-part analysis when determining whether to extend the time for service of a summons and complaint." *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 115 (3d Cir. 2009) (citation omitted). "First, the district court must determine whether good cause exists for a plaintiff's failure to effect timely service." *Id*. A showing of good cause requires "a demonstration of good faith on the part of the party seeking an enlargement" and "some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995). "[T]he primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id*. Here, Winn-Dixie's only explanation for why it failed to properly serve Franklin is that it relied on its process server's representation that service had been effectuated. The assumption that process was properly served is insufficient, litigants cannot merely rely on the word of their process server that service has been perfected. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1307 (3d Cir. 1995). As such, Winn-Dixie has not shown good cause for failure to properly serve Franklin.

Second, since good cause has not been shown, this Court must consider whether to use its discretion to grant an extension of time to perfect service. *See Chiang*, 331 F. App'x at 115. In making this determination, a district court may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint. *Id*.

In the view of this Court, the appropriateness of a discretionary extension comes down to two competing considerations. On one side is the fact that Winn-Dixie has consistently failed to properly serve process. Winn-Dixie has failed to serve multiple defendants in the allotted time, *Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, Civ. A. No. 15-6480, 2019 WL 1514215, at *7 (E.D. Pa. Apr. 8, 2019), failed to properly serve Franklin, and never confirmed service to Franklin despite Franklin's years of inactivity.

On the other side, however, is the fact that Franklin has known about this litigation for years. Franklin's CEO, Wilhem Meya, received process documents in April of 2016, along with an accompanying letter advising Meya to show the papers to a lawyer. (Pl.'s Suppl., Ex. 1, at 3.) ("Dear Mr. Meya . . .This office recently received the enclosed service of process transmittal from CT Corporation . . . It encloses a summons and complaint which names Franklin Farms, Inc. among many other defendants . . . .I would suggest that you present the documents to your attorney.") Although service was improper, Franklin should have been aware of this litigation for the last three and one-half years. This weighs in favor of granting Winn-Dixie a discretionary extension because it means Winn-Dixie's failure to properly serve Franklin delayed notification of this lawsuit by only several weeks.

Ultimately, the Court finds that a discretionary extension is warranted for three reasons. First, Franklin was not prejudiced by Winn-Dixie's improper service. Franklin received Winn-Dixie's process documents about two weeks after process was "served" in Harrisburg and the Court is unwilling to hold Winn-Dixie responsible for any prejudice to Franklin stemming from its inactivity after that point. Second Franklin's objection to Winn-Dixie's service of process comes more than three years after Franklin was first given notice of this lawsuit. In light of this, the Court is wary of dismissing the Complaint, as it would contravene the general principle that

8

defendants wishing to object to service of process should do so promptly. Third, Winn-Dixie's failure to serve Franklin was clearly the result of its mistaken belief that Pennsylvania law permitted plaintiffs to serve foreign corporations at their registered Pennsylvania address. While this belief is apparently incorrect – Winn-Dixie cites no law to the contrary and the Court, in its independent research, can find none – it is not so reckless a legal error as to justify painting Winn-Dixie in the same light as a plaintiff genuinely indifferent to proper service.

The above factors do not excuse Winn-Dixie's failure to correctly serve Franklin, and the result could well be different had service never reached Franklin, or had Franklin made the instant motion in 2016. However, in the present case, Winn-Dixie's lack of bad faith or overt recklessness, combined with a lack of prejudice to Franklin, tips the scale in favor of granting a discretionary extension of time in which to serve Franklin.

## III. CONCLUSION

For the foregoing reasons, Franklin's motion to dismiss is denied and Winn-Dixie's cross-motion for an extension of time to serve Franklin is granted. An Order consistent with this Memorandum will be documented separately.