UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC,<br><br>     Plaintiffs,<br><br>  v.<br><br>Eastern Mushroom Marketing Cooperative, Inc., et al.,<br><br>     Defendants. | Case No. 15-cv-6480 |

**CERTAIN DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO ENFORCE PRIOR COURT ORDERS
AND TO EXTEND THE REMAINING CASE SECHEDULE BY 60 DAYS**

Plaintiffs' Motion incorrectly claims that Defendants failed to comply with the Court's Discovery Orders of March 20th, April 2nd or April 24th by delaying to respond or inadequately responding to certain provisions of those Orders. Plaintiffs then request a 60-day extension of the Pre-Trial Schedule based upon these incorrect claims as well as the COVID-19 travel restrictions. For the reasons that follow, Certain Defendants[1] respectfully oppose Plaintiffs' Motion. In summary, Certain Defendants fully complied with the Court's Discovery Orders and counsel has not demonstrated that an additional 60 days is necessary to complete fact discovery.

---

[1] Certain Defendants are: Eastern Mushroom Marketing Cooperative, Inc.; Robert A. Feranto, Jr., t/a Bella Mushroom Farms; Brownstone Mushroom Farms, Inc.; To-Jo Fresh Mushrooms, Inc.; Country Fresh Mushroom Co.; Gino Gaspari & Sons, Inc.; Kaolin Mushroom Farms, Inc.; South Mill Mushroom Sales, Inc.; Modern Mushroom Farms, Inc.; Sher-rockee Mushroom Farm, LLC; C&C Carriage Mushroom Co.; Oakshire Mushroom Farm, Inc.; Phillips Mushroom Farms, Inc.; Louis M. Marson, Jr., Inc.; Monterey Mushrooms, Inc.; John Pia; Giorgi Mushroom Co.; Giorgio Foods, Inc. and Forrest Mushrooms (collectively, "Certain Defendants").

Nor has Plaintiffs' Counsel demonstrated that a brief extension of the discovery deadline requires an identical extension of the following milestone dates.

### I. CERTAIN DEFENDANTS PRODUCED SUBSANTIAL DEPOSITON TESTIMONY, RELEVANT DOCUMENTS AND RELEVANT SALES DATA TO THE WINN DIXIE PLAINTIFFS MORE THAN 6 MONTHS AGO

In view of Plaintiffs' Counsel's repeated and emphatic statements to the Court that he would not "reinvent the wheel" or duplicate the extensive discovery that the Class and historic Opt- Out plaintiffs engaged in, and in following instructions during the Rule 16 Conference on September 14, 2019, Counsel for Certain Defendants provided Plaintiffs' Counsel with the following items between September and November of 2019:[2]

- Sales data from all defendants who sold agaricus mushrooms to Winn- Dixie and to C&S Wholesale Grocers for delivery to Bi-Lo between the years 2000 and 2008. This was the same data produced to the Class Action Plaintiffs and Opt Out Plaintiffs Publix Super Markets, Inc. and Giant Eagle, Inc.[3]

- 67 deposition transcripts of all Defendants and third-party fact witnesses taken in both the Class Action Litigation and the Publix and Giant Eagle cases that were consolidated for pre-trial purposes.

- More than 1000 documents marked as exhibits at all depositions in the consolidated litigation described above.

---

[2] Our first transmission of the deposition transcripts and documents attached as exhibits was on September 18, 2019. However, Plaintiffs' Counsel failed to download the materials before the link expired. We sent these materials to Plaintiffs' Counsel on two later occasions but again Plaintiffs' Counsel let the links expire before without downloading the materials. Plaintiffs finally appeared to have downloaded these materials in November 2019, nearly 2 months after we produced the deposition transcripts.

[3] We also included sales to Winn Dixie by a company commonly owned by the owner of a member company, Oakshire Mushroom Farm, Inc. However, this company was not in existence when Oakshire Mushroom Farms, Inc. joined the EMMC and never itself became an EMMC member. Thus, it was not named as a defendant in the complaints filed by the Class, Publix, Giant Eagle or the Winn Dixie Plaintiffs. Both Oakshire Entities have since filed Chapter 11 Petitions in the United States Bankruptcy Court.

- DOJ deposition transcripts of 4 EMMC member companies that are defendants in this case, as well as approximately 125 documents and Interrogatory answers marked as exhibits and discussed during those depositions.

- All documents produced by any Defendant to the DOJ consisting of 3604 pages.

We respectfully submit that the foregoing massive amount of documents and information was all that the Court required Defendants to produce during the Rule 16 Conference. Moreover, the foregoing documents, deposition testimony and sales data are more than sufficient for Plaintiffs and their Expert Economic witness to prepare for trial. Indeed, it was from this universe of documents that the highly experienced Class and Opt-Out Plaintiffs' counsel selected nearly all of their trial exhibits.[4]

## II. CERTAIN DEFENDANTS HAVE COMPLIED WITH ALL DISCOVERY ORDERS ENTERED BY THE COURT

### 1. The Court's Discovery Order of March 20, 2020

Nevertheless, Plaintiffs' Counsel continued to press Defendants for additional documents and sales information regarding Defendants' sales to direct purchasers other than Winn Dixie and C&S Grocers. Plaintiffs also insisted on responses to their Interrogatories even though the Court did not require them during the Rule 16 Conference. These demands provoked a telephone Discovery Conference on March 19, 2020 followed by the Court's March 20, 2020 Discovery Order (Doc, No. 210). Essentially, ¶ 1 of the Order required the Defendants to produce additional documents other than the 1000+ deposition exhibits that Defendants had already produced, and videos of the previously produced depositions by April 1st. Paragraph 2

---

[4] Interestingly, the Class Expert Economist did an individual regression model for then putative class member Winn Dixie in order to determine antitrust injury and damages. However, the Expert's final regression model resulted in approximately $350,000 in alleged overcharges between 2001 and 2005. Because the EMMC rescinded its minimum pricing policy and regulations in August 2005 (following the resignations of several member companies), the Class Expert determined that the Class (then including Winn Dixie) did not suffer antitrust impact or injury beyond 2005.

required Defendants to answer Plaintiffs' Interrogatories by April 1st . Paragraph 3 required Plaintiffs to supplement their production of documents[5] by April 1st . Finally, ¶ 4 of the Order required the parties to submit letter briefs by March 30th addressing the issue of whether Plaintiffs were entitled to discovery data regarding mushrooms sold to direct purchasers other than the Winn Dixie Plaintiffs.

Rather than engage in briefing as to Plaintiffs' entitlement to discovery of sales data not pertaining to its compensable damages, Counsel Defendants instructed its expert, Edgeworth Economics, Inc., to produce all of its electronic files containing mushroom sales data tto all direct purchasers. We made this concession without waiving our right to object to the use of the additional sales data for trial or for purposes of substantive motions. Edgeworth made this sales data production to Plaintiffs' Counsel on or about April 2nd.

Since the videos had to downloaded to an external drive and Federal Expressed to Plaintiffs legal assistant in San Diego, Certain Defendants produced these items to Plaintiffs' Counsel a few days later. We needed a few additional weeks to review several discovery DVDs from the prior litigation because our offices are closed and our technical support staff are all working remotely. However, we were able send Plaintiffs' counsel a flash drive including these document on April 23rd.[6]

---

[5] A few days prior to the Discovery Conference, Plaintiffs attempted to facially comply with Defendants' requests for all documents relating to their purchases of mushroom between the years 2000 and 2008 by producing a hodgepodge of purchasing data pertaining to the acquisition of all produce category items between 2010 – 2012 even though the  relevant time period in this case that ended in 2008  During the Discovery Conference, the Court instructed Plaintiffs' Counsel to "turn over a new leaf" and produce documents pertaining to his clients' acquisition of mushrooms during the relevant time- period.  Shortly thereafter, we received a single document--a Mushroom Purchase Agreement from June 28, 2007 to June 13, 2010 between "Winn Dixie Procurement, Inc." and "Oakshire Mushroom Sales, LLC"— the non-defendant, non-EMMC Company referred to above.  Thus, it appears that Plaintiffs have no other documents responsive to Defendants' Document Requests covering any part of the relevant time-period. .

[6] Because our IT department did not include the load files for these documents when they copied the data from the DVSs, we sent Plaintiffs' Counsel another flash drive with the load files on April 29th.

In an apparent attempt to discredit Certain Defendants' search for additional documents, Plaintiffs made a "cursory review" of the Publix and Giant Eagle's trial exhibit list which appeard to contain bates prefix numbers that were not among the additional documents produced to Plaintiffs' Counsel on April 23rd.  We have also reviewed the Publix and Giant Eagle trial exhibit list and found nearly all of the allegedly missing bates prefix numbers appear to correspond to sales data that Edgeworth Economics previously produced to Plaintiffs.  In any event, pursuant to a careful search of out discovery records in the Class and Opt-Out litigation we have not found any documents with the so-called missing bates prefixes except the sales records produced to Plaintiffs' Counsel by Edgeworth.

**2. The Court's Discovery Order of April 2, 2020**

The Court issued a Supplemental Discovery Order on April 2, 2020 requiring in ¶ 1 the Defendants to produce any additional responses to Interrogatories served by the DOJ. In  ¶ 2 Defendants were required to produce any additional documents relating specifically to Plaintiffs, including price lists, price negotiations, communications and contracts relating to the sale or potential sale of mushrooms to the Winn Dixie Plaintiffs by the Defendants.  The Order imposed no deadline for the production of any additional documents.  Nevertheless, Counsel for Certain Defendants promptly determined that they had no additional DOJ Interrogatory Responses,not already been produced to Plaintiffs.  In addition, none of the Certain Defendants had any dealings with Plaintiffs regarding the sale or potential sale of mushrooms during the relevant time period except Modern Mushrooms, Monterey Mushrooms and non-defendant Oakshire Mushroom Sales,  LLC  (now in the midst of bankruptcy proceedings).  Thus, we asked Modern and Monterey to search their files for any documents described in ¶ 2 of the Court's April 2nd Discovery Order.  Both companies responded that neither company had any such documents or

records. This was not surprising in light of the fact that the relevant time-period began nearly 20 years ago and ended 11 years ago. Moreover, Class and Opt-Out Plaintiffs did not request them to produce any documents except sales data pertaining. Moreover, it appears that the Winn Dixie Plaintiffs have not retained any of the same documents, e-mails or communions relevant to the 2001 -2008 time-period because none have been produced. *See* n. 5 *supra.*

  We promptly informed Plaintiffs' Counsel of the foregoing results. In their Supplemental Memorandum filed under Seal on May 4, 2020, Plaintiffs complain that Certain Defendants did not provide them with details regarding our clients' document searches. However, we asked them to search all of their electronic and paper files for these documents and after conducting the search, they reported that they had none.

  **3. The Court's Supplementary Discovery Order of April 24, 2020**

  Late in the day on April 24th, the Court entered a Supplemental Discovery Order (Doc. No. 228) requiring Defendants to supplement their responses to Plaintiffs' Interrogatories 4, 6, 7, 9, 10, 11 and 12 and to specifically identify any business records produced pursuant to Rule 33(d) by providing an index identifying the page number or the bates numbers of the first page of each responsive document. We complied with the Court's directive on May 1, 2020 (less than 5 business days after entry of the Order) by providing well- founded specific objections in addition to answers, without waiver of the objections. *See* Supplemental Interrogatory Responses attached as Exhibit 3 to Plaintiffs Supplement Memorandum filed under Seal on May 4, 2020. We provided full and complete answers to Plaintiffs' Interrogatories 11 and 12. *id.* With respect to Interrogatories 4, 6, 7, 9, and 10-- seeking the identification of all communications on certain topics over a 20-year time period-- we objected on the basis that in *Chen v. Hewlett-Packard Co.*, 2005 U.S. Dist. Lexis 11284, at *2 (E.D. Pa. 2017), this Court sustained objections to

similar interrogatories as being overbroad and unduly burdensome. Nevertheless, three of our attorneys spent multiple hours preparing a detailed index covering all business documents that we could find that reflected verbal and written communications regarding the various topics contained in those Interrogatories. *See* Index attached as Exhibit 1 to Certain Defendants' Supplemental Responses at Plaintiffs' Exhibit 3 filed under Seal on May 4, 2020   This was exactly what the Court required us to do in its April 24th Order.

In their May 4th Supplemental Memorandum, Plaintiffs raise the specious criticism that all of the documents referenced in the Index were also found among the more than 1000 documentary exhibits to the 67 deposition transcripts previously provided to Plaintiffs' implying that we did not search other for other documents that may have contained or referred to the requested communications. However, this in not surprising because the Class and historic Opt-Out Plaintiffs focused their adverse party depositions on e-mails, monthly meeting notes (reflecting verbal communications) and EMMC Policy documents that were "communicated" or distributed to EMMC members during monthly meetings or communicated to the EMMC members by mail or e-mail. In short, all of the documents that we found to be responsive to Plaintiffs' Interrogatories 4, 6, 7, 9 and 10 had been produced to the Plaintiffs in the fall of 2019 so we added the deposition references  to the Index.

### III. PLAINTIFFS' REQUEST FOR A 60-DAY EXTENSION OF THE REMAINING CASE SCHEDULE

We respectfully submit that Plaintiffs' request for a 60-day enlargement of the Pre-Trail Schedule rings hollow in view of the fact nearly 6 months ago, Plaintiffs' Counsel received all of the relevant sales data, all of the deposition transcripts and nearly all of the documents that were selected as trial exhibits by highly competent counsel for the Class and historic Opt Out Plaintiffs. Moreover, as demonstrated above, Certain Defendants have promptly complied with

all of the Discovery Orders issued by the Court and frankly, this supplemental discovery largely pertains to information that duplicates the documents and deposition testimony that had already been provided to Plaintiffs.

As to Plaintiffs' reliance on the COVID-19 work from home requirements and travel restrictions, we concede that remote preparation for and taking of discovery depositions is not ideal. However, to our knowledge, the COVID-19 restrictions have not been recognized by the Federal Courts as excuses for not engaging in out-of-court activities in civil cases, including remote depositions. Moreover, several deposition service providers such as Magna, Veritext and Esquire have made remote depositions services available to civil litigants. .

For the forgoing reasons, we respectfully submit that a 30-day enlargement of the Pre-Trial Schedule would be sufficient to accomplish the few depositions relating to the Winn Dixie Plaintiffs specific injury and damage claims.

## IV.   CONCLUSION

For all of the foregoing reasons we respectfully submit that Plaintiffs' Motion for Enforcement of Prior Court Orders should be Denied and Plaintiffs request for a 60 day extension of the Pre-Trial Scheduled should be Denied as stated.

Respectfully Submitted

*/s/ William A. DeStefano*
William A. DeStefano
Terri A. Pawelski
Matthew C. Brunelli
**STEVENS & LEE**
1818 Market Street, 29th Floor
Philadelphia, PA 19103
Phone: (215) 751-1941

*Attorneys for Certain Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the attached Memorandum in Opposition to Winn Dixie Plaintiffs Motion for Enforcement of Court Orders and for a 60-day Extension of the Pre-Trial Schedule, to be served on all counsel of record by filing same with the Court's ECF/CM system.

May 7, 2020

*/s/ William A. DeStefano*