UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| WINN-DIXIE STORES, INC. and BI-LO HOLDINGS, LLC. | : | No. 15-cv-6480 |
|  | : |  |
| Plaintiffs, | : | Related Action: |
|  | : | Master File No. 06-cv-0620 |
| v. | : |  |
|  | : |  |
| EASTERN MUSHROOM MARKETING COOPERATIVE, INC., et al., | : |  |
|  | : |  |
| Defendants | : |  |

**PLAINTIFFS' MOTION TO STAY DEFENDANTS' PREMATURE MOTION FOR SUMMARY JUDGMENT OR CONFORM IT TO THE CURRENT CASE SCHEDULE OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO RESPOND**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, this Court's current Case Management Schedule and this Court's inherent powers to manage the schedules of cases before it, Plaintiffs Winn-Dixie Stores, Inc. ("Winn-Dixie") and Bi-Lo Holdings, LLC ("Bi-Lo") move this Court for an order staying Defendants' premature motion for summary judgment, or to confirm that motion to the current case schedule, or, in the alternative, for an extension of time to respond to that motion.

**I. INTRODUCTION**

Defendants have collectively filed a motion for summary judgment against Plaintiff Bi-Lo Holdings on the purported basis that Bi-Lo is pursuing its claims as an assignee of C&S Wholesale Grocers, Inc. ("C&S").

1

Defendants' motion for partial summary judgment should be stayed as premature or should be conformed to the current case schedule, or in the alternative, Plaintiffs should be granted an extension to respond, for the following reasons:

1) Fact discovery has not yet closed and is on-going,

2) Defendants' motion is inconsistent with the schedule set by the Court and filed more than 7 months before the summary judgment briefing schedule set by this court,

3) Defendants have improperly raised the issues relating to C&S for the first time in their summary judgment motion despite the fact:

   a. Defendants had knowledge of these facts long ago – ever since Plaintiffs filed their opt-out complaint, and yet did not raise this issue until now, 3 weeks before the fact discovery deadline;

   b. Defendants failed to raise these issues in any Rule 12 motion to dismiss despite engaging in two rounds of motion to dismiss briefing; and

   c. Had Defendants raised these issues earlier, instead of hiding the ball, Plaintiffs would have been able to deal with these issues prior to the opt-out deadline for the contested class and prior to the final approval of the settlement.

4) Plaintiffs will need discovery – especially since Defendants waited until now to raise this issue, despite having known of the C&S issue since Plaintiffs filed their complaint and since Defendants failed to attach sufficient supporting documentation to their motion – relating to the factual issues raised in the Defendants' motions both from the Defendants and third-parties, including at least the following:

   a. Whether Bi-Lo's contract and relationship with C&S satisfies the cost plus exception to the direct purchaser rule, so that Bi-Lo was a direct purchaser?
   b. Was C&S sent a notice?
   c. What evidence is there that C&S received notice and that it did not opt out?

In addition, the Defendants' motions are also procedurally improper as:

5) Defendants have failed to provide any statement of undisputed material facts to support their motions for summary judgment in violation of this Court's September 4, 2019 Order (Dkt. No. 169); and

6) Defendants should not be allowed to bring successive motions for summary judgment. The current case schedule and judicial efficiency warrant that Defendants' summary judgment motion be filed and briefed according to the current case schedule.

## II. ARGUMENT

Defendants' motion for summary judgment, which only seeks partial summary judgment and will not dispose of all claims, is premature because discovery is not yet completed, and the legal and factual issues raised in Defendants' Motion for Summary Judgment are improperly raised for the first time in these motions, as Plaintiffs have not had an opportunity to take relevant discovery regarding the facts underlying Defendants' Motion or any additional facts needed to refute the Defendants' motion. In addition, Defendants' motion is substantively and procedurally improper.

### A. **Defendants' Motion For Summary Judgment Is Premature And Should Be Stayed.**

#### 1. **Fact Discovery is not yet closed and is on-going.**

Fact discovery is not yet closed and on-going and Plaintiffs will need to take discovery regarding the factual issues raised in Defendants' motions and any additional facts that Plaintiffs will need to fully respond to and refute Defendants' motion. Fact discovery is currently scheduled to close on May 20, 2020, but there is a pending motion to extend the schedule for another 60 days due to Defendants' failure to comply with discovery and due to difficulties in preparing for, taking and defending depositions due to the coronavirus and associated stay-at-home orders. *See* Dkt. No. 234.   In addition, as discussed in further detail below Plaintiffs will likely need to take additional discovery relating to the issues raised in Defendants' motion for summary judgment that are being raised for the first time.  This discovery cannot be completed in the next 13 days.

3

**2. Defendants' motion for summary judgment is inconsistent with the schedule set by the Court and filed more than 7 months before the summary judgment briefing schedule set by this court.**

On September 4, 2010, this Court entered an amended scheduling order for this case. *See* Dkt. 169. The current briefing schedule for summary judgment as amended is currently as follows:

- Summary Judgment Deadline: November 6, 2020
- Summary Judgment Response Deadline: December 3, 2020
- Summary Judgment Reply Deadline:  December 17, 2020

*See* Amended Scheduling Order at Dkt. No. 216.

Defendants' motion for summary judgment only seeks partial summary judgment and will not dispose of all claims, even if Defendants were ultimately successful on these motions. Accordingly, there are no litigation efficiencies to be gained by allowing these motions to proceed more than 7 months before the schedule for summary judgment briefing set by this Court.

Moreover, Defendants should not be allowed to file successive motions for summary judgment.

The better practice here would be to defer briefing on Defendants' motion for summary judgment in accordance to the schedule set by the Court and require defendants to file all motions for summary judgment at the same time in accordance with the schedule set by the Court. Piecemeal motions, especially for partial summary judgment, will needlessly waste the resources of the parties and the Court.

3. **Defendants failed to raise the issues regarding C&S prior to their motions for summary judgment despite knowledge of these facts long ago, ever since Plaintiffs filed their Complaint**.

Defendants here have waited until the last minute to raise the issues regarding Bi-Lo's purchases of mushrooms from C&S, whether Bi-Lo was a direct purchaser of those mushrooms, and C&S's assignment of those claims to Bi-Lo Holdings, despite Defendants' knowledge of most if not all of these facts long ago, since Plaintiffs filed their Complaint. For example, Defendants' counsel has been in possession of sales data produced in the related direct purchaser class action in *In Re Mushroom Antitrust Liti*g. that show that various sales by Defendants to Bi-Lo were made through C&S.

Moreover, Defendants have informed Plaintiffs here on several occasions on the phone and in emails that the experts in the class action case previously analyzed the Defendants' sales for the Winn-Dixie and Bi-Lo Plaintiffs and conducted regression analyses regarding those sales.[1]  *See, e.g.* Dkt. No. 234-1, Dec. 23, 2019 email from Bill DeStefano to Plaintiffs indicating:

> We have produced sales date from all defendants who sold agaricus mushrooms to both Winn Dixie and to C&S Wholesale Grocers for delivery to By-L0 between the years 2000 and 2008. […] It was the data produced to the class and historic opt out plaintiffs and used by the class expert to perform individual regression analyses for Winn Dixie while Winn Dixie was a putative class member. Monterey, Modern and Oakshire were the only defendants who sold agaricus mushroom to Winn Dixie and C&S for Bi Lo during the relevant time period.

In addition, Defendants have produced sales data to Plaintiffs previously produced in the related class action that shows that the Defendants' sales of mushrooms to Bi-Lo Holdings were made through C&S. Thus, Defendants here have clearly withheld relevant issues they intended to

---

[1] Defendants have failed to produce their expert reports from the related class action to plaintiffs here, including any expert reports analyzing the Winn-Dixie Plaintiffs purchases of mushrooms from Defendants despite informing the Court and Plaintiffs that they would do so both at the Sept. 4, 2019 hearing and at the March 19, 2020 hearing.

raise in their motion for summary judgment and instead now ambush Plaintiffs with their premature motion for summary judgment claiming that defendants only just leaned of these facts.

Moreover, despite knowledge that Defendants sold mushrooms to Bi-Lo through C&S, Defendants failed to appropriately raise these issues relating to Bi-Lo Holdings in their prior motions to dismiss.  Had Defendants raised these issues earlier, instead of hiding the ball, Plaintiffs would have been able to deal with these issues prior to the opt-out deadline for the contested class and prior to the final approval of the latest class action settlement.

### 4. Plaintiffs will need discovery relating to the factual issues raised in the Defendants' motion from the Defendants and third-parties.

In their motion for summary judgment, Defendants claim that Bi-Lo Holdings lacks standing as it purchased mushrooms from Defendants through C&S and that any assignment of claims from C&S is insufficient. While this argument is incorrect because Bi-Lo was a direct purchaser under the cost plus exception to the direct purchaser rule,[2] in order to respond to Defendants' motion for summary judgment, Plaintiffs will need discovery regarding Bi-Lo's contract and relationship with C&S and whether it satisfies the cost plus exception to the direct purchaser rule.  In addition, there will need to be discovery into whether C&S was sent a notice of the settlements, received notice and did or did not opt out. As noted above, this discovery cannot be completed prior to the current fact discovery cut-off date that is presently set for May 20, 2020.

---

[2] In *Hanover Shoe v. United Shoe Machinery Corp.*, 392 U.S. 481, 494 (1968), the Supreme Court recognized the "cost plus" exception to the rule barring "pass on" as a defense, which led to the adoption of the direct purchaser rule in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). *See Hanover Shoe*, 392 U.S. at 494 ("We recognize that there might be situations -- for instance, when an overcharged buyer has a pre-existing 'cost plus' contract, thus making it easy to prove that he has not been damaged -- where the considerations requiring that the passing-on defense not be permitted in this case would not be present.").

B. **Defendants' Motion Is Also Procedurally Improper.**

Defendants failed to provide a statement of undisputed material facts to support their motion for summary judgment as required by this Court's procedures and instead proceeded based entirely on presumed facts and unsupported factual allegations. In doing so, Defendants have failed to comply with this Courts' procedures regarding summary judgment set forth in this Court's Order of September 4, 2019 (Dkt. No. 169 ). Specifically, this Court, as relevant here, ordered that :

> 5. […] Motions for summary judgment and responses shall be filed in the form prescribed below,
> Specifically:
>
> a. The movant shall file, in support of the motion for summary judgment, a Statement of Undisputed Facts which sets forth, in numbered paragraphs, all material facts which the movant contends are undisputed.
>
> b. The respondent shall file, in opposition to the motion for summary judgment, a separate Statement of Disputed Facts, responding to the numbered paragraphs set forth in the movant's Statement of undisputed Facts, which the respondent contends present a genuine issue to be tried. The respondent shall also set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.
>
> c. All material facts set forth in the Statement of Undisputed Facts filed by the movant shall be admitted unless controverted by the opposing party.
>
> d. Statements of material facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the parts of the record which support each of the statements. Each stated fact and each statement that a material fact is disputed shall cite the source relied upon, including the title, page and line of the document supporting the statement.
>
> Failure of the movant to follow this procedure in all respects may result in the denial of the motion. Respondent's failure to comply may result in the Court's considering the motion as uncontested.

Here, Defendants failed to include any statement of undisputed facts in violation of this Court's procedures. Accordingly, the Court should deny the Defendants' motions for summary judgment for failing to comply with the Court's procedures.

Moreover, as noted above, Defendants also should not be allowed to bring successive piecemeal motions for summary judgment. Accordingly, in the alternative to outright denying the Defendants' motions for failing to comply with the Court's procedures, the Court should strike the Defendants' premature motion for summary judgment and grant Defendants leave to refile appropriate motions for summary judgment, raising all issues Defendants seek to raise on summary judgment in full compliance with the Court's procedures and in accordance with the current schedule already set by the Court.

C. **In Light of All of the Circumstances Above, This Court Should Allow Plaintiffs an Extension of Time to Respond to Defendants' Premature Summary Judgment Motion, Until After Expert Discovery Is Closed, or in the Alternative, After Fact Discovery Is Closed.**

In light of all of the circumstances above, this Court should allow Plaintiffs an extension of time to respond to Defendants' premature summary judgment motion, until after expert discovery is closed, or in the alternative, after fact discovery is closed. Specifically, as demonstrated above, Plaintiffs should be allowed time to take discovery on the issues described above, especially whether Bi-Lo's contract and relationship satisfies the cost plus exception to the direct purchaser rule. In addition, it is possible that expert discovery may be needed on this same issue. Therefore, Plaintiffs should be allowed an extension of time to respond to Defendants' premature summary judgment motion until expert discovery is closed, or, at least until 30 days after fact discovery is closed.

### III.  CONCLUSION

Therefore, for all of the above reasons, Plaintiffs respectfully request this Court to grant Plaintiffs' motion to stay Defendants' premature motion for summary judgment, or to conform the motion for summary judgment to the current case schedule, and in the alternative, for an extension of time to respond to the motion.  This Court should also require that Defendants comply with the Court's procedures for filing motions for summary judgment.

Dated: May 7, 2020

                                         Respectfully submitted,

                                         */s/ Patrick J. Ahern*
                                         Patrick J. Ahern
                                         Theodore B. Bell
                                         AHERN AND ASSOCIATES, P.C.
                                         8 South Michigan Avenue
                                         Suite 3600
                                         Chicago, Illinois 60603
                                         Tel: (312) 404-3760
                                         patrick.ahern@ahernandassociatespc.com
                                         ***Counsel for Plaintiff Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC***