UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| WINN-DIXIE STORES, INC. and BI-LO HOLDINGS, LLC. | No. 15-cv-6480 |
| Plaintiffs, | Related Action: Master File No. 06-cv-0620 |
| v. |  |
| EASTERN MUSHROOM MARKETING COOPERATIVE, INC., et al., |  |
| Defendants |  |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO ENFORCE PRIOR COURT ORDERS AND TO EXTEND THE REMAINING CASE SCHEDULE BY 60 DAYS**

Plaintiffs file this reply in support of their motion to enforce the Court's prior discovery orders and to extend the remaining case schedule. While some progress towards completing discovery has been made due to Court's Orders compelling Defendants' to comply with discovery, there is still a significant amount of the discovery – which Defendants have already been ordered by this Court's Orders to comply with – that the majority of the Defendants have failed to comply with. Given the significant amount of discovery and the Court Orders that Defendants have yet to comply with, including the DeStefano Defendants' failure to produce all documents they previously produced in the related class and opt-out cases, all Defendants' failure to produce any documents relating to the Winn-Dixie Plaintiffs (or any details regarding their failed searches), and Defendants' recent supplemental interrogatory responses, some of which are still incomplete, enforcement by this Court of its prior Orders and other outstanding discovery issues is necessary and warranted. Finally, due to the time that Plaintiffs will need to

1

review Defendants' discovery once it is completed, and the prejudice to Plaintiffs if they are forced to prepare for their depositions remotely due to the coronavirus, an additional 60 day extension of the case schedule is warranted (the DeStefano Defendants do not oppose a 30 day extension of the current case schedule).

### 1. The DeStefano Defendants Have Failed To Produce All Documents They Previously Produced In The Related Class And Opt-Out Cases.

The elephant in the room is the DeStefano Defendants' failure to produce all of the documents they previously produced in the related class action and opt-out cases. This is not an insignificant issue because the DeStefano Defendants comprise the majority of the Defendants and include three Defendants that sold mushrooms to the Winn-Dixie Plaintiffs.[1]

The Court in its March 20, 2020 Order (Dkt. No. 210), in no uncertain terms, ordered all Defendants, including the DeStefano Defendants, to:

> By April 1, 2020, Defendants shall produce all documents Defendants previously produced in *In Re: Mushroom Direct Purchaser Antitrust Litigation* (Civ. A. No. 6-620), *Publix Super Markets, Inc. v. Eastern Mushroom Marketing Cooperative* (Civ. A. No. 6-932), and *Giant Eagle, Inc v. Eastern Mushroom Marketing Cooperative* (Civ. A. No. 6-3523).

As noted in Plaintiffs' Motion to Enforce Prior Court's Orders and to Extend the Case Schedule By 60 Days (Dkt. 234) ("Motion to Enforce"), since the Court's order of March 20, 2020, the DeStefano Defendants have only produced the following documents that they previously produced in the related class and opt out cases:

- AMC-PhaseII-Modern-000002--000036;

---

[1] The defendants represented by Mr. DeStefano, include Eastern Mushroom Marketing Cooperative, Inc.; Robert A. Feranto, Jr., t/a Bella Mushroom Farms; Brownstone Mushroom Farms, Inc.; To-Jo Fresh Mushrooms, Inc.; Country Fresh Mushroom Co.; Gino Gaspari & Sons, Inc.; Kaolin Mushroom Farms, Inc.; South Mill Mushroom Sales, Inc.; Modern Mushroom Farms, Inc.; Sher-rockee Mushroom Farm, LLC; C&C Carriage Mushroom Co.; Oakshire Mushroom Farm, Inc.; Phillips Mushroom Farms, Inc.; Louis M. Marson, Jr., Inc.; Monterey Mushrooms, Inc.; John Pia; Giorgi Mushroom Co.; Giorgio Foods, Inc. and Forest Mushrooms (collectively, "the DeStefano Defendants").

- AMC-GE-MODERN-000002--000675;

- AMC-Publix-Phillips-000001- -001269;

- AMC-Publix-Monterrey-000002-000146;

- AMC-Publix-Modern-000002-000171;

- AMC-Publix-Southmill-000001-000025; and

- GIORGI00000001- GIORGI00000786

Based on the bates labels of these documents, it appears they only relate to five of the 19 DeStefano Defendants (i.e. Modern, Monterey, Phillips, South Mill and Giorgi). The DeStefano Defendants have failed to produce any other documents previously produced in the related class and opt-out cases by the remaining fourteen DeStefano Defendants.

As noted in Plaintiffs' Motion to Enforce, Plaintiffs do not know what the DeStefano Defendants produced in the related class and opt-out actions. However, based on a spot check of the Plaintiffs' Master Trial Exhibit List filed in the related opt-out case of *Giant Eagle, Inc. v. Eastern Mushroom Marketing Coop, et al*., Case No. 06-cv-03523 (E.D.P.A.) at Dkt. No. 185-5 ("Trial Exhibit List"), it appears that the DeStefano Defendants failed to produce much of their prior document productions from the related class and opt out cases, including at a minimum, any documents with the following bates number prefixes:

- AMC-BROWN-
- AMC-BrownstoneSUPP-
- AMC-CF-
- AMC-CFSupp-
- AMC-GaspariSUPP-
- AMC-GM-
- AMC-GreenSupp-
- AMC-EMMCSupp-
- AMC-EMMC-
- AMC-LRP-
- AMC-MOD-

- AMC-OakshireSUPP-
- AMC-PHI-
- AMC-PhillipsSUPP-
- AMC-U-

Based on these bates labels, it appears that the Defendants at a minimum have failed to produce documents previously produced by at least the following DeStefano Defendants - Brownstone, Country Fresh, Gaspari, EMMC, LR-P, Modern, Oakshire, Phillips and United Mushroom (and possible others depending on what the various bates labels initials stand for).  Moreover, based on the bates numbers listed in the Trial Exhibit List, these documents are believed to exceed ten thousand pages.  There also could be additional bates ranges produced by additional DeStefano Defendants in the related actions, but Plaintiffs have no way of knowing.

Rather than address the elephant in the room (i.e. their failure to produce all the documents they previously produced in the related class action and opt-out cases), the DeStefano Defendants instead try to evade addressing this prime discovery issue through sleight of hand by redirecting the Court's attention to the documents and deposition transcripts that the DeStefano produced <u>before</u> Plaintiffs' even filed their first motion to compel and to the data and video of depositions that the DeStefano Defendants produced after the Court's March 20, 2020 Order, none of which are at issue in this motion.  However, this Court has rejected this oft-repeated, now worn out argument by the DeStefano Defendants.  As this Court previously and unequivocally ordered, Plaintiffs here seek and are entitled to the complete, entire document productions by the DeStefano Defendants in the related class and opt out cases.  Notwithstanding Plaintiffs' repeated attempts and this Court's Order, the DeStefano Defendants continue to fail and refuse to produce these documents.  Moreover, they have also failed and refused to produce documents relating to the Winn-Dixie Plaintiffs contrary to the Court's March 20, 2020 Order (including from those Defendants that sold mushrooms to plaintiffs).

The DeStefano Defendants further try to defend their failure to produce their complete prior productions from the related class action and opt out cases with the absurd argument that the documents and deposition transcripts the Defendants initially produced to Plaintiffs here in September and December of 2019 "are more than sufficient for Plaintiffs and their Expert Economic witness to prepare for trial." *See* Brief at Dkt. No. 239, p. 3.  In other words, the DeStefano Defendants are advocating that they only need produce documents in discovery that the DeStefano Defendants determine the Plaintiffs will need for trial.  The DeStefano Defendants' "belief" as to what documents Plaintiffs will need for trial is entirely immaterial and does not comply with or override the Court's March 20, 2020 Order that Defendants produce all of the documents they previously produced in the related class and opt out actions.  In addition the DeStefano Defendants raised or attempted to raise this same argument at the March 19, 2020 Discovery conference, which this Court promptly rejected out of hand.

The DeStefano Defendants also try to excuse their failure to comply with the Court's March 20, 2020 Order by mischaracterizing the Court's Order.  For example, the DeStefano Defendants claim that the Court's March 20, 2020 Order only requires the DeStefano Defendants to produce any documents they previously produced in the related actions that weren't already included as exhibits to depositions the Defendants produced.  Specifically, the DeStefano Defendants state "Essentially, ¶ 1 of the Order required the Defendants to produce additional documents other than the 1000+ deposition exhibits that Defendants had already produced […] by April 1st."  But this is not what the Court ordered.  By mischaracterizing the Court's Order in this manner, the DeStefano Defendants think they can comply with the Court's Order by merely confirming that their searches did not turn up the additional documents beyond what was attached in the deposition exhibits (rather than actually producing the documents the Court

ordered them to produce). But that is not what the Court ordered. The Court ordered the Defendants to produce all documents previously produced in the related class and opt out actions, which the DeStefano Defendants have failed to do.

Now, it is known that the DeStefano Defendants compiled, bates stamped and produced thousands of documents in the related class and opt out cases that they have failed to produce here. Merely claiming that their searches have not turned up any additional documents does not comply with the Court's Order.

The DeStefano Defendants also claim that that "nearly all of the missing bates ranges correspond to sales data the defendants produced and that Defendants have not found any documents with the so-called missing bates prefixes except the sales records produced to Plaintiffs' Counsel by Edgeworth." Br. p. 5. However, Plaintiffs have reviewed the Edgeworth data that the DeStefano Defendants produced and none of that data production is stamped with the missing bates labels and thus does not contain the missing bates labeled documents. Moreover, the Trial Exhibit List indicates that most of the missing bates ranges that Defendants failed to produce here do not relate to data, but instead mostly refer to emails, presentations, charts detailing Supply Control assessments levied on EMMC members, bills and invoices, financial statements, EMMC membership agreements, EMMC policies, etc.[2]

---

[2] *See* e.g. Trial Exhibit List which includes the following representative examples:

- PTX-014: AMC-GM-0253 - AMC-GM-257 (United Mushroom Farms Cooperative, Inc Member Contract);
- PTX-65: AMC-GM-0040 - AMC-GM-0052 (Eastern Mushroom Marketing Cooperative Membership Agreement and Certificate of Membership);
- PTX-092: AMC-GM-00666 - AMC-GM-000674 (Addendum/Endorsement to Agreement of sale);
- PTX-159: AMC-GM-0090 - AMC-GM-0091 (2/20/2005 E-mail re Membership Meeting and EMMC Executive Committee Agenda);
- PTX-271: AMC-CF-0187 - AMC-CF-0200 (12-06-2005 – EMMC Policies);
- PTX-329: AMC-CFSupp-00012045 - AMC-CFSupp-00012049 (Invoices/Bills to Creekside);
- PTX-378: AMC-GM-0218-0219 and AMC-GM-0210-0237 (2-22-2005 EMMC Membership Presentation);
- PTX-423: AMC-PHI-00148 - AMC-PHI-00150); (Certificate of Incorporation for Phillips Mushroom

Thus, the DeStefano Defendants' explanation that the missing bates ranges are encompassed in the data is neither accurate or believable, intended to further delay and obstruct, or at worst, a mischaracterization of the missing documents.

Here, the DeStefano Defendants have failed to produce a substantial portion of their documents previously produced in the related class and opt out actions. Unfortunately, neither Plaintiffs or this Court presently have any way of knowing the total documents the DeStefano Defendants previously produced in the related class and opt-out cases. Thus, to comply with the Court's Order, the DeStefano Defendants should be required to produce all the documents that they previously produced in the related class and opt out actions and confirm that all of those bates labeled documents and any non-bates documents that may have been produced were produced to Plaintiffs here.[3]

### 2. All Defendants Have Failed To Produce Any Documents That Specifically Relate To The Winn-Dixie Plaintiffs And Have Failed To Disclose Any Details Regarding Their Searches.

In their Motion to Enforce the Court's Orders, Plaintiffs informed the Court that no Defendant has supplemented their production with any "documents relating specifically to the

---

Farms, Inc.);
- PTX-424: AMC-PHI-00151 - AMC-PHI-00151); (Phillips Mushroom Farms, Inc. Certificate of Shares);
- PTX-436: AMC-PHI-00273 - AMC-PHI-00274 (2003 EMMC Historical Member Sales);
- PTX-449: AMC-PHISUPP-00001081 (Invoice Supply Control Assessment);
- PTX- 518: AMC-GM-0086 (E-mails re Elite contact);
- PTX-527: AMC-GM-102 - AMC-GM-103 (Emails re membership agreements);
- PTX-558: AMC-EMMCSupp-0010 (Chart Detailing EMMC Member's Supply Control Assessments);
- PTX-602: AMC-GM-0262 (7/22/2005 Email re draft EC Agenda 072605);
- PTX-611: AMC-BrownstownSUPP-00004282 - AMC-BrownstownSUPP-0004298 (To-Jo Mushroom Report For Growers);
- PTX-620: AMC-GaspariSUPP-00000059 - AMC-GaspariSUPP-00000071 (Gino Gaspari & Sons – Statement of Assets, Liabilities and Equity as of June 30, 2005 and 2004);
- PTX-626: AMC-OakshireSUPP-00002213 - AMC-OakshireSUPP-2222 (Oakshire Mushroom Farm, Inc. Financial Statements); and
- PTX-771: AMC-CF-0185 - AMC-CF-0186 (12/6/2005 - SWG Policy Development: Draft Non-Compete);

[3] Defendants should also be required to produce complete sets of their prior productions in bates labeled order as Plaintiffs should not have to search through every deposition exhibit they need to find a specific document. In addition, Plaintiffs are entitled to copies of the Defendants' documents without deposition exhibit stickers on them.

Winn-Dixie Plaintiffs including price lists, negotiations, communications and contracts relating to the sale or potential sale of mushrooms to the Winn-Dixie Plaintiffs," as ordered by the Court on April 2, 2020.

On information and belief, the only Defendants that were even asked to search for responsive documents were Modern and Monterey as nearly all the other defendants claim that they did not sell mushrooms to the Plaintiffs. However, Plaintiffs never agreed that Defendants could limit their search for responsive documents relating to Winn-Dixie and Bi-Lo to just two Defendants, as there is evidence here of a customer allocation conspiracy by Defendants. Thus, documents from Defendants that did not sell to Winn-Dixie or Bi-Lo are relevant to determine whether those Defendants (1) were solicited by Winn-Dixie or Bi-Lo or vice-versa to sell to Winn-Dixie or Bi-Lo, (2) submitted any proposals or bids to Winn-Dixie or Bi-Lo, and (3) communicated to Winn-Dixie or Bi-Lo in connection with (1) or (2).

Therefore, it appears that most Defendants did not even bother to search for responsive documents relating to the Plaintiffs despite the relevance of the documents. Indeed, the DeStefano Defendants admit that only Modern and Monterey were requested to search for responsive documents. While both Defendants responded that they did not find any responsive documents, they failed to provide any details regarding their searches, despite Plaintiffs' numerous requests for this information, including what sources and files were searched, which custodians were interviewed in connection with the searches, what search terms were used, etc. In their response brief, counsel for the DeStefano Defendants state for the first time "we asked them to search all of their electronic and paper files for these documents and after conducting the search, they reported that they had none." The DeStefano Defendants further state that "This was not surprising in light of the fact that the relevant time-period began nearly 20 years ago and

ended 11 years ago." However, notwithstanding the DeStefano Defendants comments, the direct purchaser class action was filed during the pendency of the relevant time period in 2006. Accordingly, as Modern and Monterey both sold mushrooms to the Plaintiffs, these Defendants would have preserved relevant documents regarding the Plaintiffs, who were putative class members in the Class Action. Finally, it is simply not believable that Monterey and Modern do not have any documents relating to the Plaintiffs, especially since Monterey continues to sell to them to this day.

Therefore, all Defendants, especially Monterey and Modern, should be ordered to comply with this Court's prior Orders and produce documents relating to the Plaintiffs and to further detail the searches conducted, by affidavit from the person that searched for the documents, and that the searches included all documents, ESI, email servers and custodians.

### 3) Defendants Have Failed To Properly Answer Plaintiffs' Interrogatories Or Comply With The Courts' Orders Of March 20, 2020 And April 24, 2020.

#### a. Defendant Franklin

In Plaintiffs' Supplement to its Motion to Enforce (Dkt. 235), Plaintiffs argued that Defendant Franklin had failed to comply with the Court's April 24, 2020 Order by answering all of Plaintiffs' interrogatories by generally just referring Plaintiffs to the deposition of Mr. Meya. In Franklin's response filed on May 8, 2020 (at Dkt. No 241), Franklin attached a new supplemental interrogatory answer whereby Franklin lists page and line designations from Mr. Meya's testimony which Franklin contends provides answer to Plaintiffs' interrogatories. Once again, referring to deposition testimony without an affirmative interrogatory response, which can be read to the jury, if necessary, does not comply with Rule 33.

While Franklin claims that Plaintiffs are somehow trying to force Defendants to incur costs in responding to discovery, it was Franklin and the other Defendants that took the baseless

9

position that answers to interrogatories were not required in this case and then, after being compelled by the Court to properly answer Plaintiffs' interrogatories, nearly every single Defendant improperly referred Plaintiffs to their entire Document productions or to entire deposition transcripts. Thus, it is Franklin and the other Defendants that have forced Plaintiffs to incur significant time and expense just to obtain even the most basic discovery responses.

### b. Defendant M.D. Basciani

Plaintiffs pointed out in their supplement to their Motion to Enforce, that while M.D. Basciani's supplemental interrogatory response identified specific documents, M.D. Basciani continued to rely on Mike Basciani Sr.'s claim that he could not recall any responsive oral communications. However, Plaintiffs pointed out that Mike Basciani Sr. previously testified regarding numerous oral communications he had with other Defendants regarding minimum mushroom pricing, proposed sales to others and/or other key topics. *See* Dkt. No. 235.

M.D. Basciani responded that Plaintiffs waived this argument by not raising it in their initial motion. But Plaintiffs raised it immediately after M.D. Basciani's provided its amended interrogatory response on May 1, 2020 that failed to identify any documents that provided information regarding oral communications. It is at this point, once M.D. Basciani failed to identify any documents that mentioned or discussed oral communications that it became clear that M.D. Basciani's response was deficient regarding oral communications and Plaintiffs appropriately raised the issue at that time.

### c. DeStefano Defendants

The DeStefano Defendants' supplemental interrogatory response states that there were verbal communications between EMMC members regarding the minimum pricing policies, the supply control program adopted by the EMMC and potential or proposed prices for the sale of

mushrooms to any person, but the DeStefano Defendants failed to provide any further details regarding these key relevant oral communications. In addition, Plaintiffs pointed out that the documents the DeStefano Defendants identified in response to Plaintiffs' interrogatories were limited to deposition exhibits, which is a self-imposed limitation that this Court has rejected.

In response, the DeStefano Defendants claim that they raised objections to Plaintiffs' interrogatories regarding oral communications. However, as previously pointed out by Plaintiffs, the appropriate time to raise objections was in the fall of 2019 when the responses were due, not after the Court ordered the Defendants to answers these interrogatories. Accordingly, the DeStefano Defendants should be required to supplement their responses to provide available details regarding the oral communications that the DeStefano Defendants admit occurred.

### d. Defendant Creekside

In their supplemental brief, Plaintiffs argued that Creekside's supplemental response sets forth excuses for why Creekside cannot respond, including that it does not have access to Creekside's then-employees. Once again, this is not an excuse to search for documents relating to the Plaintiffs. Creekside nowhere indicates that it even attempted to contact former employees to determine where their documents might be, either at Creekside or in the possession of the former employees. Creekside should be ordered to do so.

In addition, Creekside indicates that it objected to interrogatory No. 8 because Plaintiffs are purportedly well aware that Creekside never sold mushrooms to Plaintiffs. However, as noted above, even if Creekside never sold mushrooms to the Plaintiffs, due to the customer allocation scheme engaged in by Defendants, documents from Defendants that never sold mushrooms to Plaintiffs are relevant. Moreover, an email to Plaintiffs' counsel denying Creekside ever pursued the sale of mushrooms to Plaintiffs is no substitute for a sworn

interrogatory answer. If Creekside wants to deny that it ever sold mushrooms to the Plaintiffs or even pursued the sale of mushrooms to Plaintiffs, Creekside should so state in its interrogatory response, not in an email to Plaintiffs' counsel.

### 4) Defendants' Delay And Failure To Comply With This Court's Orders And With Their Discovery Obligations, As Well As The Continued Impact Of The Coronavirus, Justify An Extension Of The Case Schedule For 60 Days.

As noted above, and as is evident from Plaintiffs' numerous motions to compel and related briefs, the Defendants have resisted complying with this Court's prior Orders and Plaintiffs' discovery requests at nearly every turn. Moreover, the DeStefano Defendants incorrectly claim that they have promptly complied with all the Court's discovery orders when they took over a month to produce additional documents after the April 1, 2020 deadline that this Court set forth in its March 20, 2020 Order. In addition, they still have failed to produce documents the Court has ordered them to produce and failed to provide any details regarding their "searches." As pointed out above, and in Plaintiffs' other filings, the DeStefano Defendants, who comprise the majority of Defendants here and include the Defendants that sold mushrooms to Plaintiffs, have failed to produce at least thousands of pages of documents that they produced in the related Class and opt out litigation. They have also failed, along with every other Defendant, to produce and adequately search for any documents relating to Plaintiffs here. Finally, the DeStefano Defendants concede that at least a 30 day enlargement of the case schedule is necessary.

Given the DeStefano Defendants' failure to produce the majority of their related productions in the class and opt cases, and their reluctance to even acknowledge that these documents have not yet been produced, a 60 day extension of the schedule is needed so that Defendants can finally comply with this Court's prior Orders and allow Plaintiffs time to review

12

Defendants' discovery once it has all been produced and, finally, to schedule and take the necessary depositions in this case.

Finally, as this Court previously accepted when it granted Plaintiffs' prior motion to extend the case schedule, forcing Plaintiffs to take and defend depositions would unduly prejudice them because, due to the coronavirus situation,[4] Plaintiffs do not and would not have in person access to their employees and former employees, in order to prepare them for their depositions and to defend them in person at their depositions. For this additional reason, an extension of the case schedule is warranted.

Accordingly, Plaintiffs respectfully submit that a 60 day extension, as opposed to the 30 day extension the DeStefano Defendants concede is needed, is necessary here and will hopefully be the last extension needed.

**CONCLUSION**

For the reasons stated above and in their opening brief, Plaintiffs respectfully request that this Court enter an order compelling Defendants to comply with its prior Orders and to produce all documents produced in the prior class and opt out cases, provide an index of those documents, and produce and adequately search for all documents relating to the Plaintiffs, and extending the case schedule for 60 days.[5]

---

[4] At the time of filing, coronavirus cases are still peaking in Illinois, which recorded new 2,325 cases, where Plaintiffs' counsel resides, and in Pennsylvania, which recorded new 1,215 cases.

[5] Plaintiffs also request that this Court impose dates on Defendants for complying with whatever relief it orders.

Dated: May 10, 2020

                                        Respectfully submitted,

                                        */s/ Patrick J. Ahern*
                                        Patrick J. Ahern
                                        Theodore B. Bell
                                        AHERN AND ASSOCIATES, P.C.
                                        8 South Michigan Avenue
                                        Suite 3600
                                        Chicago, Illinois 60603
                                        Tel: (312) 404-3760
                                        patrick.ahern@ahernandassociatespc.com

                                        ***Counsel for Plaintiff Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC***