UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| WINN-DIXIE STORES, INC. and BI-LO HOLDINGS, LLC.,<br><br>Plaintiffs,<br><br>v.<br><br>EASTERN MUSHROOM MARKETING COOPERATIVE, INC., et al.,<br><br>Defendants | No. 15-cv-6480<br><br>Related Action:<br>Master File No. 06-cv-0620 |

## [PROPOSED] O R D E R

**AND NOW**, this _____ day of _____, 2020, upon consideration of Plaintiff's PLAINTIFFS MOTION TO ENFORCE PRIOR COURT ORDERS AND TO EXTEND THE REMAINING CASE SCHEDULE BY 60 DAYS (Dkt. No. 234), and all responses and replies to the motion, it is hereby **ORDERED** as follows: Plaintiffs' Motion is GRANTED:

1) The DeStefano Defendants shall comply with this Court's March 20, 2020 Order in full and produce each and every document produced in the class and opt out cases, within seven (7) days of this Order.

2) Within seven (7) days of this Order, each Defendant shall identify all documents it previously produced in discovery in the related Class and Opt-out Actions in Master File No. 06-cv-0620 *In Re: Mushroom Direct Purchaser Antitrust Litigation* (Civ. A. No. 6-620), *Publix Super Markets, Inc. v. Eastern Mushroom Marketing Cooperative* (Civ. A. No. 6-932), and *Giant Eagle, Inc v. Eastern Mushroom Marketing Cooperative* (Civ. A. No. 6-3523). and produce a certification

1

that all such previously produced documents have been produced to Plaintiffs here within seven (7) days of this order.

3)    Within seven (7) days of this Order, any Defendant that is unable to truthfully so certify shall identify all documents it previously produced in the related Class and Opt-out Actions in Master File No. 06-cv-0620 that such Defendant has not produced to Plaintiffs in this action and produce a declaration explaining what efforts the Defendant made to produce such documents, why the Defendant has not been able to produce all such identified documents to Plaintiffs in this action, and each such Defendant shall, if requested, meet and confer with Plaintiffs regarding the Defendant's failure to produce the previously produced documents, and produce a document custodian for deposition.

4)    Within seven (7) days of this Order, each Defendant shall produce all documents relating specifically to the Winn-Dixie Plaintiffs including price lists, negotiations, communications and contracts relating to the sale or potential sale of mushrooms to the Winn-Dixie Plaintiffs. If a Defendant claims it does not have any responsive documents the Defendant will so certify and each such Defendant shall, if requested, meet and confer with Plaintiffs regarding the details of Defendant's searches including how the search was conducted, what files, databases, drives and/or servers were searched, when the search was conducted, who conducted the search, what search terms were used, if any, and which custodians were interviewed, and produce a document custodian for deposition.

5)    Defendants shall supplement their responses to interrogatories with any additional responsive information known or available to the Defendants regarding oral communications in response to Interrogatory Nos. 4, 6, 7, 9, and 10, within seven (7) days of this Order.

6)    The deadlines outlined in this Court's Scheduling Order dated March 23, 2020 are revised and amended as follows:

a. All Fact Discovery: July 20, 2020

b. Plaintiffs' Rule 26(a)(2) Expert Reports: August 17, 2020

c. Defendants' Rule 26(a)(2) Expert Report: September 7, 2020

d. All Expert Rule 26(a)(2) Rebuttal Reports: October 5, 2020

e. Daubert Motion Deadline: November 2, 2020

f. Daubert Motion Response Deadline: December 2, 2020

g. Daubert Motion Reply Deadline: December 22, 2020

h. Summary Judgment Motion Deadline: January 6, 2021

i. Summary Judgment Response Deadline: February 5, 2020

j. Summary Judgment Reply Deadline: February 19, 2020.

IT IS SO ORDERED.

BY THE COURT:

_____
The Honorable Berle M. Schiller