IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

|  |  |  |
|---|---|---|
| WINN-DIXIE STORES, INC. and BI-LO HOLDINGS, LLC | : : : : | |
| Plaintiffs v. | : : : | No. 5:15-cv-06480-BMS |
| EASTERN MUSHROOM MARKETING COOPERATIVE, INC., *et al.* | : : : : | |
| Defendants | : : | |

_____

**DEFENDANT M. CUTONE MUSHROOM CO., INC.'S RESPONSE
TO PLAINTIFFS' MOTION TO ENFORCE PRIOR COURT ORDERS**

Defendant M. Cutone Mushrooms Co., Inc. ("Cutone") responds to Plaintiffs' Motion to Enforce Prior Court Order and to Extend the Remaining Case Schedule by 60 Days (Dkt. No. 234) (the "Motion" or "Mot."), as well as the Supplement to Plaintiffs' Motion to Enforce Prior Court Order and to Extend the Remaining Case Schedule by 60 Days (Dkt No. 235) (the "Supplemental Brief" or "Supp. Br.").

**I.      INTRODUCTION AND BACKGROUND**

Plaintiffs' motion focuses on the asserted failure of Defendants to comply with the Court's Order of April 24, 2020 directing the submission of supplemental responses to certain of Plaintiffs' interrogatories. Two days later, on Sunday night, April 26, Plaintiffs' counsel sent an email chiding Defendants for not having advised him when they would serve supplemental responses. Mot. Ex. 5.

While counsel for Cutone did not immediately respond, Counsel for the most of the other defendants did and further response from Cutone would have been duplicative and was

unnecessary. Rather than responding to counsel for the defendants, counsel for Plaintiffs filed his Motion with the Court the following Friday evening, with no specific reference to Cutone, and then "supplemented" it on Monday with an argument that Cutone's responses were improper. Supp. Br. 2. Plaintiffs' counsel now asks the Court to force Cutone to do Plaintiffs' work for them by identifying where in the transcript of the deposition of Cutone's corporate designee, the answers to the interrogatories in question would be found. Counsel does so even though this Court's prior orders only required the identification of the bates stamped documents and not the pages of transcripts where responsive deposition testimony would be found.

Cutone produced only 18 pages of documents, which had previously been produced in the Class Action and prior opt out cases. Cutone has certified that it possesses no other responsive documents, and that it produced no other documents in the earlier litigation. Unlike the larger growers, and the growers who were members of the EMMC for longer periods, Cutone has very little information relevant to the dispute and responsive to Plaintiffs' discovery.

Nonetheless, Cutone will, under separate cover, identify the pages of the deposition transcript of its corporate designee, Michael Cutone, where answers responsive to the interrogatories at issue can be found. This will be completed no later than close of business on Monday, May 11, 2020. This will be completed even though the April 24 Order does not require it.

Plaintiffs seek to raise the costs associated with discovery and discovery motion practice to put pressure on defendants to settle. They also have received a mountain of discovery that they clearly have not taken the time to review and absorb, because had they reviewed the transcripts and documents already produced, they would have already engaged an expert and advanced the case rather than waste time and money in these contentious, burdensome and unnecessary

discovery dispute. Further, had they reviewed the materials already provided, they would have recognized that they have all of the information they need and they would not need the extra time they now seek. The COVID-19 crisis did not prevent Plaintiffs from taking any necessary depositions, it did not prevent them from reviewing the mountains of discovery produced, it did not prevent them from engaging an expert to determine what, if anything might be missing that might require a limited discovery dispute, rather than waiting for the resolution of these senseless discovery disputes before undertaking any of that work. It is therefore respectfully requested that the court refuse to reward this behavior by extending long established deadlines.

II.   **ARGUMENT**

    A.   **Cutone did not sell mushrooms to Plaintiffs, and as such, has no documents related to price lists, negotiations, or contracts related to the sale or potential sale of mushrooms to the Winn-Dixie Plaintiffs, nor did it have any such communications**

Plaintiffs argue that "Defendants have not produced any documents specifically relating to the Winn-Dixie Plaintiffs as ordered by the Court on April 2, 2020, including, but not limited to price lists, negotiations, communications and contracts relating to the sale or potential sale of mushrooms to the Winn-Dixie Plaintiffs." Plaintiffs must concede that they have never purchased mushrooms from Cutone. Cutone did not participate in any negotiations with Plaintiffs or discuss sales to Plaintiffs with any other defendant. Cutone has no responsive documents to produce on this subject, a fact known to the Winn-Dixie Plaintiffs.

While Plaintiffs' arguments regarding the completeness of document and data Production from the related class action and opt-out cases appear to be directed at other defendants, it appears that Plaintiffs criticize all defendants for the absence of a certification that they conducted a thorough search to confirm that no Winn-Dixie related documents exist. This argument is absurd in the extreme. The Winn-Dixie Plaintiffs know as well as Cutone that Cutone

never made a sale to the Winn-Dixie Plaintiffs. Nonetheless, for the sake of clarity and to remove any doubt, Cutone confirms that its production is complete and it possesses no documents relating to sales to the Winn-Dixie Plaintiffs. Further, Cutone confirms and Plaintiffs cannot contradict that Cutone has produced all documents and data previously produced in the related class action litigation and opt-out cases.[1]

### B. Cutone's Additional Supplemental Interrogatory Responses comply with the Court's April 24, 2020 Order

Cutone provided all of the documents it has in its possession and that it produced in the Class and prior opt-out cases. None of them were responsive to the interrogatories so none of them were required to be referenced by bates stamp number in Cutone's supplemental response to interrogatory by the Court's April 24, 2020 Order. Even though the court did not order it to do so, Cutone will now provide page references in the transcript of the deposition of Michael Cutone where responses to the interrogatories are found.

---

[1] The only caveat is that one page of Cutone's document production, bates stamped Cutone 0008, cannot be located.

### III. CONCLUSION

For the reasons stated above, Defendant Cutone respectfully requests that the Court deny Plaintiffs' Motion to Enforce Prior Court Orders and to Extend the Remaining Case Schedule by Sixty (60) Days.

Respectfully submitted,

**LITCHFIELD CAVO LLP**

BY: __/s/   *Joel I. Fishbein, Esquire*__
Joel I. Fishbein, Esquire
PA Id. No. 57550
1515 Market Street, Suite 1220
Philadelphia, PA 19102
215-557-0111 (Office)
215-999-5771 (Direct)
267-679-2462 (Cell)
215-557-3771 (Fax)
fishbein@litchfieldcavo.com

Date:  May 11, 2020

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re:   MUSHROOM DIRECT PURCHASER ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

WINN-DIXIE STORES, INC., *et al.*

     Plaintiffs

  v.   Civil Action No. 15-CV-6480

EASTERN MUSHROOM MARKETING COOPERATIVE, INC., *et al.*

     Defendants

_____

## CERTIFICATE OF SERVICE

  I, Joel I. Fishbein, Esquire, attorney for Defendant, M. Cutone Mushroom Co., Inc., hereby certify that a true and correct copy of the foregoing, Defendant, M. Cutone Mushroom Co., Inc.'s Response to Plaintiffs' Motion to Enforce Prior Court Orders and to Extend the Remaining Case Schedule by Sixty (60) Days, was served via the Court's Electronic Filing System (ECF) and Email, for review to all Counsel of record for all parties.

               **LITCHFIELD CAVO LLP**

              BY:  */s/   **Joel I. Fishbein, Esquire***
                 Joel I. Fishbein, Esquire
                 PA Id. No. 57550
                 1515 Market Street, Suite 1220
                 Philadelphia, PA 19102
                 215-557-0111 (Office)
                 215-999-5771 (Direct)
                 267-679-2462 (Cell)
                 215-557-3771 (Fax)
                 fishbein@litchfieldcavo.com

Date:  May 11, 2020