UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | x | |
|---|---|---|
| **WINN-DIXIE STORES, INC. and BI-LO HOLDINGS, LLC.** | : | No. 15-cv-6480 |
| | : | |
| Plaintiffs, | : | Related Action: |
| | : | Master File No. 06-cv-0620 |
| v. | : | |
| | : | |
| **EASTERN MUSHROOM MARKETING COOPERATIVE, INC., et al.,** | : | |
| | : | |
| Defendants | : | |
| | : | |
| | x | |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO STAY DEFENDANTS' PREMATURE MOTION FOR SUMMARY JUDGMENT OR CONFORM IT TO THE CURRENT CASE SCHEDULE OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO RESPOND**

Now comes' Plaintiffs Winn-Dixie Stores, Inc and Bi-Lo Holdings and for their reply in further support of their Motion to Stay Defendants' Premature Motion for Summary Judgment of Conform it to the Current Case Schedule, Or in the Alternative for Extension of Time to Respond, the Plaintiffs state as follows.

The current briefing schedule for summary judgment, as amended, is currently as follows:

- Summary Judgment Deadline: November 6, 2020
- Summary Judgment Response Deadline: December 3, 2020
- Summary Judgment Reply Deadline: December 17, 2020

*See* Amended Scheduling Order at Dkt. No. 216.

The Defendants filed their respective motions for summary judgment against Bi-Lo Holdings on April 28, 2020 and April 29, 2020. At this time, Defendants failed to file any

1

Statement of Undisputed Facts in support of their respective motions contrary to this Court's requirements as set forth in Court's initial Scheduling Order of September 4, 2019 (Dkt. No. 169). Instead, two weeks later, on May 12, 2020, the Defendants finally filed what they purport is a statement of Undisputed Facts. In addition, in their response brief, Defendants claim that Plaintiffs are not allowed to take any discovery needed to respond to Defendants motions for summary judgment and concede that an extension of time is warranted for Plaintiffs to respond to their motions for summary judgment, most likely due to Defendants failure to file a statement of Undisputed Facts with their motions. However, the brief extension that Defendants propose, *i.e.* until June 8, 2020, still does not conform to the Court's Scheduling Order and is insufficient time to allow Plaintiffs to take and complete needed discovery on this issues raised by Defendants' premature motions for summary judgment.

### A. The Defendants Motions for Summary Judgment are premature and do not conform to the Schedule this Court set for Summary Judgment.

The Defendants erroneously claim that their motions for summary judgment are not premature. In making this argument, Defendants a) misconstrue the language of Rule 56(b), b) ignore the this Court's Scheduling Order that presently sets briefing on summary judgment for November and December of 2020, and c) cherry pick certain language from the 2009 Advisory Committee Notes, while failing to acknowledge relevant language in the same Advisory Committee Notes that actually refute Defendants' argument.

Defendants erroneously argue that Rule 56(b) provides Defendants with *carte blanche* to file their summary motions whenever they want. Defendants are wrong. Rule 56(b) states "Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." However, despite the Court's Scheduling Order that presently sets summary

judgment briefing for November and December of 2020 (Dkt. No. 216), the Defendants falsely claim "No local rule provides otherwise nor do any of the Court's prior Orders." By making this argument, the Defendants misrepresent not only the letter, and spirit, but also the clear intent of the Court's Scheduling Order setting summary judgment at the end of the case after both fact and expert discovery is completed. If the Court intended to allow summary judgment motions to be filed at any time, it would not have entered a Scheduling Order that included a specific briefing schedule for summary judgment motions after the close of fact and expert discovery as it did.

The Defendants also improperly selectively quote from the 2009 Advisory Committee Notes for Rule 56(b) to support their argument that despite this Court's Scheduling Order, they were free to proceed with summary judgment at this time. For example, Defendants only tell the Court that the 2009 Advisory Committee Notes provide that "The timing provisions for summary judgment are outmoded. . . . The new rule allows a party to move for summary judgment at any time, even as early as the commencement of the action. If the motion seems premature both subdivision [(d)] and Rule 6(b) allow the court to extend the time to respond.")

However, the Defendants apparently failed to read the rest of the 2009 Advisory Committee Notes which clearly indicate that Rule 56(b) only provides presumptive timing rules for summary judgment motions that may not only be altered by a Court order, but are expected to be superseded by specific scheduling orders entered in the case which are tailored to the needs of the case, like the Scheduling Orders entered by the Court here. In this regard, the Advisory Committee Notes regarding the 2009 Amendment to Rule 56(b), which the Defendants failed to apprise the Court of, actually further states:

> The <u>presumptive timing rules</u> [of Rule 56(b)] <u>are default provisions that may be altered by an order in the case</u> or by local rule. <u>Scheduling orders are likely to supersede the rule provisions in most cases, deferring summary-judgment motions until a stated time or establishing different deadlines. Scheduling orders tailored to the needs of the specific

3

> case, perhaps adjusted as it progresses, <u>are likely to work better than default rules. A scheduling order</u> may be adjusted to adopt the parties' agreement on timing, or <u>may require that discovery and motions occur in stages—including separation of expert-witness discovery from other discovery</u>.

*See* Fed. R. Civ. P. 56 Notes of Advisory Committee on 2009 Amendments. (Emphasis added).

Here, the Court has issued Scheduling Orders tailored to the specific needs of this complex antitrust case and scheduled fact discovery, expert discovery and summary judgment to occur in phases. The Defendants ignore the phased schedule set by this Court which obviously supersedes the default timing provision of Rule 56(d) and argue that because the Court used the word "deadline" when it set the summary judgment schedule for this case that the Defendants technically have not violated the Scheduling order by filing their partial motions for summary judgment before fact discovery has even closed and more than 6 months before the summary judgment schedule set by the Court. Accordingly, the Defendants' motions for summary judgment are premature and do not conform to the Court's phased Scheduling Order.

Moreover, while the Defendants concede an extension for Plaintiffs' response to summary judgment is warranted, the Defendants' suggestion of a June 8, 2020 response date is insufficient and will not allow Plaintiffs' sufficient time is conduct needed discovery. Plaintiffs propose that summary judgment briefing should be conformed to the schedule set by the Court's Scheduling Order, or alternatively until at least at least until 30 days after fact discovery is closed at the earliest.

### B. Plaintiffs need to conduct discovery in order to oppose the Defendants' Motion for Summary Judgment contrary to Defendants Argument.

Plaintiffs will need sufficient time to take and complete additional discovery to fully respond to the Defendants' premature motion for summary judgment. In their motion for summary judgment, Defendants claim that Bi-Lo Holdings lacks standing as it purchased

mushrooms from Defendants through C&S Wholesale Grocers, Inc. ("C&S") and that any assignment of claims from C&S to Bi-Lo is insufficient. As Plaintiffs pointed out in their motion, Defendants' claim they are entitled to summary judgment on these grounds is incorrect because Bi-Lo Holdings has standing under the cost plus exception to the direct purchaser rule.[1] Accordingly, in order to adequately respond to Defendants' motion for summary judgment, Plaintiffs will, need to take discovery regarding Bi-Lo's contract(s) with and mushroom purchases from C&S and whether those contracts and mushroom purchases satisfies the cost plus exception to the direct purchaser rule.  Plaintiffs will also need to take relevant discovery regarding C&S's purchases from and contracts with the Defendants relating to C&S sales to Bi-Lo, which Defendants have failed to produce.

Despite Plaintiffs' need to take relevant discovery on the key issues implicated by Defendants' motions for summary judgment, Defendants take the unreasonable and unsupported position that Plaintiffs should be denied the opportunity to take any discovery relating to Bi-Lo's purchase of mushrooms from C & S because it was a party to any such agreements entered into with C & S.  However, just because Bi-Lo contracted with C & S does not negate Bi-Lo's need to take discovery regarding its agreements with C & S.   If a party to agreement were prohibited from taking any discovery relating to any agreement it was a party to, then discovery would essentially be abolished in any case implicating any agreement, which simply not the case.

Here, the key issue raised by Defendants' motion for summary judgment is whether Bi-Lo has standing to pursue its claims against defendants arising from Bi-Lo's purchases of

---

[1] In *Hanover Shoe v. United Shoe Machinery Corp.*, 392 U.S. 481, 494 (1968), the Supreme Court recognized the "cost plus" exception to the rule barring "pass on" as a defense, which led to the adoption of the direct purchaser rule in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977). *See Hanover Shoe*, 392 U.S. at 494 ("We recognize that there might be situations -- for instance, when an overcharged buyer has a pre-existing 'cost plus' contract, thus making it easy to prove that he has not been damaged -- where the considerations requiring that the passing-on defense not be permitted in this case would not be present.").

Mushrooms from C & S.  Defendants well know that if Plaintiffs can establish that Bi-Lo's contracts with C & S satisfy the cost-plus exception to the direct purchases rule or raise material issues of fact regarding that issue, then Defendants motion for summary judgment will be denied. That's why the Defendants are trying to prevent Plaintiffs from obtaining any relevant discovery relating to the issues raised in Defendants motion.

Thus, rather than welcoming discovery regarding Bi-Lo's purchases from and contracts with C & S as well as Defendants sales of mushrooms to and contracts with C & S, so that the issues raised by Defendants on summary judgment can by decided on a complete factual record, the Defendants instead seek to prevent the Plaintiffs from taking any needed discovery of facts that Plaintiffs need to refute the legal arguments and factual issues implicated by Defendants' motions for summary judgment.

Likewise, the Defendants claim that Plaintiffs should be denied any discovery regarding whether C & S received notice of the class settlement and whether C & S sought to opt out from any class action settlements, which are facts that are not known or available to Plaintiffs, but needed by Plaintiffs to address the Defendants summary judgment motion.  Again, rather than welcoming discovery on these relevant factual issues that are directly implicated by Defendants' motions so that the issue can be decided on a full factual record, the Defendants again take the unreasonable and unsupported position that Plaintiffs should be prevented from taking any discovery regarding these issues.  Here, Defendants not only improperly seek summary judgment against Bi-Lo Holdings, but Defendants also seek to preclude Bi-Lo from taking any discovery needed to refute the factual and legal issues raised in Defendants' motions.

### C. Defendants Knowingly Delayed Raising the Issues relating to Bi-Lo's Purchases from C & S.

In their motion, Plaintiffs claim that Defendants inequitable delayed raising any standing issues regarding Bi-Lo' purchases of mushrooms from C& S despite Defendants' prior knowledge that Bi-Lo purchased mushrooms from Defendants through C&S learned in the related class action long before Plaintiffs filed suit here.  Defendants do not deny that they had knowledge that C&S purchased mushrooms from  Defendants through C&S.  Indeed, purchase data Defendants produced from the related class case show purchases to C&S/Bi-Lo.  Instead, the Defendants argue that it would have been futile for them to raise the C&S issue in their Rule 12 motions because Bi-Lo alleged in the Complaint that it was a direct purchaser of mushrooms from Defendants. While Defendants claim that this allegation was false, as noted above, Plaintiffs contend that Bi-Lo's purchases fall under the cost-plus exception of *Illinois Brick*, thus allowing Bi-Lo's purchases to be treated as direct purchases from Defendants.

Moreover, had Defendants raised the standing issue with respect to Bi-Lo in their Motions to Dismiss this Court would have likely allowed discovery on that threshold issue at that time.  Instead, the Defendants' kept this issue in their back pocket, failed to apprise the Court or the Plaintiffs that they intended to raise this issue in this case until filing their premature motions for summary judgment. Had Defendants properly raised this issue in their motion to dismiss or other earlier pleadings, Plaintiffs would have had an opportunity to take and complete discovery on the issues implicated by Defendants' motions for summary judgment, and could have dealt with the issues of whether C&S received notice of the class settlements or attempted to opt-out of the settlements.  Instead Defendants waited until discovery was set to close before raising these issues for the first time in the summary judgment motion and further improperly seek to prevent the Plaintiffs from taking any discovery on these issues.

While the Defendants concede that Plaintiffs should be granted a brief extension until June 8, 2020 to respond to Defendants' motions for summary judgment, this concession is insufficient to allow for the completion of the discovery Plaintiffs will need to respond to Defendants' motions. It also appears that the only reason that Defendants have offered this short extension is due to the fact that the Defendants failed to file their required Statement of Undisputed Facts until yesterday May, 12, 2020. Here, the Defendants, despite full knowledge of the C&S issue even before Plaintiffs filed their Complaint, waited to raise this issue in their motions for summary judgment on the tail-end of fact discovery and now seek to improperly preclude Plaintiffs from taking any discovery needed to refute the Defendants' arguments.

### D. In Light of All of the Circumstances Above, This Court Should Allow Plaintiffs an Extension of Time to Respond to Defendants' Premature Summary Judgment Motion, Until After Expert Discovery Is Closed, or in the Alternative, After Fact Discovery Is Closed.

In light of all of the circumstances above, this Court should allow Plaintiffs an extension of time to respond to Defendants' premature summary judgment motion, until after expert discovery is closed, or in the alternative, after fact discovery is closed. Specifically, as demonstrated above and in Plaintiffs' initial motion, Plaintiffs should be allowed time to take and complete discovery on the issues described above, especially whether Bi-Lo's contract and relationship satisfies the cost plus exception to the direct purchaser rule. In addition, it is possible that expert discovery may be needed on this same issue. Therefore, Plaintiffs should be allowed an extension of time to respond to Defendants' premature summary judgment motion until expert discovery is closed, or, at least until 30 days after fact discovery is closed.

### E. Conclusion

Therefore, for all of the above reasons, Plaintiffs respectfully request this Court to grant Plaintiffs' motion to stay Defendants' premature motion for summary judgment, or to conform

the motion for summary judgment to the current case schedule, and in the alternative, for an extension of time to respond to the motion.

Dated: May 13, 2020

                                        Respectfully submitted,

                                        */s/ Patrick J. Ahern*
Patrick J. Ahern
Theodore B. Bell
AHERN AND ASSOCIATES, P.C.
8 South Michigan Avenue
Suite 3600
Chicago, Illinois 60603
Tel: (312) 404-3760
patrick.ahern@ahernandassociatespc.com
***Counsel for Plaintiff Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC***