IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WINN-DIXIE STORES, INC. and BI-LO HOLDINGS, LLC,** : <br> : <br> Plaintiffs, : <br> v. : <br> : <br> **EASTERN MUSHROOM MARKETING COOPERATIVE, INC.,** *et al.*, : <br> : <br> Defendants. : | No. 5:15-cv-06480-BMS |

**[PROPOSED] ORDER**

**AND NOW**, this _____ day of _____, 2020, upon consideration of Certain Defendants' Motion for Leave to File Sur-Reply in Further Opposition to Plaintiffs' Motion to Enforce Prior Court Orders and to Extend the Remaining Case Schedule by 60 Days, it is hereby **ORDERED** that the Motion for Leave to File Sur-Reply is **GRANTED**.

Defendants' Sur-Reply shall be considered in further opposition to Plaintiffs' Motion to Enforce Prior Court Orders and to Extend the Remaining Case Schedule by 60 Days. (Dkt. No. 234)

BY THE COURT:

_____
SCHILLER, J.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WINN-DIXIE STORES, INC. and BI-LO HOLDINGS, LLC,** : <br>                             **Plaintiffs,** : <br>                                **v.** : <br> **EASTERN MUSHROOM MARKETING COOPERATIVE, INC.,** *et al.*, : <br>                             **Defendants.** : | No. 5:15-cv-06480-BMS |

## CERTAIN DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE PRIOR COURT ORDERS AND TO EXTEND THE REMAINING CASE SCHEDULE BY 60 DAYS

Certain Defendants[1] hereby file this Motion for Leave to File Sur-Reply in Further Opposition to Plaintiffs' Motion to Enforce Prior Court Orders and to Extend the Remaining Case Schedule by 60 Days ("Motion to Enforce") (Dkt. No. 234). In support of their Motion, Certain Defendants incorporate their Sur-Reply in Opposition to Plaintiffs' Motion to Enforce, attached.

Respectfully Submitted

/s/ William A. DeStefano
William A. DeStefano
Terri A. Pawelski
Matthew C. Brunelli
STEVENS & LEE
1818 Market Street, 29th Floor
Philadelphia, PA 19103
Phone: (215) 751-1941
*Attorneys for Certain Defendants*

---

[1] Certain Defendants are: Eastern Mushroom Marketing Cooperative, Inc.; Robert A. Feranto, Jr., t/a Bella Mushroom Farms; Brownstone Mushroom Farms, Inc.; To-Jo Fresh Mushrooms, Inc.; Country Fresh Mushroom Co.; Gino Gaspari & Sons, Inc.; Kaolin Mushroom Farms, Inc.; South Mill Mushroom Sales, Inc.; Modern Mushroom Farms, Inc.; Sher-rockee Mushroom Farm, LLC; C&C Carriage Mushroom Co.; Oakshire Mushroom Farm, Inc.; Phillips Mushroom Farms, Inc.; Louis M. Marson, Jr., Inc.; Monterey Mushrooms, Inc.; John Pia; Giorgi Mushroom Co.; Giorgio Foods, Inc. and Forrest Mushrooms (collectively, "Certain Defendants").

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **WINN-DIXIE STORES, INC. and BI-LO HOLDINGS, LLC,**<br>                   **Plaintiffs,**<br>    v.<br>**EASTERN MUSHROOM MARKETING COOPERATIVE, INC.,** *et al.*,<br>                   **Defendants.** | No. 5:15-cv-06480-BMS |

**CERTAIN DEFENDANTS' SUR-REPLY MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE PRIOR COURT ORDERS AND TO EXTEND THE REMAINING CASE SCHEDULE BY 60 DAYS**

In what appears to be a transparent attempt to unduly prolong this case and escalate the cost of defense, the Winn Dixie Plaintiffs' Reply Memorandum (Dkt. No. 242) does nothing more than pejoratively rephrase some of the baseless arguments made in their original motion papers. (Dkt..Nos. 234 and 235). At the same time, the Winn Dixie Plaintiffs mischaracterize or ignore Certain Defendants' Response in Opposition to Plaintiffs' Motion (Dkt. No. 239) which clearly explained that Certain Defendants have fully complied with the Court's prior Discovery Orders. Thus-- taking a page from the colorful prose of former Chief Judge of the Third Circuit, Ruggiero Aldisert-- the Court might consider the Italian word Basta! to emphasize its denial of Plaintiffs' Motion.[2]

**I.    AGRUMENT**

In their Reply Memorandum, Plaintiffs first repeat their initial complaint that Certain Defendants did not produce <u>all</u> of the documents that they had previously produced to Class and

---

[2] Literally translated, the word basta means: "enough." However, it is often followed by an exclamation point to covey that the decision maker is fed up with pejorative or repetitive and or lame arguments.

3

Opt-Out Counsel in compliance with the Court's March 20th Order (Dkt. No. 210). Plaintiffs quibble that ¶1 of the Order used the word "all," but surely, the Court did not mean that Certain Defendants should re-produce the more than 1000 document that they previously produced to the Winn Dixie Plaintiffs in late September of 2019. Plaintiffs then proceed to refer to a list of about 800 potential trial exhibits produced to Defendants by Publix and Giant Eagle and point out that about 9 bates prefix numbers referred to on that list were not found in the recently supplemented document production by Certain Defendants. However, Plaintiffs ignore the prior advice by Defense Counsel that many of the so called missing bates prefix numbers contain sales data that had been previously produced to the Winn Dixie Plaintiffs by Edgeworth Economics (Certain Defendants Economic Expert Consultant) and that the copies of the remaining documents--in some instances with different bates prefixes--were among the more than 1000 documents produced to the Winn Dixie Plaintiffs in September 2019. Moreover, Certain Defendants previously advised Plaintiffs that--aside from the previously produced sales data and the previously produced 1000+ documents marked as exhibits to more than 65 deposition transcripts and finally the supplemental document production made on April 23rd —we were unable to find any additional documents that had been previously produced by Certain Defendants to Class Counsel or Counsel for the historic Opt-Out Plaintiffs.

      Second, in their Reply Memorandum, Plaintiffs repeat their complaint about there being an inadequate search for documents specifically pertaining to Winn Dixie as required by the Court's April 2nd Discovery Order (Dkt, No. 216) Yet, Defense Counsel had previously advised both Plaintiffs' Counsel and the Court that they requested the only Certain Defendants that sold or offered to sell mushrooms to Winn Dixie during the relevant time period to review their files for documents such as "price lists, negotiations, communication and contracts relating to the sale

or potential sale of mushrooms to the Winn Dixie Plaintiffs" (See Dkt. No. 216 at ¶ 2). They conducted this search and advised us that they could find no such documents dating back to the relevant time period which began nearly 20 years ago and ended more than 11 years ago. Moreover, as we pointed out in our Opposition Memorandum (Dkt. No. 239) this should not have been surprising to Winn Dixie's Counsel since their clients (Winn Dixie and Bi Lo) were unable to produce anything more than a single procurement agreement between Winn Dixie Procurement, Inc. and a non-defendant company (Oakshire Mushrooms Sales LLC) relating to mushrooms sales during the 2007-2010 time period.[3]

Plaintiffs' Counsel takes issue with the completeness of Certain Defendants' responses to Winn Dixie's Interrogators 4, 6, 7, 9 and 10 requesting the identification of "all communications" regarding various topics during a 20-year time-period from 2001 to the present. However, in response to these Interrogatories Certain Defendants repeated their previous well-founded objection to the over breath and burdensomeness of these Interrogatories, citing a decision in this District sustaining over-breath and burdensomeness objections to similar Interrogatories. However, without waiver of this well founded-objection, Certain Defendant's

---

[3] The Defendant in this case as well as well as the consolidated Class and Opt-Out cases, is Oakshire Mushroom Farm, Inc. ("OMF"). The entity who sold mushrooms to Winn Dixie between 2004 and 2008 was Oakshire Mushrooms Sales LLC ("OMS") which was organized in 2003 to sell mushrooms to supermarket chains--including Winn Dixie--under a license by the Dole Company, a national branded distributor of fruits, vegetables and other food products. As previously pointed out to the Winn Dixie's Counsel, OMS was not in existence when OMF joined the EMMC; was never a member of the EMMC; and thus, was not subject to and did not abide by any of the EMMC's policies and practices. Moreover, OMS was not named as a Defendant or Co-Conspirator in either the Class Action or historic Opt Out Complaints. Nor is it a Defendant in the case filed by the Winn Dixie Plaintiffs. Nevertheless, Certain Defendants inadvertently produced sales information for OMS (bundled in with OMF data) to the Class Plaintiffs and Class Plaintiffs' Expert used this information to do a separate regression analysis for Winn Dixie so we also produce the data to the Winn Dixie Plaintiffs. We also produced sales data for for the only other Certain Defendants who sold or offered to sell mushroom to Winn Dixie between the years 2001 and 2004--Modern and Monterey. We also reminded Counsel for the Winn Dixie Plaintiffs that their claims against OMF and potential claims against OMS, are subject to the exclusive jurisdiction of the United States Bankruptcy Court for the District of Delaware.

Counsel spend a large number of man-hours reviewing numerous documents already produced to Plaintiffs to provide Plaintiffs with a 7-page index identifying by bates number, numerous documents that contained or referred to "communications" between any of the Defendants including the EMMC regarding the specified topics. *See* Index attached to Certain Defendants Supplemental Answers to Interrogatories 4, 6, 7, 9, and 10. This is exactly what the Court instructed Defendants to do if they chose to answer the Interrogatories pursuant to Rule 33(d).[4]

Finally, Plaintiffs further reiterate their position that Defendants have not done enough to convince them that they have no additional responsive documents to produce. However, while Plaintiffs vociferously beat this drum, Plaintiffs provided no factual support or case law to support the proposition that they are entitled to the relief requested in their motion papers. Certain Defendants previously detailed the steps taken to locate responsive documents that culminated in multiple document productions to Plaintiffs. *See* Dkt. No. 239 at pp. 1-6.

## II. CONCLUSION

For the reasons stated in this Memorandum and in Certain Defendants' Opposition Memorandum, (Dkt. No. 239) we respectfully request that Plaintiffs Motion to Compel Compliance with certain portions of the Court's prior Discovery Order be emphatically, **DENIED**.

As to Plaintiffs' request for an extension of the Pre-Trial Schedule, we respectfully note our consent to a 30-day extension for the Parties to conduct the few video depositions necessary to gain additional discovery relating specifically to Winn Dixie's antitrust injury and damages, if

---

[4] Plaintiffs now, for the first time, claim that Certain Defendants' specific objections to these Interrogatories are, somehow, untimely. However, Plaintiffs' overlook that, as early October 31, 2019, Certain Defendants objected to Plaintiffs' Interrogatories on the grounds, *inter alia*, that they were overbroad and unduly burdensome. Since that time, Certain Defendants have reasserted that objection in each of their supplemental discovery responses.

any, that may or may not have occurred as a result of the allegedly unlawful activities of the EMMC and its member companies.

Respectfully Submitted

*/s/ William A. DeStefano*
William A. DeStefano
Terri A. Pawelski
Matthew C. Brunelli
**STEVENS & LEE**
1818 Market Street, 29th Floor
Philadelphia, PA 19103
Phone: (215) 751-1941

*Attorneys for Certain Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the attached Motion for Leave to File Sur-Reply and Certain Defendants' Sur-Reply in Opposition to Plaintiffs' Motion to Enforce Prior Court Orders and to Extend the Remaining Case Schedule by 60 Days was served on all counsel of record by filing same in accord with this Court's ECF system.

May 18, 2020

*/s/ William A. DeStefano*
William A. DeStefano