

DIRECT DIAL NUMBER:                                                                James J. Rodgers
(215) 575-7143                                                                     jrodgers@dilworthlaw.com

May 18, 2020

**Via Electronic Case Filing**

Honorable Berle M. Schiller
U.S. District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Room 13613
Philadelphia, PA  19106

Re:   **Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC v. Eastern Mushroom Marketing Cooperative et al., No. 5:15-cv-06480-BMS**

Dear Judge Schiller:

I represent Defendant Franklin Organic Mushrooms, Inc. ("Franklin"), but I submit this letter on behalf of all defendants, who have co-signed or have joined the pending Motion for Summary Judgment Against Plaintiff Bi-Lo Holdings, LLC ("the Motion"), on the ground that Bi-Lo lacks standing to maintain an antitrust claim in this case because it is an indirect purchaser of the allegedly price-fixed product.  This letter is in response to Docket No. 247, Plaintiffs' Response to Defendants' Motion for Leave to File a Sur-Reply in Further Opposition to Plaintiffs' Motion to Stay the Motion for Summary Judgment.

Plaintiff's Response came six hours after the docketing of your Order granting leave to file the Sur-Reply.  The opposition was coupled with a request to make yet another argument supporting their motion to delay consideration of the Motion.  Having claimed a need for discovery as a reason for delay, Plaintiffs were obligated to justify that claim as provided in Rule 56(d).  With their latest filing, Plaintiffs finally offer a declaration from Plaintiffs' counsel ("Ahern Declaration").  But that declaration does not show any need for discovery regarding the uncontested facts necessary to decide Defendants' Motion for Summary Judgment on the narrow issue of Bi-Lo's standing.

The standing issue is straightforward and does not require discovery.  In a Lewis Carroll moment, Bi-Lo states that its averment that it was a direct purchaser "encompassed any manner in which Bi-Lo was a direct purchaser, including the cost-plus exception."  But as Bi-Lo has admitted in written discovery, it purchased mushrooms only from C&S, a non-defendant.  Under

May 18, 2020
Page 2

no reasonable interpretation of the English language or case law was Bi-Lo a direct purchaser.[1] Bi-Lo was required to plead the basis for its entitlement to an exception to the *Illinois Brick* rule and, to survive summary judgment, it must present admissible evidence that creates a genuine issue for trial that it satisfies such an exception.

The "cost-plus" argument first raised by Plaintiffs in their motion to stay turns on whether or not there was a contract *between Bi-Lo and C&S* that fits the exception described in *Illinois Brick*. As a threshold matter, it is clear that all material information concerning the existence and content of any contract would be in the control of Bi-Lo and C&S, and Bi-Lo has the contractual right to obtain any such information from C&S.

The Ahern Declaration displays either a lack of understanding of, or an intention to misrepresent, the limits of the "cost-plus exception." This exception to the ordinary bar on claims by an indirect purchaser applies *only* where there exists a "*pre-existing, fixed-quantity cost-plus*" contract between the putative plaintiff *and his seller*, a direct purchaser from a defendant. *Mid-West Paper Prods. Co. v. Cont'l Grp., Inc.*, 596 F.2d 573, 577 nn.8–9 (3d Cir. 1976) (emphasis added). The exception is not met by an ongoing relationship between an indirect purchaser and a vendor on which there is a rule of thumb or customary markup applied, absent a contractual requirement for purchase of a fixed quantity. *Id.* 579–80 (affirming summary judgment after limited discovery where plaintiff's own testimony showed that his purchases were based on an informal cost-plus arrangement, where order quantities varied based on consumer demand; this was "not in accordance with the dictate of *Illinois Brick*"). The Supreme Court has reaffirmed the principle that the full amount of any overcharge may recovered only by the direct purchaser, even where it can be shown that the full amount of the overcharge was in fact passed on to the next level in the chain of distribution. *Kansas v. UtiliCorp United, Inc*., 497 U.S. 199, 216 (1990) (followed by *McCarthy*, 80 F.3d at 853).

Here, there is no dispute that (1) Bi-Lo purchased all of its mushrooms from C&S, and (2) C&S purchased mushrooms from only one defendant, Monterey. Bi-Lo now claims that its purchases from C&S were made pursuant to a cost-plus contract. So, if the information relied upon to establish such a fixed-quantity cost-plus contract was not under the control of Bi-Lo (which it is) and was under the control of the defendants or a third-party (which it is not), there might be some argument why discovery would be appropriate. Not only is the information identified in the Ahern Declaration under the control of Bi-Lo, however, but the information obtainable from C&S's supplier, Monterey, is irrelevant to establishing Bi-Lo's claim to standing. In fact, the U.S. District Court for the Southern District of Illinois dismissed an indirect-purchaser claim based on a contract specifically with C&S because the Court could not determine, based on C&S's contract with the plaintiff, "that C & S bore no portion of the overcharge and passed 100% of it onto" the plaintiff. *First Impressions Salon, Inc. v. Nat'l Milk Producers Fed'n*, 214 F. Supp. 3d 723, 729 (S.D. Ill. 2016); *see also Hosp. Auth. of Metro. Gov't*

---

[1] As the Third Circuit has stated, "Plaintiffs are no more direct purchasers of the hospital record photocopies at issue here than a passenger in a taxicab would be considered a direct purchaser of the gasoline used by the taxicab to carry the passenger to his destination. Moreover, even if a separate charge for gasoline were asserted, the taxi passenger still could not be considered a direct purchaser in any sense." *McCarthy v. Recordex Serv., Inc.*, 80 F.3d 842, 852 n.18 (3d Cir. 1996).

May 18, 2020
Page 3

*of Nashville v. Momenta Pharms., Inc.*, 244 F. Supp. 3d 705, 714–15 (M.D. Tenn. 2017) (dismissing indirect-purchaser claim where plaintiff failed to show fixed-quantity contract).

For example, the Ahern Declaration seeks contracts between Bi-Lo and the defendant who sold to C&S, as well as contracts between C&S and the defendant who sold to it. Also, it seeks communications between C&S and its supplier, between Bi-Lo and C&S's supplier, as well as communications between C&S and Bi-Lo. Aside from the fact that all of these documents would appear to be within Bi-Lo's control, none of them are material to the cost-plus claim, since it is the contract between Bi-Lo and C&S and its terms that matter, not some rule of thumb or customary markup that might exist between C&S and Bi-Lo or even more remotely between C&S and its mushroom supplier(s). Moreover, pricing information or communications between C&S and Monterey (which Bi-Lo already has) would be completely irrelevant to the standing claim that Bi-Lo is making. Therefore, the standing issue presents no need for discovery from any defendant or third party, and Plaintiffs' grievances about supposed deficient discovery responses by defendants have nothing to do with the standing issue addressed in the Motion.

The Ahern Declaration also asserts that there is a need for expert discovery. But this argument again is wide of the mark. While expert opinion will be required for Bi-Lo to prove any damages relating to purchases that qualify for an exception to *Illinois Brick*, no expert testimony will be necessary to prove whether or not the newly asserted cost-plus exception applies.

Finally, the Ahern Declaration claims that Bi-Lo needs discovery concerning C&S's intent when executing the Assignment, to rebut Defendants' argument based on the plain language of the Assignment that the Assignment did not in fact transfer any actual claim of C&S to Bi-Lo. This question would become material *only* if the Court decides that Bi-Lo may properly assert—in this case, outside of the class action—any claim that C&S assigned to it, notwithstanding that C&S did not opt out of the class. But even then, again, Bi-Lo is already entitled to any information that C&S has that could help its case.

There is no dispute on the material facts concerning Bi-Lo's standing, let alone a need for discovery before Bi-Lo responds to the substance of the Motion for summary Judgment.

Respectfully,

/s/ *James J. Rodgers*
James J. Rodgers

CC:   Counsel of record (via ECF system)