IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WINN-DIXIE STORES, INC., *et al.*, | : | |
|     Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EASTERN MUSHROOM MARKETING | : | |
| COOPERATIVE, *et al.*, | : | No. 15-6480 |
|     Defendants. | : | |

## Memorandum

**Schiller, J.**                                                                                                                 **June 29, 2020**

Winn-Dixie and Bi-Lo have moved to compel Defendants to produce additional documents in this antitrust litigation. For the following reasons, the Court will deny Plaintiffs' motion without prejudice to renew.

**I.    BACKGROUND**

Winn-Dixie and Bi-Lo have accused the Eastern Mushroom Marketing Cooperative, its members, and affiliated entities of colluding to raise the price of fresh agarics mushrooms in violation of antitrust law. Plaintiffs claim that, Defendants' unlawful collusion caused them to pay inflated prices for fresh agarics mushrooms "from January 2001 through the present[.]" (First Am. Compl. ¶ 1.)

On September, 4 2019, this Court issued a schedule that required the parties to complete fact discovery by Monday January 20, 2020 – a deadline the Court later extended to June 17, 2020. Plaintiffs served Defendants with a Request for Production of Documents on October 2, 2019 that demanded, among other things, "all Documents concerning your sale of Mushrooms to Plaintiffs." (Pl.'s Request for a Tel. Conference with the Court to Discuss Discovery Issues Prior to Filing Any Mots. to Compel as Previously Directed by the Court, Ex. 3 at 16.) Discovery disputes ensued

and on April 2, 2020, the Court clarified that Defendants were required to produce all "documents relating specifically to the Winn-Dixie Plaintiffs including price lists, negotiations, communications and contracts relating to the sale or potential sale of mushrooms to the Winn-Dixie Plaintiffs." *Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, 15-6480, ¶ 2 (E.D. Pa. Apr. 2, 2020).

On April 9, 2020, in response to the Court's Order, defense counsel represented to Plaintiffs that "[w]e will promptly produce any such documents that our clients are in possession of." (Pl.'s Mot. to Enforce Prior Court Order and to Extend the Remaining Case Schedule By 60 Days, Ex. 3, at 1.). In a follow-up email on April 23, 2020, defense counsel stated that "[w]e have also confirmed that our clients that had any sales or potential sales of mushrooms to Winn Dixie Plaintiffs during the relevant time period were Monterey and Modern . . . . we have asked Monterey and Modern to search their respective historical files for any additional documents that may be covered by ¶ 2 of Judge Schiller's April 2nd Order. They have recently responded that they have not found any additional documents regarding their sale or potential sale of mushrooms to the Winn Dixie Plaintiffs during the relevant time period[.]" (*Id*., Ex., 4 at 2.)

On May 1, 2020, Plaintiffs filed a motion asking this Court to enforce its April 2, 2020 Order, claiming "Defendants have not produced any documents specifically relating to the Winn-Dixie Plaintiffs[.]" (*Id*. at 4.) Plaintiffs asked this Court to order Defendants to comply with the Court's Order of April 2, 2020, and to order that any Defendant claiming it had no responsive documents "so certify", and "meet and confer with Plaintiffs regarding the details of Defendant's searches". (Pl.'s Reply Mem. in Supp. of Their Mot. to Enforce Court Orders and to Extend the Remaining Case Schedules By 60 Days, Proposed Order at 2.)

Numerous Defendants then asserted that they were not required to undertake any search for documents related to mushroom sales to Plaintiffs, as they had not sold mushrooms to Plaintiffs and therefore did not possess responsive documents. Two Defendants, however, Monterey Mushrooms and Modern Mushroom Farms, had sold mushrooms to Plaintiffs. With regard to Monterey and Modern, defense counsel stated that "we asked Modern and Monterey to search their files for any documents described in ¶ 2 of the Court's April 2 Discovery Order. . . . after conducting the search, they reported that they had none." (Certain Defs.' Resp. in Opp'n to Pls.' Mot. to Enforce Prior Court Orders and to Extend the Remaining Case Schedule By 60 Days, at 6.)

Following the parties' submissions, the Court asked for additional information about Monterey and Modern's search methodology. *Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, 15-6480, ¶ 5 (E.D.Pa. June 4, 2020). Defendants responded that "[f]ollowing the Court's Order of April 2, 2020 we contacted the CEOs of Monterey and Modern and requested that their IT and Sales Departments search the companies' electronically stored emails and other documents specifically pertaining to Winn-Dixie Plaintiffs." (Defs.' Letter, June 9, 2020, ECF No. 264.) Modern and Monterey "used the search terms Winn Dixie and/or Bi Lo in order to locate e-mails and/or other documents on the Monterey and Modern servers that specifically pertain to sales or potential sales to the Winn Dixie Plaintiffs" and "review[ed] any paper files that were maintained by their sales department employees for copies of e-mails and other documents[.]" (*Id.*) Defendants also contacted "the former salespersons for Monterey and Modern . . . responsible during the 2001-2008 time period for Modern and Monterey's mushroom sales to . . . Winn Dixie and Bi Lo . . . [and] requested each of the salespersons conduct searches of their historic sales files according to [the same methodologies]." (*Id.*) Defendants claim that "no e-mails or other documents were found

3

that specifically pertained to the sale or potential sale of mushrooms to the Winn Dixie Plaintiffs during the relevant time period." (*Id.*)

Following Defendants' explanation of their search methodology, Plaintiffs reiterated their claim that Defendants failed to follow the Court's Order of April 2, 2020, and that the Court should grant their motion to compel.

## II.   STANDARDS OF REVIEW

"[A] party may serve on any other party a request . . . to produce . . . any designated document or electronically stored information[.]" Fed. R. Civ. P. 34(a)(1)(A). "[I]f a document is requested and relevant, the requesting party is entitled to all non-identical copies." *Margel v. E.G.L. Gem Lab Ltd.*, Civ. A. No 04-1514, 2008 WL 2224288, at *5 (S.D.N.Y. May 29, 2008). However, "The Federal Rules of Civil Procedure do not impose a duty upon litigants to examine every scrap of paper in its potentially voluminous files in order to comply with its discovery obligations. Instead, the party must conduct a diligent search, which involves developing a reasonably comprehensive search strategy." *Velocity Press, Inc. v. Key Bank*, Civ. A. No. 09-520, 2011 WL 1584720, at *3 (D. Utah Apr. 26, 2011) (citing *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y.2006)).

When a litigant believes that another party has failed to comply with its obligations under Rule 34, Rule 37 provides a remedy. Under Rule 37, "[a] party seeking discovery may move for an order compelling . . . production . . .[if] a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). The burden is on the movant to show that the party from whom documents were requested either withheld relevant documents or failed to conduct a reasonable search. *Enslin v. Coca-Cola Co.*, Civ. A. No. 14-06476, 2016 WL 7013508, at *1 n.2 (E.D. Pa. May 13, 2016) ("The burden lies with the party requesting discovery to show that a

responding party's production of ESI was inadequate and that additional efforts are warranted."); The Sedona Conference, The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production. Principle 7 (2d ed.2007) ("The requesting party has the burden on a motion to compel to show that the responding party's steps to preserve and produce relevant electronically stored information were inadequate."). This burden is not trivial, as it is "[t]he producing party who is in the best position to determine the method by which they will collect documents. The producing party responding to a document request has the best knowledge as to how documents have been preserved and maintained*." Ford Motor Co. v. Edgewood Properties, Inc.*, 257 F.R.D. 418, 427 (D.N.J. 2009).

## III. DISCUSSION

Plaintiffs make three arguments for why Defendants have failed to satisfy their obligations under Rule 34 and this Court's Order of April 2, 2020. None clear the high bar necessary to obtain a motion to compel.

First, Plaintiffs argue that the Court should grant their motion because Defendants have failed to provide information about a range of topics that address the reasonableness of Defendants' search. These topics include Monterey and Modern's document preservation policies, the type of information stored on Monterey and Modern's servers, and the "hit counts" for the searches. Plaintiffs claim that Defendants' failure to provide such information justifies their motion.

The problem with Plaintiffs' argument is that it wrongly assumes the burden is on Defendants to provide enough information to prove their document search was reasonable. The burden, however, rests with Plaintiffs to show that Defendants' search was not reasonable. Plaintiffs cannot carry that burden by pointing to all the information they do not know about

5

Defendants' methodology. The mere absence of that information is not enough for a court to grant a motion to compel.

Second, Plaintiffs argue that, because they bought mushrooms from at least two Defendants, it simply cannot be the case that no Defendants have documents related to the sale of mushrooms to Plaintiffs. As a result, Plaintiffs reason, the fact that Defendants have produced no documents indicates that they either withheld relevant discovery or failed to conduct a reasonable search.

Here, Plaintiffs' argument is unavailing because they have not presented any evidence that affirmatively indicates that responsive documents exist. Rather, Plaintiffs' assert that, given past dealings between Plaintiffs and Defendants, there simply must be responsive documents that Defendants have withheld. Courts have consistently found such arguments insufficient to warrant an order to compel. *See Ford Motor Co.*, 257 F.R.D. at 428 ("The notion that a document production is insufficient based on a belief that documents must exist simply is not enough to grant a motion to compel[.]"); *Scott C. v. Bethlehem Area Sch. Dist.*, Civ. A. No. 00-642, 2002 WL 32349817, at *1 (E.D. Pa. July 23, 2002) (refusing to compel a party to conduct a further search for documents because the requesting party "ha[d] not pointed to any evidence" that the responding party had failed to conduct a reasonable search); *see also Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, Civ. A. No. 11-2684, 2014 WL 11516516, at *2 (D. Kan. Nov. 20, 2014) ("Sprint has presented no evidence suggesting that defendants' searches were not reasonable, but instead simply speculates that responsive documents must exist. Without any evidence of irregularity, however, the court's hands are tied—the court cannot compel the production of documents that have not been uncovered after a reasonable search."); *U.S. v. O'Keefe*, 537 F. Supp. 2d 14, 22 (D.D.C. 2008) ("[V]ague notions that there should have been more than what was

6

produced are speculative and are an insufficient premise for judicial action."). If judges were to grant motions to compel based entirely on litigants' suspicion that an adversary was withholding discovery, courts would likely find themselves constantly refereeing document production.

Plaintiffs' third argument is that Defendants' search for document was inadequate because: (A) the list of search terms was under-inclusive; and (B) defense counsel did not properly supervise the search. This argument is unavailing for the same reasons as those previous discussed – it does not come paired with any evidence that responsive documents actually exist.

In general, the producing party is in a far better position than the court to determine how to search for and collect documents. *See Ford Motor Co.*, 257 F.R.D. at 427. As a result, issues of search methodology are best worked out between the parties, as judges are in a poor position to decide such disputes. See *Saliga v. Chemtura Corp.*, Civ. A. No 12-832, 2013 WL 6182227, at *3 (D. Conn. Nov. 25, 2013). ("The court is loathe to decide the search terms to be used because the parties are far better positioned to do so."). This is especially true given that opposing parties will often find an adversary's search methodology lacking. As a result, a party's assertion that its adversaries' search methodology was unreasonable is virtually always insufficient absent some concrete evidence pointing to the existence of missing documents. *Russell v. Kiewit Corp.*, Civ. A. No. 18-2144, 2019 WL 2357525, at *3 (D. Kan. June 4, 2019) ("Plaintiff asserts that the search methods were 'inefficient and incomplete attempts to comply with discovery,' and that defendants 'impermissibly withheld' responsive documents. But plaintiff does not identify which documents remain withheld."). No such evidence is present here. Thus, the Court will deny Plaintiffs' motion to compel.

**IV.  CONCLUSION**

Plaintiffs' motion is denied without prejudice insofar as it seeks to compel Defendants to

produce additional documents. An Order consistent with this Memorandum will be docketed separately.